1  Norman La Force, State Bar #102772
   Fortune O'Sullivan & Hudson
2  560 Mission Street, 21st Floor
   San Francisco, CA 94105
3  (415) 227-2300

   ORIGINAL
   FILED

4
   DEC 0 7 2007
5  Attorneys for Defendant
   CB Richard Ellis, Inc. incorrectly
   sued herein as CB Ellison          RICHARD W. WIEKING
6                                     CLERK, U.S. DISTRICT COURT
                                      NORTHERN DISTRICT OF CALIFORNIA
7
                      E-filing
8
9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 CORNEALIUS LOPES, TERESA LOPES          Case No.:

                                           CV 07  6213 JL
13           Plaintiff,
                                           NOTICE OF REMOVAL OF ACTION
14      vs.                                PURSUANT TO 28 U.S.C. §1441(b)
                                           [Federal Question Jurisdiction]
15 FREMONT FREEWHEELERS; K&K
   INSURANCE, USA CYCLING NORHTERN
16 CALIFORNIA AND NEVADA CYCLING
   ASSOC. (NCNCA), ROBERT PARKER;
17 LAWRENCE UPTHEGROVE; LLOYD
   RATH; RICHARD BROCKIE, GARY
18 BIRCH, SALLY WILSON, JASON SAGE,
   TIM O'HARA, JEFF WRONG, JOSEPH
19 DALE WREN C.B.ELLISON, BRYAN
   SHEPPARD, LARRY NOLAN, STEVE
20 GRUSIS, LARRY ROSA FREMONT
   FREEWHEELERS RACE TEAM, LIND
21 BUFFETTI, JOE BAUGHMAN AND PETER
   ALLEN, FFBC RACE TEAM ALAMEDA
22 COUNTY DISTRICT ATTORNEY,
   NEWARK POLICE DEPT., CASEY
23 CARRINGTON, JIM DAVIS, ALAMEDA
   COUNTY SHARA MESIC DEPUTY D.A.,
24 LISA FARIA DEPUTY D.A. PETAGREW
   DEPUTY D.A.
25           Defendants.

26

27      TO THE CLERK OF THE ABOVE ENTITLED COURT:

28

                                    1

PLEASE TAKE NOTICE THAT Defendant /Petitioner CB Richard Ellis, Inc. incorrectly sued herein as CB Ellison hereby removes the state court action described below to this Court.

1. On November 2, 2007, plaintiff Cornelius Lopes, commenced an action in the Superior Court of the State of California for the County of Alameda entitled, Cornelius Lopes v. Fremont Freewheelers, et al, Case No. HG07 354585. A copy of the first amended complaint and other State Court filings are attached hereto as Exhibit A.

2. On November 20, 2007, CB Richard Ellis, Inc. received in the mail from plaintiff the summons and first amended complaint in the state court action. Hence, CB Richard Ellis, Inc.'s first notice of plaintiff's pleading was on November 20, 2007

3. Plaintiff's complaint alleges 18 counts or causes of action against all or some of the defendants. Count 1 alleges a violation of his civil rights under 42 U.S.C.§1983 and 1985, Count 2 alleges that plaintiff is entitled to civil remedies under 18 U.S.C. §1964(a). Count 3 alleges a violation of plaintiff's civil rights under 42 U.S.C. §1983. Counts 4 alleges violations of plaintiff's civil rights under the 14th Amendment to the U.S. Constitution and 42 U.S.C. §1983. Count 5 and 6 allege plaintiff's due process rights were violated under the 14th Amendment to the U.S. Constitution. Count 7 alleges a violation of 18 U.S.C. §1962(d). Count 8 alleges various defendants violated plaintiff's rights under 42 U.S.C. §1985 and 42 U.S.C. §2000(b) and (c). Count 9 alleges plaintiff has suffered injury in violation of 42 U.S.C. §1985. Count 10 alleges negligence against defendant CB Richard Ellis, Inc. sued as CB Ellison. Count 11 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution. Count 12 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution and pursuant to 42 U.S.C. §1981. Count13 alleges that plaintiff's Fifth Amendment right against self-incrimination under the United States Constitution was infringed. Count 14 alleges defendants violated plaintiff's rights under the Sixth Amendment to the United States Constitution. Count 15 alleges plaintiff 's rights under the 14th Amendment to the United States Constitution were violated. Counts 16, 17, and 18 allege various actions caused plaintiff injury but does not specify the

2

1   statutory basis for those injuries.

