1  Norman La Force, State Bar #102772
   Fortune O'Sullivan & Hudson
2  560 Mission Street, 21st Floor
   San Francisco, CA 94105
3  (415) 227-2300

4
   Attorneys for Defendant
5  CB Richard Ellis, Inc. incorrectly
   sued herein as CB Ellison

ORIGINAL FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COPY

| | |
|---|---|
| CORNEALIUS LOPES, TERESA LOPES<br><br>Plaintiff,<br><br>vs.<br><br>FREMONT FREEWHEELERS; K&K INSURANCE, USA CYCLING NORHTERN CALIFORNIA AND NEVADA CYCLING ASSOC. (NCNCA), ROBERT PARKER; LAWRENCE UPTHEGROVE; LLOYD RATH; RICHARD BROCKIE, GARY BIRCH, SALLY WILSON, JASON SAGE, TIM O'HARA, JEFF WRONG, JOSEPH DALE WREN C.B.ELLISON, BRYAN SHEPPARD, LARRY NOLAN, STEVE GRUSIS, LARRY ROSA FREMONT FREEWHEELERS RACE TEAM, LIND BUFFETTI, JOE BAUGHMAN AND PETER ALLEN, FFBC RACE TEAM ALAMEDA COUNTY DISTRICT ATTORNEY, NEWARK POLICE DEPT., CASEY CARRINGTON, JIM DAVIS, ALAMEDA COUNTY SHARA MESIC DEPUTY D.A., LISA FARIA DEPUTY D.A. PETAGREW DEPUTY D.A.<br><br>Defendants. | Case No.: CV 07-6213 JL<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: January 30, 2008<br>Time: 9:30 a.m.<br>Courtroom: Magistrate-Judge James Larson |

1

Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss    Lopes v. Fremont Freewheelers, #

## I. NATURE OF RELIEF REQUESTED

Defendant CB Richard Ellis. Inc. incorrectly sued as CB Ellison moves to dismiss plaintiff's complaint against it on the grounds that the applicable statute of limitations bars plaintiff's complaint. Plaintiff has sued for an injury arising out of an accident that occurred on June 12, 2004. In fact, plaintiff actually had previously sued the moving party and dismissed that action against the moving party on or about January 17, 2007. Plaintiff's complaint in this action was filed on November 2, 2007 with a first amended complaint filed on November 8, 2007. Pursuant to California Code of Civil Procedure §335.1 a plaintiff suing for personal injuries has two years from the date of injury to file suit or June 12, 2006. Hence, plaintiff's complaint in this action is time barred and should be dismissed as to defendant CB Richard Ellis, Inc.

## II. PERTINENT FACTS

The claims in plaintiff's present action arise out of an accident between plaintiff and some bicyclists that occurred on June 12, 2004 in Fremont, California. Plaintiff, who is African-American, apparently was later criminally convicted of assault and battery against other persons and for a hate crime arising out of that accident. The moving party had nothing to do with the events or actions that gave rise to the accident or anything that followed. Apparently on June 12, 2004 the Freemont Freewheelers bicycle group had a bicycle race in Fremont. Plaintiff was a runner and entered onto the race course running against the flow of the bicycles until there was an accident between some bicyclists and plaintiff. Plaintiff apparently then later was criminal convicted for assault and battery arising out of actions following the accident and for a hate crime for making vile anti-Semitic remarks about one of the bicyclist's background.

Plaintiff originally filed suit with an attorney representing him on March 16, 2006. (See Request for Judicial Notice and plaintiff's complaint) He dismissed with prejudice the moving party on or about January 17, 2007. (See Request for Judicial Notice and Request for Dismissal).

For reasons that the moving party does not understand, plaintiff then filed the instant action on or about November 2, 2007. (See Summons issued in action in Removal papers) He then filed a first amended complaint on November 8, 2007. In that complaint he alleges in Count 10 that CB Ellison had something to do with the race and his alleged injury that occurred on June 12, 2004. This is the only count where plaintiff alleges any claim against this defendant.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA AND THE STATUTE OF LIMITATIONS

Plaintiff's claim against the moving party is barred by res judicata. Plaintiff dismissed his claims arising out of the June 12, 2004 race when he filed his dismissal with prejudice. The court may take judicial notice of these official records for purposes of this Rule 12(b)(6) motion. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992)

Even if that dismissal was not effective, plaintiff's complaint is barred by the applicable statute of limitations. California Code of Civil Procedure §335.1 provides that an action for personal injury arising out of a wrongful act or neglect of another must be brought within two years of when the cause of action accrued. In this case the cause of action accrued on June 12, 2004 so plaintiff had until June 12, 2006 to bring his lawsuit. The filing of this lawsuit on November 2, 2007 is clearly well beyond the two years.

For the reasons set forth above, defendant requests that the court dismiss plaintiff's complaint and each cause of action against it and award costs to defendant as and against plaintiff.

| | |
|---|---|
| Dated:  December 12, 2007 | Fortune, Drevlow, O'Sullivan & Hudson |
| | By: ___/s/ Norman La Force___ |
| | Norman La Force |
| | Attorney for Defendant |
| | CB Richard Ellis, Inc. incorrectly |
| | sued herein as CB Ellison |