1  CORNELIUS LOPES
   6251 QUARTZ PLACE
2  NEWARK, CA. 94560



UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Cornelius Lopes
    Plaintiff,

v.

Fremont Freewheelers, et al.
    Defendants,

Case No. CV 07 6213 JL

Motion for Opposition Reply
Points and Authorities

Plaintiff opposition to **Norman La Force**, attorney for CB Ellison

Statement of Issues

1. Whether Plaintiff has sufficient interest in the property wrongfully deprived so as to have standing to sue under ss1983 for due process violations; if sufficient property interest is found, government cannot deprive Plaintiff to maintain action.

2. Count 12 alleges 42 U.S.C. ss1981, the racial discrimination of the parties to characterize the Plaintiff as anti-Semitic in the enforcement of a contract.

3. Did the private conspiracies of the Defendants deprive the Plaintiff equal protection of the laws, or of equal privileges and immunities under the law is a statutory requirement. The manipulation of the law or its agencies give sanctuary for doing so, may well be that of a conspiracy of action under ss1985. Griffin v. Breckenridge.

4. Plaintiff was accused of a crime and interrogated for suspected violations of the law. The Plaintiff should have been given the Miranda warning as to not incriminate himself. Did this violate his right to self-incrimination. United States v. Chamberlin, 163 1998, Escobedo v. Illinois, Miranda v. Arizona, 1966.

5. Did the prosecutor improperly shift the burden of persuasion to the Defendant, by charging the Plaintiff with a Hate Crime. The implied hate crime expressed or implied, malice with the intent to harm. Mullaney v. Wilbur, 421 U.S. 684 1975.

6. Whether the Defendants had run afoul the Establishment Clause by endorsing religion through the display of a 'possible hate crime' on the police report. Lynch held what effect the display of the religious symbol in a particular setting. Lynch, 465 U.S., at 692.

7. Is the District Attorney and Newark Police responsible for the Plaintiff being charged with battering wife syndrome, as it appears in the DOJ report under case#209109. The same number and date as the bike accident. Will Evidence Code 1107 subdivision (a) become a problem to the Plaintiff if it isn't cleared from another negligent act of the Defendants.

CRIMINAL PROCUDURE

The Defendants the Newark Police Department and District Attorney's office interjected the elements of a crime (1) intent (2) causation, which raised the element of an affirmative defense of the Plaintiff that he "acted under the influence of emotional disturbance", a Hate Crime. Under this statute, these are elements of a crime the Defendant was charged with. As the accused I could rebut the statutory presumption that I committed the offence with "malice aforethought" by providing that I acted in the heat of passion on sudden provocation. This Court should hold this "SCHEME" improperly shifted the burden of persuasion from the prosecutor to the Plaintiff; was therefore, a violation of due process.

Under the influence of emotional disturbance for which if proved circumstantially would increase the crime. The Court should hold the basic procedural safeguards were not observed. The Court should apply Mullaney v. Wilbur, 421 U.S. 684 1975, that this scheme improperly shifted the burden of persuasion from the prosecutor to the Plaintiff and was therefore a violation of due process. The Court should find the criminal proceedings as invalid and award Plaintiff judgment and clear his name from DOJ and Alameda County criminal records.

STATEMENT OF OPPOSITION

For purposes of 42 U.S.C.A. ss1983, questions whether Defendants other than State itself should be equated with state entity matter of state's governmental structure is a matter of state law. Santiago v. Daley, N.D. Ill. 1990, 744

Whether particular official has 'final policymaking authority' for ss1983 purposes is a question of State law. McMillian v. Monroe County Ala. U.S. 1997.

Plaintiff is stating a claim of malicious prosecution, under the federal civil statute, Plaintiff must satisfy elements of state law malicious prosecution action. Cooper v. Smith N.D. Ill, 1966.

State law that immunizes government conduct otherwise subject to a law suite under ss1983 is preempted by the Supremacy Clause of the Federal Constitution. Silva v. University of New Hampshire, D.N.H. 1994.

Plaintiff is challenging the constitutionality of a State law, Ex parte Young, 209 U.S. 123 1908, to invalidate a State statute. This is a State issue, this is not the correct court.

Municipality liability for damages is limited to the denial of federal rights by official policy. Monell v. New York City Dept. of Social Service, this is a federal issue this is the correct court.

Did the Defendants Newark Police Dept. and the District Attorney interject elements of a crime that the Plaintiff acted under the influence of emotional disturbance.

By charging the Plaintiff with a Hate Crime did it place the City's prestige and use coercive authority behind the support of a favored religious organization.

*[signature: Cornelius Lopes]*