```
1  CORNELIUS LOPES
   6251 QUARTZ PLACE
2  NEWARK, CA. 94560
```

FILED
08 JAN -9 PM 3:49



UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cornelius Lopes<br>    Plaintiff,<br>v.<br>Fremont Freewheelers, et al.<br>    Defendants, | Case No. CV 07 6213 JL<br><br>Motion for Opposition Reply<br>Points and Authorities |

Plaintiff opposition to Gary Lepper, Newark Attorney

## STATEMENT OF OPPOSITION

The facts alleged by the defense council are incorrect. Plaintiff was never arrested for any crime regarding this accident. Plaintiff was never criminally convicted for battery or a hate crime, nor has the Plaintiff ever identified himself in court records as African American, Plaintiff is a citizen as implied under the United States Constitution and Bill of Rights.

The statement about F-U Jew came from Tim O'Hara a cyclist which he wrote two weeks after the accident and, only then was it entered into the police report.

The entire police report was made up by officer Joseph Wren, none of the witnesses in the report on June 12, 2004 spoke with officer Wren, they said it at the civil trial and in depositions. The alleged victim, Bob Parker said he did not speak to the Officer in July, prior to getting an arrest warrant; moreover, Bob Parker the alleged victim said he ran into me, not my arm but my face. This was said at the criminal trial and in deposition prior to the civil case in 2007.

Plaintiff recognizes some crimes in count 10 alleged by the Plaintiff are state and then some are federal cases. The Plaintiff has written the claim to speak about the federal claims and wants the Court to remand the other crimes to heard in State Court.

Plaintiff has filed a law suit in Hayward Court case #HG07356863 against his former attorney to invalidate the dismissal because the characterization of a remedy in federal civil rights actions is a matter of federal law, Williams v. Walsh. Plaintiff asks that this Court should leave it to State Court to decide a remedy.

STATEMENT of ISSUES

1. The agreement between CB Ellison and the Fremont Freewheelers Race Team absorbs the actions into state actors under color of law for purposes of 1983 and Fourteenth Amendment. Gorenc v. Salt River Project Agr. Imp. and Power Dist. C.A.9 Ariz. 1989

2. The failure of CB Ellison to testify about its agreement violates the Plaintiffs protection against state action that the due process clause does grant to the Plaintiff. The failure to explain or deny evidence against the Plaintiff that was commented on in Court, infringed upon the Plaintiffs privileges against self-incrimination under the Fifth Amendment.

3. The mens rea of the Defendants Fremont Freewheelers and Jason Sage as to their intended victim, the Plaintiff carry over and affix their culpability when such criminal conduct causes injury of an unintended victim, CB Ellison.

4. In the scope of evidentiary privilege in action under 42 U.S.C. ss1983, is discovery of evidence and its admissibility is such a time as to when the deprivation occurred.

STATEMENT OF RELEVENT FACTS

The claim in count 10 is the Plaintiff spoke with Carol Sullivan from CB Ellison on November 2, 2004. She entered into a written agreement with the Fremont Freewheelers to hold a race on the property it manages prior to July 12, 2004. As property manager of Stevenson Technology Park in the City of Newark they informed their tenants a race would be held and addressed parking, pedestrian safety and security. In a civil trial in 2007 against the Fremont Freewheelers Race Team and individual cyclist, Jason Sage the promoter. Defendant Wren testifies he allowed the promoter to conduct an investigation as to how the accident happened and gather that evidence, in which they did from June 13th through the 18th, which was turned over to the Newark Police Department that same day. Plaintiff was denied this evidence until the Defendant made the confession on the stand. In the scope of evidentiary privilege in action involving civil rights, is a question for federal law, Breed v. University S.Dist. of Northern Dist. Of California C.A.9 1976. That confession acknowledges civil rights violation to the Plaintiff which caused the deprivation of his due process rights, which were a direct result of the Plaintiff being charged with a crime he did not commit. Officer Wren was off duty from June 14th through the 17th returning to work on the 18th, that day a report of the accident was sent to the Alameda County District Attorney's office to charge the Plaintiff with a hate crime and two counts of battery.

This agreement between CB Ellison and the Fremont Freewheelers absorbs all their action into state actors and under color of law. Plaintiff recognizes conduct in "under color of law and state action" for purposes of 1983 and Fourteenth Amendment is a question of federal law, Gorenc v. Salt River Project Arg. Imp. and Power Dist. C.A.9 Ariz, 1989. CB Ellison's failure to explain or deny evidence against the Plaintiff and commented upon in court, was considered by a judge and jury infringed upon the Plaintiff's privileges against self-incrimination under the Fifth Amendment. Therefore, the failure of CB Ellison to testify about its agreement violates the protection against state action that the due process clause does grant to the Plaintiff.

The conduct that caused the deprivation of federal rights can be fairly attributed to the State and the Fremont Freewheelers Team. They conducted their investigation under color of law, which

CB Ellision absorbs through their written agreement and they embraced the FFRT rules governing conduct on their property as it agreed it would. Under these facts, this Court should find CB Ellison acted jointly with the Fremont Freewheelers and therefore is a state actor, National Collegiate Association v. Tarkanian, 488 U.S. 179 1988.

This Court should hold, the criminal proceeding which resulted in a dismissal of charges, deprived the Plaintiff of due process of law to which the United States Constitution entitled him. This Court should hold the state criminal trial of the Plaintiff did not comply with certain provisions of the Sixth Amendment by refusing to allow the Plaintiff a confrontation of witnesses.

This Court must make applicable to the defendants, the full protection of the Fifth Amendment's provision against compelling evidence from the accused.

### TRANSFER INTENT

Specific intent as against the Defendant CB Ellison could derive from the specific intent toward the Plintiff. The Defendnts Fremont Freewheelers Race Team, and Jason Sage's actions resulted in the injury of the Plaintiff; as a result involved another person, the third party to whom, the intent was 'transferred' was infact injured. This Court must hold, the mens rea of the Defendants Fremont Freewheelers and Jason Sage as to their intended victim, the Plaintiff will carry over and affix their culpability when such criminal conduct causes injury of an unintended victim, CB Ellison. The Court must agree, under criminal law there is transfer of this intent from Defendants to CB Ellison, so as to support a conviction if the evidence shows that injury to CB Ellison was purposely done and the only intent was to injure the Plaintiff. Perkins, Criminal Law 826 2d. ed 1969. It is the law in cases like this *where people are hurt*, Martin, supra at 302. the intent to harm CB Ellison an unintended victim demonstrates a felonious intent the Fremont Freewheelers went through to injure the Plaintiff. The absorb result makes the Defendants criminally culpable and civilly liable for injury to CB Ellison not the Plaintiff. The Plaintiff must prove in State Court the Defendants intended to defraud and act pursuant to a plan, whose object was to perpetuate a fraud upon the Plaintiff, and all Defendants knowingly obtained a benefit by means of false

1. pretenses. This Courts opinion must be to approve the facts herein.

## PREVENTION OF A CRIME

Common law recognizes the privilege to prevent the commission of a felony or misdemeanor amounting to the breach of peace, Ward v. DeMartini, 108 Cal.App. 745, 292, 1930.

The privileges available to the Plaintiff are (1) to intervene for purposes of preventing the furtherance of a crime, (2) to defend his person or property when a person believes that danger of bodily harm is imminent. A justifiable use of force in self-defense may be used. Young v. People, 47 Colo. 352 107.

*[signature]*