UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORNEALIUS LOPES,

    Plaintiff,

    v.

FREMONT FREEWHEELERS, et al.,

    Defendants.

_____/

No. C 07-6213 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant CB Richard Ellis, Inc. ("CB Richard Ellis"), for an order dismissing the above-entitled action for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

    Pro se plaintiff Cornealius Lopes filed this action on November 2, 2007, in the Superior Court of California, County of Alameda, as case No. HG07354585. On November 8, 2007, he filed a first amended complaint ("FAC"), naming 30 defendants – Fremont Freewheelers; K&K Insurance; USA Cycling; Northern California and Nevada Cycling Association (NCNCA); Robert Parker; Lawrence Upthegrove; Lloyd Rath; Richard Brockie; Gary Birch; Sally Wilson; Jason Sage; Tim O'Hara; Jeff Wrong; Joseph Dale Wren; CB Richard Ellis;[1] Byron Sheppard; Larry Nolan; Steve Grusis; Larry Rosa; Linda Buffetti; Joe Baughman; Peter Allen; FFBC Race Team; Alameda County District Attorney; Newark Police Department; Casey Carrington; Jim Davis; Deputy D.A. Shara Mesic; Deputy D.A. Lisa Faria; and Deputy D.A. Petagrew.

    Plaintiff alleges that CB Richard Ellis is the property manager of the Stevenson Technology Park, an industrial park located in Newark, California. As far as the court can

---

[1] CB Richard Ellis was erroneously sued as "C.B. Ellison."

ascertain from the FAC, plaintiff asserts that he was jogging at the Stevenson Technology Park on a particular day in June 2004.  The same day, a group of bicyclists was involved in a race at the industrial park, organized under the auspices of several bicycling clubs or organizations.  Plaintiff was apparently injured in a collision with one of the bicyclists.  Plaintiff asserts that some of the bicyclists or race organizers falsely accused him of battery and hate crimes; that the Newark Police Department conducted an inadequate investigation; and that the Alameda County District Attorney falsely charged him with battery and hate crimes, for which he was criminally prosecuted.  It is not clear from the FAC, but it appears from plaintiff's opposition to the present motion that he claims he was acquitted of the charges.

Plaintiff alleges 18 "counts" in the complaint, which include a claim under 42 U.S.C. § 1981, for deprivation of civil rights; claims under 42 U.S.C. § 1983, for violation of his First, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights; claims under 42 U.S.C. § 1985, for conspiracy to interfere with civil rights; claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; claims under "§ 241" and "§ 242," which the court interprets as claims under 18 U.S.C. §§ 231 and 242; and various state law claims including negligence, premises liability, and malicious prosecution.

On December 5, 2007, plaintiff filed a "Proof of Service," stating that copies of the summons and complaint had been mailed to all 30 defendants on December 3, 2007, along with the written notice and form acknowledgment of receipt required under California Code of Civil Procedure § 415.30.  Under § 415.30, service of the summons and complaint may be effected by mail, if the person to be served returns a signed acknowledgment of receipt. It is unclear whether any of the parties plaintiff attempted to serve by mail returned an acknowledgment of receipt.

On December 7, 2007, CB Richard Ellis removed the action, alleging federal question jurisdiction, and asserting that it believed it was the only defendant served as of that date. On December 13, 2007, CB Richard Ellis filed the present motion to dismiss.

1  On January 10, 2008, counsel for defendants Newark Police Department, Joseph Dale
2  Wren, and Jim Davis filed a notice of appearance.  No other defendants have appeared.
3  　　In the present motion, CB Richard Ellis argues that the claims against it should be
4  dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are time-
5  barred.  CB Richard Ellis asserts that the incident that forms the basis of plaintiff's claim
6  occurred on June 12, 2004, more than two years before plaintiff filed the complaint in the
7  present action.
8  　　Plaintiff filed two opposition briefs on January 9, 2008.  In neither one does he
9  respond to CB Richard Ellis' argument that the claims asserted against it are time-barred.
10 The bulk of his opposition appears to involve his claims against the Newark Police
11 Department, the Alameda County District Attorney, and the bicyclists – all of which are
12 irrelevant to the claims asserted against CB Richard Ellis.
13 　　Pursuant to California Code of Civil Procedure § 335.1, a plaintiff suing for personal
14 injuries, including claims of constitutional violations, has two years from the date of injury to
15 file suit.  See Cal. Civ. P. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir.
16 2004).  Plaintiff alleges in the FAC that the incidents that form the basis of its claims against
17 CB Richard Ellis occurred in June 2004.  He filed the complaint in the present action on
18 November 2, 2007, almost a year and a half past the limitations period.[2]  Accordingly, the
19 claims asserted against CB Richard Ellis are time-barred and must be dismissed.

21 **IT IS SO ORDERED.**
22 Dated:  March 10, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　United States District Judge

---

[2] Plaintiff previously filed suit on March 16, 2006, in Alameda County Superior Court, against CB Richard Ellis and some of the other defendants named in the present action, alleging negligence and premises liability.  On January 19, 2007, however, plaintiff dismissed the claims against CB Richard Ellis, with prejudice.

3