MARK P MEUSER, (SBN 231335)
P.O. Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-2318
E-mail: mpm@markmeuser.com

Attorney for Larry Nolan, Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>    Plaintiff,<br><br>Vs.<br><br>FREEMONT FREEWHEELERS, et al.,<br><br>    Defendants. | Case No.: C 07-6213 PJH<br><br>DEFENDANT LARRY NOLAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: June 25, 2008<br>Time: 9:00am<br>Courtroom: Phyllis J. Hamilton |

**I. INTRODUCTION**

Nolan requests that this Court dismiss him on the grounds that 1) the applicable statutes of limitation have run, 2) that the plaintiff has failed to state a cause of action upon which relief can be granted, and 3) plaintiff failed to plead applicable remedies in accordance with the law.

//

//

1

Lopez v. Freemont Freewheelers et al.
Nolan Memorandum in Support of Motion to Dismiss

## II. STATEMENT OF FACTS

While jogging one morning on June 12, 2004 at approximately 8:20 a.m., plaintiff collided with a bicyclist participating in a bicycle race in Newark, California. Plaintiff was taken to Washington Hospital.

Officer Wren, who arrived at the accident shortly after it occurred, spoke to various witnesses at the scene. Byron Sheppard reported that he had been directly behind the bicyclist that collided with the plaintiff and that he had observed the plaintiff run directly into the group of bicyclist and hold his right arm out to the side, level to the ground, and strike the bicyclist in the middle of the chest. Officer Wren also spoke with Jason Sage. Sage reported that Lopes had been warned to stay off the roadway and that Sage had been told that on one occasion the plaintiff had responded something to the effect of "F___ You Jew."

The next day, Officer Wren spoke with the plaintiff. Plaintiff denied that he had been warned to stay off the course. He also denied that he had argued with any of the bicyclists or stuck his arm out while jogging to interfere with the bicyclists. Later that day, plaintiff faxed a written statement to Officer Wren.

According to Officer Farley's police report, upon his arrival at the scene, Officer Farley spoke with witness Peter Rosa. Rosa reported that Lopes had intentionally collided with the bicyclists.

On June 14, 2004, Officer Wren prepared a written police report that included the above information, as well as plaintiff's written statement. Officer Wren concluded that the report should be sent to the Alameda County District Attorney for review and filing of "PC 242" (battery) charges against the plaintiff. Officer Wren concluded: "Victims,

2

Lopez v. Freemont Freewheelers et al.
Nolan Memorandum in Support of Motion to Dismiss

Parker and Rath believe this Act was intentional on Lopes behalf. They requested that a report covering the details of this incident be sent to the DA's office."

The District Attorneys' Office subsequently asked the Newark Police Department to obtain further information. In connection with this further investigation, witness Jason Sage sent Officer Wren additional written statements and a CD. Several of the witnesses asserted in their written statements that they had told the plaintiff to exit the bicycle course. In addition, witness Tim O'Hara asserted that when he politely asked Lopes to leave the course, Lopes responded: "F__ You, Jew." Officer Wren submitted both the written statements and the CD to the District Attorney's Office.

On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the bicyclist that had collided with the plaintiff. Officer Wren produced a second supplemental report identifying Bob Parker as the struck bicyclist. Officer Wren's submission of the supplemental report ended his participation in the case.

On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" ("Declaration") to accompany the District Attorney's criminal complaint for an arrest warrant against the plaintiff. Sergeant Douglas read the criminal complaint and Officer Wren's police report with supplements and concurred that probable cause existed to arrest the plaintiff. Accordingly, he prepared and signed the Declaration. Once he submitted the declaration, his involvement with the plaintiff's case ended. [1]

---

[1] The statement of facts comes predominately from the Memorandum and Order, *Lopes v. Wren*, U.S.D.C. Northern District, Case No. C 06-03705 CRB, attached as Exhibit C to Defendants Request for Judicial Notice.

3

Lopez v. Freemont Freewheelers et al.
Nolan Memorandum in Support of Motion to Dismiss

On July 15, 2004, a criminal complaint and arrest warrant were issued charging the plaintiff with misdemeanor battery arising from the June 12, 2004 collision. (Exhibit A attached to Defendant's Request for Judicial Notice). The charges were dismissed on October 12, 2005. (Exhibit B, attached to Defendant's Request for Judicial Notice).

### III. PROCEDURAL HISTORY

On or about November 2, 2007, plaintiff filed the current litigation in Alameda Superior Court. On or about November 8, 2007, plaintiff filed his first amended complaint which contained 18 causes of actions against 33 individuals and entities.

Plaintiff's complaint alleges 18 counts or causes of action against all or some of the defendants. Count 1 alleges a violation of his civil rights under 42 U.S.C § 1983 and 1985. Count 2 alleges that plaintiff is entitled to civil remedies under 18 U.S.C. § 1964(a). Count 3 alleges a violation of plaintiff's civil rights under 42 U.S.C. § 1983. Count 4 alleges violations of plaintiff's civil rights under the 14th Amendment to the U.S. Constitution and 42 U.S.C. § 1983. Count 5 and 6 allege plaintiff's due process rights were violated under the 14th Amendment to the U.S. Constitution. Count 7 alleges a violation of 18 U.S.C §1962(d). Count 8 alleges various defendants violated plaintiff's right under 42 U.S.C §1985 and 42 U.S.C. §2000(b) and (c). Count 9 alleges plaintiff has suffered injury in violation of 42 U.S.C. §1985. Count 10 alleges negligence. Count 11 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution. Count 12 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1981. Count 13 alleges that plaintiff's Fifth Amendment right against self-incrimination under the United States Constitution was infringed. Count 14 alleges defendants violated plaintiff's

right under the Sixth Amendment to the United States Constitution. Count 15 alleges plaintiff's rights under the 14th Amendment to the United States Constitution were violated. Counts 16, 17, and 18 allege various causes of action but do not specify the statutory basis for those injuries. Defendant Larry Nolan was named only in Count 8 and Count 18.

