DAVID I. DALBY (SBN: 114850)
CASEY A. HATTON (SBN: 246081)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070
ddalby@hinshawlaw.com

Attorneys for Defendants
USA CYCLING, INC. AND LINDA
BUFFETTI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>Plaintiff,<br><br>vs.<br><br>FREEMONT FREEWHEELER, ET AL.,<br><br>Defendants. | Case No. C 07-6213 PJH<br><br>DEFENDANTS USA CYCLING, INC.'S AND LINDA BUFFETTI'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP RULE 12(b)(5)(6)<br><br>Date:          June 25, 2008<br>Time:         9:00 a.m.<br>Courtroom:  3<br>Hon. Phyllis J. Hamilton<br><br>Complaint Filed:     November 2, 2007 |

## I.   INTRODUCTION

Defendants USA CYCLING, INC and LINDA BUFFETTI move to dismiss this action against them on the following grounds. First, pursuant to Federal Rules of Civil Procedure, Rules 4(h)(m) and 12(b)(5), this action was not properly served on USA Cycling, Inc. in the time and manner prescribed for service by this Court. Second, the complaint must be dismissed against USA Cycling as the only cause of action alleged against it, Count Eight of the complaint, is barred by the applicable statute of limitation and otherwise fails to state facts on which relief can be granted.

Defendant Linda Buffetti moves the Court to dismiss this action against her as Count Two of the complaint fails to state facts upon which relief can be granted and Count Eighteen of the

1

complaint is time barred and otherwise fails to state facts on which relief can be granted.

## II.  STATEMENT OF FACTS

While running in a business park in Newark, California on June 12, 2004, plaintiff collided with bicyclists participating in a bicycle race. The bicycle race was organized and promoted by the Freemont Freewheelers Bicycle Club. USA Cycling sanctioned the event. Defendant Linda Buffetti is employed by USA Cycling as a member service representative for the western region of the United States.

On July 15, 2004 a criminal complaint and arrest warrant were issued by Alameda County authorities charging plaintiff with misdemeanor battery arising from the June 12, 2004 collision. (Plaintiff's complaint, 2:7-3:14; Exhibit A attached to defendants' Request for Judicial Notice). The criminal charges against plaintiff were dismissed on October 12, 2005. (Exhibit B, RJN).

Plaintiff's collision with the bicyclists has resulted in at least four (4) lawsuits by plaintiff, including, most recently, a suit against the attorney that represented plaintiff in a personal injury action arising from the collision, *Lopes v. Turnage*, Alameda County Superior Court, Case No. HG07356863.

## III.  PROCEDURAL HISTORY

On November 2, 2007, plaintiff filed the current litigation in Alameda County Superior Court. (Exhibit E, RJN). On November 8, 2007 plaintiff filed a First Amended Complaint (hereinafter "complaint") which contained eighteen (18) causes of action against thirty-three (33) individuals and entities. The counts alleged against defendants USA Cycling and Linda Buffetti are as follows: Count Two purports to allege a Racketeer Influenced Corrupted Organization (RICO) claim against Linda Buffetti under 18 USC section 1962(d); Count Eight purports to allege a cause of action for a civil rights violation pursuant to 42 USC section 1985(3) against USA Cycling; and Count Eighteen purports to allege a malicious prosecution action against Linda Buffetti.

On December 7, 2007, the case was removed from the Alameda County Superior Court to the United States District Court, Northern District of California, based upon federal question jurisdiction. On December 13, 2007, defendant CB Richard Ellis, Inc. filed a motion to dismiss pursuant to Rule 12(b)(6) on the grounds that res judicata and the statute of limitations barred the

1  action. On March 10, 2008, this court granted defendant CB Richard Ellis, Inc.'s motion and
2  dismissed it from this case.
3      On March 28, 2008, this Court entered an order granting a request to continue the case
4  management conference from April 3, 2008 to May 29, 2008. (Document 26) As part of its
5  March 28, 2008 order, the Court ordered plaintiff to have all defendants properly served in this
6  action no later than April 30, 2008 (Document 26, p.2).
7      On April 15, 2008 plaintiff obtained a summons from the District Court in the names of
8  various defendants including Linda Buffetti and USA Cycling.
9      On April 23, 2008, defendant Linda Buffetti was served with two copies of the summons and
10 plaintiff's first amended complaint at USA Cycling's headquarters in Colorado Springs, Colorado.
11 Ms. Buffetti is a member services representative for USA Cycling and is paid on an hourly basis.
12 Ms. Buffetti is not an officer, director, managing agent or general agent of USA Cycling.
13 Ms. Buffetti is not an agent authorized by appointment or by law to receive service of process on
14 behalf of USA Cycling. (Buffetti Declaration, ¶ 2.)
15     On Friday, May 2, 2008 the Court entered an order to show cause for plaintiff to file proofs
16 of service of the summons and complaint on the remaining 25 defendants no later than May 16,
17 2008. (Document 31)