2       4. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over this civil

3   action and this defendant can remove this case to this Court pursuant to 28 U.S.C. §1441(b)

4   because this case raises numerous federal questions, including alleged violations of the federal

5   civil rights acts such as 42 U.S.C. §§1981, 1983, 1985 and 2000.

6       5. So far as this defendant can determine by viewing the State Court's register of

7   actions, no other defendant has appeared in this case. Thus, defendant CB Richard Ellis, Inc.

8   so far it is aware is the only defendant served to date. Thus, it cannot obtain the consent of any

9   other defendant for removal of this action because as yet no other party has appeared.

10       6. Wherefore, defendant/petitioner CB Richard Ellis, Inc. incorrectly sued herein as

11   CB Ellison prays that this action now pending in the Superior Court of the State of California,

12   County of Alameda be removed to this Court.

13

14

15   Dated: December 6, 2007                Fortune, Drevlow, O'Sullivan & Hudson

16

17

18                        By: _____

19                        Norman La Force
                        Attorney for Defendant

20                        CB Richard Ellis, Inc. incorrectly
                        sued herein as CB Ellison

21

22

23

24

25

26

27

28

Defendant's Notice of Removal                  Lopes v. Fremont Freewheelers, #

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br>Fremont Freewheelers, KPK Insurance, USA Cycling<br>Northern California and Nevada Cycling Association (NCNCA)<br>Robert Parker, Lawrence Upthegrove, Lloyd Roth, Richard Brockie<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br>Cornelius Lopes<br>6251 Quartz Place<br>Newark, CA 94560 | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>NOV 2 - 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By **A. KHAN**<br>Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>~~Hayward~~ Superior Court<br>OAKLAND<br>~~24405 Amador St.~~<br>~~Hayward, CA 94544~~<br>1221 Oak Street Dept. 19, Third Floor<br>OAKLAND, CA 94612 | **CASE NUMBER:**<br>(Número del Caso):<br>**H G 0 7 3 5 4 5 8 5 -** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Cornelius Lopes
6251 Quartz Place
Newark, CA 94560

DATE: 11/2/07    Clerk, by **A. KHAN**    , Deputy
(Fecha)    PAT S. SWEETEN    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify): C.B. Ellison
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>**SUMMONS**<br>Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopes v. Fremont Freewheelers | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☒ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

Gary Birch, Sally Wilson, Jason Sage, Tim O'Hara, Jeff Wong, Joseph Dale Wren
C.B. Ellison, Byron Sheppard, Larry Nolan, Steve Grusis, Larry Rosa, Fremont
Freewheelers Race Team, Linda Buffett, Joe Baughman, Peter Allen, Alameda County
District Attorney, Newark Police Department, Casey Covington

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

November 18, 2007

Superior Court of California, County of Alameda, Case # HG07354585

NOTICE

To: C.B. Ellison

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it t the sender within 20 days may subject you to liability for payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgement of receipt of summons.

_____
Signature of sender


ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on —————————— of a copy of the summons and of the complaint at 6150 Stone Ridge Mall Road Pleasanton Ca. 94588




Signature of Acknowledging




date executed

November 18, 2007

Superior Court of California, County of Alameda, Case # HG07354585

NOTICE

To: C.B. Ellison

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it t the sender within 20 days may subject you to liability for payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgement of receipt of summons.

_Cornelius A. Looper_

Signature of sender


ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on —————————— of a copy of the summons and of the complaint at 6150 Stone Ridge Mall Road Pleasanton Ca. 94588


X _____

signature of Acknowledging


X _____

date executed

Cornelius Lopes
6251 Quartz Place
Newark, CA   94560-

---

## Superior Court of California, County of Alameda

| | | |
|---|---|---|
| Lopes | | No. HG07354585 |
| | **Plaintiff/Petitioner(s)** | |
| vs. | | **NOTICE OF CASE MANAGEMENT** |
| | | **CONFERENCE AND ORDER** |
| Fremont Freewheelers | | Unlimited Jurisdiction |
| | **Defendant/Respondent(s)** | |
| (Abbreviated Title) | | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 03/18/2008<br>Time: 08:45 AM | Department: 19<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland CA 94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: Stephen Dombrink<br>Clerk: Barbara Dell<br>Clerk telephone: **(510) 267-6935**<br>E-mail:<br>Dept.19@alameda.courts.ca.gov<br>Fax: **(510) 267-1507** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 calendar days** before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date.
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/07/2007.