Count 8 states Nolan violated 42 U.S.C. § 1985 and 42 U.S.C. 2000. 42 U.S.C. § 1985 covers conspiracy to interfere with civil rights. Subparagraph (1) prevents conspiracies to prevent an elected officer from performing his or her duties, subparagraph (2) prevents conspiracies to obstruct justice in the court setting, and subparagraph (3) prevents conspiracies to deprive a person of the right to vote. 42 U.S.C. § 2000 restricts discrimination or segregation in places of public accommodations. Count 18 of the complaint appears to allege a cause of action for malicious prosecution.

On December 7, 2007, this case was removed from the Alameda Superior Court to the Northern District of California because the complaint contained federal question. On December 13, 2007, Defendant CB Richard Ellis, Inc. filed its Motion to Dismiss pursuant to 12(b)(6) on grounds that *res judicata* and statute of limitations. On March 10, 2008, this court granted Defendant CB Richard Ellis, Inc.'s motion and dismissed it from this case.

### IV. ARGUMENT

**A. THE CLAIMS ARE BARRED BY THE STATUTES OF LIMITATION**

Plaintiff has sued Larry Nolan for conspiracy to interfere with civil rights. All the facts in Count 8 deal with the time period between when the accident occurred and when the District Attorney filed charges against the Plaintiff. "The Statute of Limitations for

actions filed under 42 U.S.C. § 1985(3) is not specified by federal law. The rule, under these circumstances, is that the most analogous Statute of Limitations of the State from which the claim arose governs." <u>Smith v. Private Industry Council of Westmoreland and Fayette counties, Inc.</u>, 622 F.Supp. 160, 167-168 (USDC W.D.Penn 1985). It appears that the applicable California Statute of Limitations would be two years under California Code of Civil Procedure § 335.1.

Even if the court were to construe the conspiracy in the broadest possible terms and find that the conspiracy lasted until criminal charges were dismissed against the plaintiff, the two-year statute of limitations has run since the criminal charges were dismissed on October 12, 2005 and this present litigation was filed over two years later, on November 2, 2007.

Plaintiff also sued Nolan for malicious prosecution. Even if these allegations could be proved, the applicable statute of limitations for a Malicious Prosecution is two years under California Code of Civil Procedure 335.1. Since over two years had elapsed between the dismissal of the criminal charges and the filing of the current litigation, the statute of limitations has run.

Therefore, the statutes of limitation bars the claims.

**B. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED**

In Count 8, Larry Nolan was sued for conspiracy to interfere with civil rights of the plaintiff under 42 U.S.C. §1985. First, plaintiff failed to state any facts as to how Nolan was a part of any conspiracy "to prevent, by force, intimidation, or threat, any person from accepting or holding any office". Second, plaintiff failed to state any facts as to how he conspired to obstruct the plaintiff from being a witness in any case. Third,

6
Lopez v. Freemont Freewheelers et al.
Nolan Memorandum in Support of Motion to Dismiss

plaintiff failed to state any facts as to how Nolan deprived the plaintiff from the right to vote.

Since this case has nothing to do with holding of office, presenting testimony as a witness, or voting, plaintiff has failed to state a cause of action upon which relief can be granted.

In Count 8, plaintiff also alleges that plaintiff violated his civil rights in accordance with 42 U.S.C. 2000 (b) – (c). 42 U.S.C. 2000 deals with the prohibition against discrimination or segregation in places of public accommodation. Plaintiff has failed to show how Larry Nolan is a public facility since he was only a cyclist riding on closed roads in a bicycle race. Further, even if Larry Nolan was a public facility, subsection (b) deals with civil actions brought by the attorney general.

Plaintiff is not the attorney general and as such this claim is without merit.

In Count 18, plaintiff alleges that plaintiff is liable for malicious prosecution. In California, the tort of malicious prosecution comes from the common law.

> "In order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice."

Sheldon Appel Company v. Albert & Oliker, (CAL 1989).

While the plaintiff can prove the first element that the criminal action was terminated in his favor, the plaintiff cannot prove either the second element for malicious prosecution. This court in the case of Lopes v. Wren, (No. C 06-03705 CRB) found that the District Attorney did have probable cause in filing criminal charges against the plaintiff. (Memorandum and Order, p. 6, dated June 25, 2007).

7

Lopez v. Freemont Freewheelers et al.
Nolan Memorandum in Support of Motion to Dismiss

Therefore the plaintiff has failed to state a cause of action for which relief can be granted.

### C. THE PRAYER FOR RELIEF CONTAINS REMEDIES INAPPLICABLE FOR A CIVIL CAUSES OF ACTION

In Count 8, plaintiff requests that defendant Larry Nolan be charged with assault and battery. In Count 18, Plaintiff request to make a citizen arrest for battery and assault. Criminal charges of assault and battery are not legal remedies for violation of civil rights (Count 8), or malicious prosecution (Count 18).

### V. CONCLUSION

For the reasons set forth above, the motion should be granted.

Respectfully submitted,

Dated: May 7, 2008            by: __/s/ Mark P. Meuser_____
                                  Mark P Meuser, Esq. (SBN 231335)
                                  P.O. Box 5412
                                  Walnut Creek, CA 94596
                                  (415) 577-2850 – Telephone
                                  mpm@markmeuser.com

ATTORNEY FOR DEFENDANT LARRY NOLAN