## IV.  ARGUMENT

Although, for purposes of a Rule 12(b) motion, the Court should accept the plaintiff's factual allegations as true, the court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. *Transphase Systems, Inc. v. Southern California Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993), quoting *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 – 1396. Nor need the court assume that a plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In other words, the Court need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

### A. USA Cycling Has Never Been Properly Served With The Summons And Complaint

USA Cycling, Inc. is a Colorado nonprofit corporation. (See the Declaration of Linda Buffetti, ¶ 1) USA Cycling's Articles of Incorporation may be viewed at its website, www.usacycling.org, and are attached as Exhibit D to defendants' Request for Judicial Notice.

Pursuant to Federal Rules of Civil Procedure, Rule 4(h)(1)(b), a corporation may be served with process by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Alternatively, pursuant to Rule 4(e)(1), a corporation can be served with a summons and complaint following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Under Colorado law, service of a corporation has to be made by delivering a copy of the summons and of the complaint to an officer, director, managing or general agent or an authorized agent for service of process. Colorado Rules of Civil Procedures section 4(e)(5).

Federal Rule of Civil Procedure 12(b)(5) allows a motion to dismiss on the grounds that the plaintiff has made insufficient service of process. The Court cannot exercise jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Accordingly, a district court has broad discretion to dismiss an action entirely for failure to properly effect service. *Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir. 2002), citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Under the Rule, neither actual notice nor simply naming the defendant in a complaint provides personal jurisdiction absent substantial compliance with Rule 4's requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Service is improper where a person who is not authorized to accept service is served. 3 J. Moore et al., *Moore's Federal Practice* § 12.33 (3d ed. 2005). When a defendant files motion to dismiss challenging sufficiency of service of process, plaintiff bears the burden of proving the adequacy of service. *Beatie and Osborn LLP v. Patriot Scientific Corp.* (S.D.N.Y. 2006) 431 F.Supp.2d 367.

In this action plaintiff purported to serve USA Cycling by serving a copy of the summons and complaint on defendant Linda Buffetti in Colorado Springs on April 23, 2008. However, as explained in Ms. Buffetti's declaration, she is an hourly employee of USA Cycling. Ms. Buffetti is not an officer, director, managing agent or general agent of USA Cycling. Ms. Buffetti is not an agent authorized by appointment or by law to receive service of process on behalf of USA Cycling. Accordingly, as USA Cycling has not been properly or timely served with a summons and complaint in this action, the complaint must be dismissed as to USA Cycling.

### B.     Count Eight Of Plaintiff's Complaint is Barred By The Statute Of Limitations

Count Eight of the complaint is also barred by a two year statute of limitations. At the latest, the plaintiff's cause of action accrued on October 12, 2005, the date of the dismissal of the criminal action. (RJN, Ex. B). Therefore, the statute of limitations for the plaintiff's section 1985 claim expired, at the latest, on October 12, 2007. This action was not filed until November 2, 2007.

Federal court's follow the analogous local statute of limitations for actions brought under 42 U.S.C. § 1985. *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985). In *Wilson*, the Supreme Court held that because 1983 actions are best characterized as actions for injuries to personal rights, district courts should borrow the state statute of limitations that applies to personal injury actions. *Wilson*, 471 U.S. at 279-80. The Ninth Circuit has since applied the *Wilson* holding to 1985 claims as well. *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir.1991) (deciding that the California personal injury statute of limitations applies to claims brought pursuant to 42 U.S.C. § 1985(3)); *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711-12 (9th Cir.1993) (holding that personal injury statute of limitations applies to claims brought pursuant to 42 U.S.C. § 1985 ). In California, personal injury actions are governed by California Code of Civil Procedure § 335.1, which provides a two-year limitations period.