By _____ Digital

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number: HG07354585
Case Title:    Lopes VS Fremont Freewheelers
Date of Filing: 11/02/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Dombrink** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | **(510) 267-1507** |
| **Email Address:** | **Dept.19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Dombrink
DEPARTMENT 19

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

### Schedule for Department 19

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Thursdays at 9:30 a.m.
- Case Management Conferences are held:  Initial Case Management Conferences: Tuesdays through Thursdays at 8:45 a.m. and Fridays at 9:00 a.m. and 2:00 p.m.
- Case Management Conference Continuances: Mondays through Thursdays at 9:00 a.m.
- Law and Motion matters are heard:  Mondays and Thursdays at 8:30 a.m.
- Settlement Conferences are heard:  To be determined by the Court.
- Ex Parte matters are heard:  Mondays and Wednesdays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:          Dept.19@alameda.courts.ca.gov


- Ex Parte Matters
    Email:          Dept.19@alameda.courts.ca.gov


### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone: 1-866-223-2244

Dated:  11/06/2007

Executive Officer / Clerk of the Superior Court

By  _____
Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/07/2007

By  _____
Deputy Clerk

1

2

3

4

5

SUPERIOR COURT OF THE STATE

OF CALIFORNIA FOR THE COUNTY OF

ALAMEDA COUNTY

ENDORSED
FILED
ALAMEDA COUNTY

NOV 0 8 2007

CLERK OF THE SUPERIOR COURT

By _____ Deputy

6    Cornelius Lopes                          CASE NUMBER: HG07354585
     6251 Quartz Place
7    Newark, CA. 94560                        CIVIL CLAIM
     510-790-3818                             FIRST AMENDED COMPLAINT
8
     PLAINTIFF,
9                        v.

10   Fremont Freewheelers, K&K Insurance, USA Cycling,  Northern California and Nevada Cycling

11   Association (NCNCA), Robert Parker, Lawrence Upthegrove, Lloyd Rath, Richard Brockie, Gary

12   Birch, Sally Wilson, Jason Sage, Tim O'Hara, Jeff Wrong, Joseph Dale Wren, C.B. Ellison

13   Byron Sheppard, Larry Nolan, Steve Grusis, Larry Rosa, Fremont Freewheelers Race Team,

14   Linda Buffetti, Joe Baughman and Peter Allen, FFBC Race Team, Alameda County District

15   Attorney, Newark Police Department, Casey Carrington, Jim Davis, Alameda County  Deputy D.A.

16   Shara Mesic Deputy D.A., Lisa Faria Deputy D.A., Petagrew Deputy D.A.
     DEFENDANTS,

17

18   Plaintiff asks to submit a civil claim for Constitutional violations and seeks equitable relief

19   through a jury trial. Plaintiff challenges California law and the Alameda County jury selection

20   process.

21

22

23

24

25

26

27

28

COUNT 1

1

2    On or between June 12 and June 22 Jason Sage a promoter with the Fremont Freewheelers

3    held a grudge against Plaintiff and set out to get him and illegally seized Plaintiffs identity

4    through the characterization of one who is anti-Semitic. An action for damages for private

5    conspiracies for the purpose of depriving any person of class or persons of equal protection

6    of the laws, 42 U.S.C. ss1985(3)

7    As a result Plaintiff was charged with two counts of battery plus a hate crime and was in the

8    criminal justice system as a defendant for seventeen months. Plaintiff was unfairly deprived

9    of liberty a constitutional provision and denied legal proceeding and right to a fair trial. As a

10   result Plaintiff was diagnosed with posttraumatic stress disorder for the injuries are consequent

11   violations of Plaintiffs fourteenth Amendment rights.

12   Where federal rights have been invaded courts will grant necessary relief upon demonstrating

13   an injury of violations of the Fourth Amendment. Plaintiff seeks unspecified monetary damages

14   and appropriate equitable relief.

15   42 U.S.C. ss1983 Civil Action for Depravation of rights, 42 U.S.C. ss1985 Conspiracy to

16   interfere with Civil Rights (1)(2)(3), Defendant should be charged with ss242.