Although state law provides the statute of limitations for claims under section 1985, federal law determines when a civil rights claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.*, quoting *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir.1999). Section 1985 actions accrue "upon the occurrence of the last overt act of the conspirators

5

alleged to have caused damage." *Venegas v. Wagner*, 704 F.2d 1144 (9th Cir. 1983).

The criminal charges against plaintiff were dismissed on October 12, 2005. (RJN, Ex. B). No act in furtherance of a conspiracy to prosecute the plaintiff could have occurred after the date of the dismissal. At the very latest, plaintiff had reason to know of his injury by the date the criminal action had been completely tried. Therefore, the statute of limitations for plaintiff's 1985 claim commenced on October 12, 2005 and expired at the latest on October 12, 2005. As this action was not filed until November 2, 2007, Count Eight is barred by the statute of limitations and must be dismissed.

### C.  Count Eight Fails To State Facts On Which Relief May Be Granted

Count Eight of the complaint alleges that USA Cycling engaged a conspiracy to deprive the plaintiff of equal protection of the law. A complaint may be dismissed under Rule 12(b)(6) if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 – 534 (9th Cir. 1984). It is beyond doubt that plaintiff cannot prove facts in support of this claim and therefore dismissal is appropriate under F.R.C.P. 12(b)(6).

In order to prove a claim for relief under 42 U.S.C. §1985(3), the plaintiff must show:

(1)  a conspiracy;

(2)  for the purposes of depriving a person of the equal protection of the laws;

(3)  an act in furtherance of the conspiracy;

(4)  whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen.

*Mustafa v. Clark County School District*, 157 F.3d 1169, 1181 (9th Cir. 1998). See also *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

In order for a conspiracy to exist, there must an express or tacit agreement among the co-conspirators. "The plaintiff must show an agreement or 'meeting of the minds' by the defendants" to violate the plaintiff's rights. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983).

6

Count Eight does not state facts sufficient to show an agreement among the alleged conspirators to engage in a conspiracy. Count 8 contains random statements regarding emails, "pursued the District Attorney," and testifying in court. None of these allegations could ever be construed as depriving the plaintiff of the equal protection of the law. This cause of action must be dismissed as to USA Cycling for failure to state a cause of action upon which relief may be granted.

### D.   Count Two Fails To State Facts On Which Relief Can Be Granted

Although plaintiff attempts to allege a civil conspiracy in violation of the RICO statute in Court Two of the Complaint, this Count does not begin to satisfy the strict pleading requirements for a fraud cause of action in federal court.

The RICO cause of action appears to be based loosely on allegations that a group "utilized email to defraud the insurance company." Complaint, at Count 2. The Federal Rules of Civil Procedure, Rule 9(b), requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To properly state a claim for fraud, the plaintiff must allege that the defendant made a false representation, knowledge of the falsity, intent to deceive, the plaintiff's reliance thereon, and resulting damage. *Small v. Frits Companies*, 30 Cal.4th 167 (2003). Plaintiff only alleges that fraud was committed against an "insurance company" which in some manner supposedly relates to plaintiff being charged with crimes.

Furthermore, to establish a conspiracy under section 1962(d), "a plaintiff must prove an agreement involving either a violation of a substantive provision of RICO or a violation of two predicate offenses." *Tonnemacher v. Sasak*, 859 F.Supp. 1273, 1277 (D. Ariz. 1994), citing *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984). "When a plaintiff fails to allege the requisite substantive elements of RICO, however, a conspiracy cause of action cannot stand." *Tonnemacher*, 859 F.Supp. at 1277, citing *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 8 (9th Cir.1992). A conspiracy to violate RICO also requires a showing that the defendant was aware of the essential nature and scope of the enterprise and intended to participate in it. *Tonnemacher*, 859 F.Supp. at 1277 (citations omitted).