17                                    Count 2

18   Joe Baughman, Linda Buffetti, Fremont Freewheelers and FFBC Race Team conspired to

19   conduct and participate in the affairs of an enterprise which includes any association or group

20   of individuals who engaged in interstate commerce through the pattern of racketeering activities

21   in violation of 18 U.S.C. ss1962 (d). The enterprise as a group of individuals associated in fact

22   for the purpose of illegally committing fraud by utilizing email to defraud the insurance company,

23   corruptly influencing and attempting to corruptly influence the outcome of a state court

24   proceeding.

25   As a result this claim is based on the denial of due process rights in the outrageous behavior

26   of the non-profit agency. The persons associated for the common purpose of receiving an income

27   through the collection of an unlawful debt were the officers of the company. They use indirectly

28   such income or the proceeding of such income to acquire interest to establish or operation

1  of activities that affected their commerce.

2  As a result Plaintiff was charged with two counts of battery and a hate crime, suffers from PTSD

3  and denied due process rights. Plaintiff seeks civil remedies provided by 18 U.S.C. ss1964(a)

4  (c), Plaintiff seeks unspecified monetary damages and equitable relief.

5

6                                      COUNT 3

7  Casey Carrington and Richard Brockie on June 12 through June 22, 2004 recklessly published

8  false information the Plaintiff had committed a crime and put in on the Fremont Freewheelers

9  Bike Club email list and solicited the District Attorney to file charges of battery and a hate crime

10  against the Plaintiff.

11  As a result Plaintiff was charged with two counts of battery plus a hate crime for a crime he did

12  not commit, Plaintiff was forced to disprove falsehoods in a criminal proceeding which he was

13  in for seventeen months. Defendant should be charged with ss242 battery for he was acting

14  "under color" of law while aiding in a criminal investigation.

15  Plaintiff was diagnosed with posttraumatic stress disorder and has had several panic attacks

16  due to the mental stress and concern for his family's future. Plaintiff seeks monetary damages.

17  42 U.S.C. ss1983 provides remedies and relief against action "under color" of law. Fourteenth

18  Amendment, Screws v. United States, supra

19                                      COUNT 4

20  Sage and Brockie were involved in a conspiratorial relationship with persons with whom they

21  conspired to commit a crime to pretext information the Bike club gathered as true and correct that

22  the Plaintiff had committed a crime. On June 14, 2004 he and Jason Sage set into motion by

23  pretext the arrest of the Plaintiff for a offence which there was no lawful grounds for an arrest of

24  the Plaintiff.

25  On June 21, 2004 in an email the Defendant believed it was he and Defendant Sages job to

26  persuade the D.A. to press charges even though they were not the injured party. In the June 20th

27  email he admits the clubs liability to the accident but believes criminal charges are best for the

28  Plaintiff in the June 14th email.

1    As a result plaintiff was charged with two counts of battery and a hate crime. The defendants

2    disregard of the constitutional requirement guarantee, deprived Plaintiff of his Fourteenth

3    Amendment rights and Due Process of law. Plaintiff seeks unspecified monetary damages

4    and equitable relief.

5    Monroe v. Pape, 365 U.S. (1961), Esposito-Hilder v. SFX Broadcasting, 654 (1996), 42 USC 1983

6                                           COUNT 5

7    Defendant's Jason Sage, Sally Wilson, Jim Davis, Tim O'Hara and Gary Birch on June 12

8    through June 22, 2004 recklessly published false information the Plaintiff had committed a

9    crime and put it on the Fremont Freewheelers Bike club email list and solicited the District

10   Attorney to file charges of battery and a hate crime against the Plaintiff.

11   As a result Plaintiff was charged with two counts of battery plus a hate crime he did not commit,

12   Plaintiff was forced to disprove falsehoods in a criminal proceeding which he was in for

13   seventeen months. Defendants should be charged with ss242 battery upon Plaintiff and their acts

14   treated as acting "under color" of law while aiding in a criminal investigation.

15   Plaintiff was diagnosed with PSTD and spent $70,000 on criminal attorney's fees to disprove

16   the falsehoods of the Defendants. Plaintiff seeks unspecified monetary damages and equitable

17   relief. Monroe v. Pape, 365 U.S. (1961), Federal Identity Theft and conspiracy charges.

18                                          COUNT 6

19   On June 22, 2004 Tim O'Hara negligently and willfully detained and illegally seized Plaintiff's

20   identity through the characterization of one who is anti-Semitic. This practice is allowed as a

21   custom through Proposition 14, a state custom to discriminate by denying to any person equal

22   protection of the law of the Fourteenth Amendment of the Constitution.