Plaintiff does not allege a violation of a substantive provision of RICO. In order to state a claim under the RICO statute, the "plaintiff must allege a RICO 'enterprise' which is 'separate and

7

apart from the pattern of activity in which [the enterprise] engages." *Alves v. Player's Edge, Inc.*, Slip Copy, 2007 WL 1238681 (S.D. Cal.), quoting *Chang v. Chen*, 80 F.3d 1293, 1297 (9th Cir. 1996). An enterprise is a group that "exists independently from the racketeering activity in which it engages." *Simon v. Value Behavioral Health, Inc.*, 208 F.2d 1073, 1083 – 1084 (9th Cir. 2000). The conspiracy itself is not an enterprise. *Simon*, 208 F.2d at 1083. "In order to sufficiently allege an 'enterprise' under 18 U.S.C. § 1962, a complaint must allege an entity with 'some sort of structure . . . for the making of decisions,' and 'some mechanisms for controlling and directing the affairs of the group on an ongoing, rather than an ad hoc, basis." *Simon*, 208 F.2d at 1083.

Plaintiff's first amended complaint does not come close to alleging a substantive violation of the RICO statute. Furthermore, plaintiff does not allege a group, structure, decision, control or direction sufficient to plead a cause of action under § 1962(d).

Accordingly, as plaintiff simply has not alleged the basis for a claim for civil remedies for a conspiracy to commit fraud in violation of RICO, this claim must be dismissed as to Linda Buffetti.

### E. Count Eighteen Is Barred By The Statute Of Limitations

It is apparent that plaintiff is attempting to allege a cause of action for malicious prosecution in the eighteenth count of the complaint. The statute of limitations for a malicious prosecution action is two years. *Stavropoulos v. Superior Court*, 141 Cal.App.4th 190, 193 – 194 (Cal. Ct. App. 2006). A malicious prosecution action accrues when judgment is entered in the trial court. *Id.* at pp. 334-335. Under California law, a malicious prosecution claim accrues on the date that the trial court enters judgment. *Gibbs v. Haight, Dickson, Brown & Bonesteel*, 228 Cal. Rptr 398, 402 (Cal. Ct. App. 1986).

The criminal charges against plaintiff were dismissed on October 12, 2005 and the malicious prosecution cause of action accrued on that date. The statute of limitations expired on October 12, 2007. Since over two years passed since the dismissal of the criminal charges against plaintiff and the filing of this action, the statute of limitations bars this claim against Ms. Buffetti.

### F. The Plaintiff's Claim for Malicious Prosecution Against Linda Buffetti Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted.

As noted, it is apparent that plaintiff is attempting to allege a cause of action for malicious

8

prosecution in the eighteenth count. But this purported claim requires that a defendant direct or commence the alleged malicious prosecution. There are no allegations in this count explaining how Linda Buffetti had anything to do with plaintiff's criminal prosecution.

In Count 18 of the complaint, plaintiff alleges that Ms. Buffetti instituted and caused a malicious prosecution of the plaintiff. But if it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", dismissal is appropriate under F.R.C.P. 12(b)(6). *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In order to state a claim for malicious prosecution, the plaintiff must allege that:

(1) the underlying prosecution was commenced by or at the direction of the defendant;

(2) to a legal determination in plaintiff's favor;

(3) which was initiated without proper cause; and

(4) with malice.

*Sheldon Appel Co. v. Albert & Oliker*, 13 Cal.3d 43, 50 (Cal. Sup. Ct. 1974).

In plaintiff's previous federal action the court specifically found that the District Attorney had probable cause to file criminal charges against the plaintiff. (June 25, 2007 Memorandum and Order, p. 6., Exhibit C to RJN). There are no allegations or evidence that Ms. Buffetti was in any way connected with the prosecution of the plaintiff. She did not witness his allegedly criminal conduct, she did not speak with the police or the prosecution and she did not testify at trial. Plaintiff has failed to state, and will never be able to prove, a cause of action for malicious prosecution against Ms. Buffetti. This claim must be dismissed.

## V. CONCLUSION

Plaintiff's summons and complaint were never properly or timely served on USA Cycling. The only count alleged against USA Cycling, Count Eight, is barred by the applicable statute of limitations and fails to state facts upon which relief can be granted. As to Linda Buffetti, Count Two of the complaint fails to state facts upon which relief can be granted and Count Eighteen is barred by the application statute of limitations and fails to state facts upon which relief can be granted.

Accordingly, plaintiff's complaint should be dismissed as to defendants USA Cycling and Linda Buffetti.

DATED: May 12, 2008

HINSHAW & CULBERTSON LLP

By: *[signature]*
DAVID I. DALBY
Attorneys for Defendants
USA CYCLING, INC. AND
LINDA BUFFETTI

2971090v1  888497