23   As a result Plaintiff was charged with two counts of battery plus a hate crime. The Defendant

24   introduced a typed document on June 22, 2004 stating Plaintiff said "fuck you jew" which aided

25   the pretext done by Defendants Sage, Brockie, Wilson and Birch that on June 12, 2004 the

26   alleged battery by Plaintiff on that day was true and correct. Fremont Freewheelers introduced

27   this document along with others to the Newark Police Department with out the date on the

28   document. This is on its face is a solicitation and conspiracy to commit a capital crime or a first

degree felony under Section 5.05 of the Model Penal Code.

Defendant should be charged with ss242 which extends the to rights guaranteed of the plaintiffs Fourteenth Amendment rights and Due Process rights. Plaintiff seeks unspecified monetary damages and equitable relief for suffering PTSD and disfigurement.

COUNT 7

Gary Birch, Jason Sage, Tim O'Hara, Jeff Wong and Sally Wilson were members of the organizing committee for the Freemont Freewheelers Race Team and members of the Fremont Freewheelers Bike Club. On or about June 12th through 18th 2004 conspired to conduct and participate in the affairs of an enterprise which includes any association or group of individuals who engaged in interstate commerce through a pattern of racketeering activities in violation of 18 U.S.C. ss1962 (d). The enterprise as a group of individuals associated in fact for the purpose of illegally committing fraud by utilizing email to defraud the insurance company, corruptly influencing and attempting to corruptly influence the outcome of a state court proceeding. The legal issue is this pattern of racketeering involving the enterprise as a group were to deny Plaintiff the equal protection of the law.  Plaintiff suffers from PTSD and disfigurement, emotional distress.

Defendants should be charged with ss242 battery as well as racketeering. Plaintiff demands financial compensation and equitable relief.

COUNT 8

K&K Insurance, USA Cycling, Northern California and Nevada Cycling Association (NCNCA) Larry Upthgrove, Robert Parker, Larry Rosa, Steve Grusis, FFBC Race Team, Bryan Sheppard Casey Carrington, Larry Nolan, Peter Allen, Jim Davis, Alto Velo Race Team, Real Bicycles Cycling Race Team,  Mako/Galaxy Race Team, Gary Birch, Richard Brockie, Jason Sage, Tim O'Hara, Jeff Wong, Sally Wilson work for or are non-profit organizations where injury to the Plaintiff as a result of their negligence stand equal before the law and must be bound alike.

Defendants violated Plaintiff's Civil Rights under 42 U.S.C. ss1985 (1) (2) (3) for the purposes of depriving Plaintiff equal protection under the law and equal privileges and immunities under the laws, Plaintiff seeks recovery from damages from such injury and deprivation of the

1    conspirators. The prevention of officers performing their duty was their active participation

2    in criminal charges and a Hate Crime being bought against the Plaintiff. They refer to the

3    Plaintiff as O.J. Simpson in emails and in conversations held in a witness room in the Fremont

4    Superior Court, prior to five or more taken the stand at Plaintiff's criminal trial. Furthermore,

5    Defendants actively pursued the District Attorney to pursue charges against the Defendant to

6    protect themselves from civil liability. In emails and depositions Defendants believed if they

7    pursue the criminal charges it was to teach Plaintiff a lesson. Defendants obstructed justice by

8    pretext, that Plaintiff had struck several people across the chest and used vulgar words against

9    a racially protected race of people. Furthermore, for purposes of depriving, two or more persons

10    conspired from one State to another on the Internet super highway for purposes of depriving

11    Plaintiff, equal protection of the law.

12    Plaintiff seeks monetary relief and equitable damages. Plaintiff seeks to have the non-profit

13    cycling clubs loose that status so no further citizen is harmed. Plaintiff seeks to have the

14    individuals charged with ss242. 42 U.S.C. ss2000(b) –2000(c), Title VI prohibits discrimination

15    under any program or activity that receives federal finance assistance 42 U.S.C. ss2000 (d).

16    Defendants should be charged with assault and battery upon the Plaintiff.

EMPTY SPACE

COUNT 9

On June 12, 2004 through July 15, 2004 in the City of Newark, California Defendant
Joseph Wren led an incomplete investigation regarding an accident between a jogger and cyclist.
Moreover, the Defendant was off work July 14th through 17th 2004, when Defendant returned to
work on the 18th he completed his report stating "through his investigation" Plaintiff should be
charged with a "Hate Crime" and "2 counts of battery". Defendant relied on third party
information to secure a warrant without probable cause and used force to deprive Plaintiff of his
due process rights.

As a result Plaintiff is diagnosed with chronic posttraumatic stress disorder for the injuries are
consequent violations of Plaintiff's Fourth Amendment rights and was unfairly deprived of
liberty a constitutional provision and denied legal proceedings and the right to a fare trial.
Plaintiffs was arbitrarily deprived of life and liberty while "under color" of law; he interfered
with or had influence upon state authorities and the conspiracy was so massive and effective
thus satisfy the state action requirement of ss1985 (3). Defendant's intent deprived of equal
protection and immunities with otherwise a class based or . . . invidiously discriminatory
was behind the conspirators actions.

Plaintiff was harmed by being charged with a crime of Battery (2) counts and a Hate Crime
was deprived of a legal proceeding, infringed on private rights and denied the "equal protection
of the laws. Plaintiff seeks monetary damages and equitable relief.

COUNT 10

Defendant C.B. Richard Ellis the landlord for Stevenson Technology Park in Newark, California entered into an agreement with the Fremont Freewheelers Race Team to allow them o hold a race on their property. Under the agreement entered no pedestrian barricades were erected for the protection of pedestrians nor were the roads closed for such an event. Due to the Defendants negligence, Plaintiff suffered injures which caused disfiguration for his face and PTSD. Plaintiff brings this suite for monetary damages and equitable relief.

COUNT 11

Defendants Newark Police Department and Officer Joseph Wren have run afoul of the Establishment Clause by endorsing religion through the display of "Hate Crime" checked in the police report. This Court must agree with the general proposition that the context in which the Defendants a governmental entity uses religious symbols to see the relevancy in determining the answer to this claim. The Defendants should be found guilty because the use of religious symbolism is unconstitutional because it had the effect of endorsing religious beliefs and the effect of the Defendant's use of religious symbolism were within the context of the document. Plaintiff is the employer of Officer Wren a municipality and trained Defendant Wren in the sphere of his official responsibilities.

Plaintiff was harmed by pretext to incense anyone who would read the report that it was gathered in the accordance of all Due Process rights afforded to the Plaintiff. Plaintiff went through a criminal trial with a "Hate Crime" as the direct result of such allegations.

Plaintiff seeks monetary damages and equitable relief. The 14th Amendment provides people to be secure in their persons and unreasonable search and seizure and shall not be violated.

COUNT 12

Jim Davis, Robert Parker, Jason Sage, Lloyd Rath, Sally Wilson, Tim O'Hara, Jeff Wong, Gary Birch, Richard Brockie, Larry Rosa, Joseph Dale Wren, interfered with the Plaintiff's 13th and Amendment Rights intentionally adopting certain conduct in certain circumstances known to

them, and that the conduct is forbidden by law under those circumstances, they intentionally broke the law. ss 242 is applicable to the 14th Amendment rights it is intended to deal with conspiracies "under color" of law to deprive persons of the 14th Amendment rights. Ss241 is constitutionally secure by private individuals including rights rising out of relationship with the federal government. Ss1985 (3) is applicable to private conspiracies to reach private conduct under the 13th Amendment. The conspiracy deprived the Plaintiff "of his equal protection of law and "equal privileges and immunities". This private conspiracy whose action was "under color" of state law, influenced upon state authority and so massive it supplants those authorities. Discriminatory intent other than racial bias is actionable under ss1985.

Plaintiff was harmed because he suffers from PTSD due to private violations of depriving the Plaintiff equal protection of the law. 42 U.S.C ss1981, Every person who "under color" of any statute, ordinance, regulation, custom, or usage of any State, subjects or causes to be subjected, any citizen of the United States, to deprive of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the person injured in an action of law. Plaintiff seeks monetary damages and equitable relief. Plaintiff's need to be charged with 242.

COUNT 13

Plaintiff challenges the Defendants Newark Police Department, Joseph Dale Wren, Alameda County District Attorney. Plaintiff is challenging the State proceeding as invalid upon Plaintiff to explain or deny evidence against him and to be commanded upon the Court and by council and was considered by a jury, infringed upon the privileges against self incrimination under the Fifth Amendment. This Court should find the criminal trial case #209109 and all proceedings as invalid and clear Plaintiff's name from all police records, photos, state and federal criminal history reports. Adams v. California, 332 U.S. 46 (1947).

COUNT 14

The Plaintiff challenges the way Alameda County selects jurors to serve which is segregated by County and State employees who are currently working or retired. The relationship between the City(s) and County(s) and members of their unions are used to

1  pool potential jurors. This violates the Plintiffs Six Amendment rights, which forbids the exclusion

2  of groups on the basis of such characteristics as race or gender from a jury venire. The current

3  requirement in Alameda County in selecting its jury list in this manner comes from the State of

4  California's Article 1 ss26 of the State Constitution which allows segregation which denied the

5  Plaintiff equal protection under the law. In this manner Alameda County draws up its jury list

6  in such a manner that it produces a pool of prospective jurors disproportionately and thus more

7  likely to yield petit jurors with similar dispositions. Plaintiff seeks to change the way the District

8  Attorney and Alameda County violate citizen's rights. Holland v. Illinois, 493 U.S. (1990).

9                                    COUNT 15

10  Plaintiff challenges California law as to invalidate it by extending the rational of Hunter v.

11  Erickson, were racial classifications were used. Caliornia and its Counties use its structering

12  political institutions and allocates power in its jury process according to "neutral principles".

13  Plaintiff's constitutional rights have been violated through the Alameda County District Attorney.

14  The claim is that the criminal proceedings of the Plaintiff under the current scheme of selecting

15  jurors deprived the Plaintiff of due process of law, which the United States Constitution is

16  entitled to him. The judicial judgment of this Court in applying the Due Process Clause to the

17  current jury pooling system, must find the decision reached by those jurors is based upon

18  idiosyncrasies of a personal bias allowed by the State of California, under ss26 of the California

19  Constitution, known as Proposition 14.

20  The Court should invalidate the State law and policies that allow the County of Alameda and the

21  District Attorney from drawing up jurors in this manner. Holland v. Illinois, 493, U.S. 1990.

22                                    COUNT 16

23  Robert Parker and Larry Upthegrove negligently impacted the Plaintiff causing him harm. They

24  participated in an event in which they signed wavers of liability, if caused by their negligence

25  they would be responsible for. They received compensation from Plaintiff home owners insurance

26  policy to drop a counter claim against Plaintiff. Plaintiff seeks to recover in this claim money paid

27  to Parker $35,000 and Upthegrove $15,000. They are negligent people.

28

COUNT 17

Defendants charging District Attorney Lisa Faria, prosecuting District Attorneys Mrs. Petagrew and Shara Mesic lacked probable cause and a bad faith motive to prosecute the Plaintiff for two counts of battery and a "Hate Crime" upon cyclist who admitted striking the Plaintiff head on. Plaintiff brings a claim of damages for the criminal prosecution of him in this matter. Plaintiff claim is for malicious prosecution other elements are the criminal prosecution ended in the Plaintiff's favor by which the jury could not reach a verdict and subsequently the D.A. dropped the matter, Jaffe v. Stone 1941. Thus, as expressed in Jaffe v. Stone this dismissal shows the innocents of the Plaintiff.

As expressed in Counts (1) (2) (4) (5) (6) 8) (9) Defendants in a malicious prosecution action show they acted without probable cause in instituting the criminal proceedings in which they honestly believed could not be true to charge. ss480 Pulvermacher v. Los Angeles Aid to Jewish Refuges 1943.

Under ss481 lack of probable cause can be independently proved, the question of the existence of lack of facts show no probable cause to seize and detain the Plaintiff. Defendants relied on statements from the Defendants who were not injured parties, but instrumental in causing the prosecution. Ball v. Rawles 1892, Cummings v. Fire ins. Exchange 1988.

The Defendants shoed bad faith when it did not fully disclose exculpatory evidence which showed the Plaintiff had not committed a crime. In fact Defendant Masic is on record telling the jury she does not have to "prove" Plaintiff committed a crime just elements he had 'intent' to commit the crime. Moreover, at Plaintiff's criminal trial mesic makes it clear, "...Defendant was angry that day". Defendant mesic tried Plaintiff Lopes as an angry black man not on evidence of a crime, but he intended to commit a crime. Gustason v. Speak 1931, Sebastian v. Crowley 1940.

Plaintiff seeks to have the attorney's disbarred and tried on ss242. Plaintiff also intends on changing the way pedestrians and citizens are tried in Alameda County Superior Courts.

COUNT 18

Defendants Sage, Brockie, Birch, Wilson, Parker, Upthe grove, Rath, O'Hara, Davis, Nolan

Sheppard, Grusis, unnamed Police Office, Wren, Rosa, Baughman and Buffetti are liable

for instituting a malicious prosecution and causing the prosecution of the Plaintiff. This claim

is a tort of malicious prosecution of others under lawful process, but under malicious motives

without probable cause. ss476, one who procures a third person to institute a malicious criminal

prosecution is liable, to the same extent as if he or she instituted it. Under this test is whether the

Defendants were actively instrumental in causing the prosecution. Blancett v. Burr 1929, Sandoval

v. Southern Calf. Enterprises 1950.

Plaintiff was harmed by going though a criminal trial, suffers from PTSD and spent $70,000 on

attorney cost to prove he did not commit a crime. If convicted Plaintiff was looking at going to

prison for three years.

Plaintiff seeks monetary damages and equitable relief. Plaintiff also wants to make citizens arrest

for battery and assault.

1
2
3
4

SUPERIOR COURT OF THE STATE

OF CALIFORNIA FOR THE COUNTY OF

ALAMEDA

5    CORNELIUS LOPES                Case Number HG07354585

6    v.          Plaintiff,      **CERTIFICATE OF SERVICE**

7

8    FREMONT FREEWHEELERS, et al,

9          Defendant.

10 ————————————————————/

11
12

13 I, the undersigned, hereby certify that I am the Plaintiff.

14 That on November 18, 2007 I served a true and correct copy(s) by placing said copy(s) in postage
paid mail addressed to the person(s) hereafter listed by depositing in and delivery by the
15 U.S. mail. 415.30 (a) The summons and complaint were served by mail, (b) was sent to:

16 Peter Allen 8691 Hartridge Ln, Fairoaks Ca, 95628,- Steve Grusis 5070 N. Marou Fresno 93704

17 Newark Police Dept.        Linda Buffetti & USA Cycling
    37101 Newark Blvd.        USCF / Norba Promotor
18 Newark, CA, 94560          1 Olympic Plaza, Colorado Springs, Co. 80909

19 Larry Nolan 38735 Kimbro ST Fremont CA 94536 - Tim O'Hara 2938 Sorrento Way, Union City

20 94587- Sally Wilson 30977 San Antonio Way Hayward CA - Fremont Freewheelers 325 Cove Ct

21 San Leandro Ca. 94560 – Jason Sage 325 Cove St. San Leandro Ca. 94560 - Larry Upthegrove

22 4605 Gold Crest Way Antioch Ca. – Gary Birch 8126 Locust Place Dublin Ca. 94568 – Robert

23 Parker 726 Hibisus Place San Jose Ca. 95126 – Joe Baughman 4580 Blainfield Batavia OH 45103

24 K&K Insurance Group P.O.Box 2338 Fort Wayne Indiana 46801 - C.B. Richard Ellison 6150

25 Stone Ridge Mall Road Pleasanton Ca. 94588 - Byron Sheppard 504 Woodrow Ave Santa Clara

26 Ca. 95060 – Joseph Dale Wren 2755 3rd Street Ceres Ca. 95307 - Alameda County D.A. 1225

27 Fallen Street Room 900 Oakland Ca. 94612 – FFBC RACE TEAM P.O.BOX 7567 Fremont CA

28 94538- Richard Brockie 47010 Kato Rd, Fremont Ca. 94538,

1

                                        Northern California and Nevada

2    Cycling Association 2431 Carlmont Dr. Apt#21 Belmont Ca. 94002 – Casey Carrington 2431

3    Carlmont Dr. Apt#21 Belmont CA. 94002- Lloyd Rath 583 10th Ave San Francisco CA. 94118

4    Jim Davis 37101 Newark Blvd. Newark Ca. 94560- Lisa Faria 39439 Paseo Padre Parkway

5    Fremont Ca. 94538- Shara Mesic 1225 Fallen Street Oakland Ca. 94612- Mrs. Petagrew 1225

6    Fallen Street Oakland Ca. 94612

7

8

9

10   Cornelius J. Lopez

11   11/17/07

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28