DAVID I. DALBY (SBN: 114850)
ddalby@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

Attorneys for Defendants
USA Cycling, Inc. and Linda Buffetti

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>          Plaintiff,<br><br>vs.<br><br>FREEMONT FREEWHEELER, ET AL.,<br><br>          Defendants. | Case No.:  **C 07-6213 PJH**<br><br>**DEFENDANTS USA CYCLING, INC.'S AND LINDA BUFFETTI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5)(6)**<br><br>Date:          June 25, 2008<br>Time:          9:00 a.m.<br>Courtroom:   3<br>Hon. Phyllis J. Hamilton<br><br>Complaint Filed: November 2, 2007 |

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence, Rule 201, defendants USA Cycling, Inc. and Linda Buffetti hereby respectfully request that in considering the concurrently-filed motion to dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(5) and 12(b)(6), the Court take judicial notice of the following documents:

1

2971002v1 888497

1   (1)    Warrant filed on July 15, 2004 entitled *People of the State of California v. Neal*

2  *Lopes*, Alameda County Superior Court, Case No. 209109-1. (Exhibit A).

3   (2)    Clerk's docket and minutes of October 12, 2005 where the court granted dismissal

4  of the charges in *People v. Lopes*, Alameda Superior Court, Case No. 209109-1. (Exhibit B).

5   (3)    Memorandum and Order dated June 25, 2007 in an action entitled *Cornelius*

6  *Lopes v. Joseph Dale Warren, et al.* United States District Court, Northern District of California,

7  Case No. C-06-03705 CRB. (Exhibit C).

8   (4)    The Articles of Incorporation of USA Cycling, Inc. (Exhibit D). Also available at

9  USA Cycling Inc.'s website: www.usacycling.org

10   (5)    Plaintiff's original complaint filed in the Alameda County Superior Court on

11  November 2, 2007. (Exhibit E).

12   Under Rule 201, a district court may take judicial notice of facts that are "not subject to

13  reasonable dispute" because they are "either (1) generally known within the territorial

14  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

15  sources whose accuracy cannot be reasonably questioned." Fed. Rule Evid. 201.

16   When ruling on a motion to dismiss, a district court may properly consider documents

17  referred to in a complaint though not attached thereto, so long as neither party questions the

18  authenticity of these documents. *In re Silicon Graphics Securities Litigation* (9th Cir. 1999) 183

19  F.3d 970, 986; *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706; *Pollstar .v Gigmania*

20  *Ltd.,* (E.D. Cal. 2000) 170 F.Supp 2d 974, 978 (taking judicial notice of website printout when

21  ruling on a motion to dismiss). If anything can be gleaned from plaintiff's first amended

22  complaint it is the fact that this action relates to the earlier criminal prosecution of plaintiff by

23  Alameda County authorities that terminated approximately "seventeen months" after plaintiff's

24  collision with some bicyclists on June 12, 2004.

25

26  / / /

27

28

DEFENDANTS USA CYCLING, INC.'S AND LINDA BUFFETTI'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5)(6)
CASE NO.  C 07-6213 PJH

2971002v1 888497

1    For the foregoing reasons, defendants USA Cycling, Inc. and Linda Buffetti respectfully

2  request that the Court take judicial notice of Exhibits A – E attached hereto.

3  DATED: May 12, 2008                    HINSHAW & CULBERTSON LLP

4

5

6  By: _____

7      DAVID I. DALBY
       Attorneys for Defendants

8      USA Cycling, Inc. and Linda Buffetti

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS USA CYCLING, INC.'S AND LINDA BUFFETTI'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5)(6)
CASE NO.  C 07-6213 PJH

2971002v1 888497

# EXHIBIT A

Dept. No.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA,    **FILED**
FREMONT HALL OF JUSTICE    ALAMEDA COUNTY

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA | NO.  **2 09109-1** |
| | COMPLAINT |
| v. | |
| **NEAL LOPES** | PFN: *DPH278*  CEN: *4267588* |
| | |
| Defendant(s). | **WARRANT** |

JUL 1 6 2004

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

The Undersigned, being sworn says, on Information and belief, that NEAL LOPES did, in the County of Alameda, State of California, on or about June 12, 2004, commit a Misdemeanor, to wit: BATTERY, a violation of section 242 of the PENAL CODE of California, in that said defendant(s) did willfully and unlawfully use force and violence upon the person of LLOYD RATH.

**SECOND COUNT**

The Undersigned further deposes and says on Information and belief, that said NEAL LOPES did, in the County of Alameda, State of California, on or about June 12, 2004, commit a Misdemeanor, to wit: BATTERY, a violation of section 242 of the PENAL CODE of California, in that said defendant(s) did willfully and unlawfully use force and violence upon the person of BOB PARKER.

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3.

Complainant therefore prays that a warrant issue and that said defendant(s) be dealt with according to law.

Subscribed and sworn to before me,
Thursday, July 15, 2004

/s/ Newark PD-04-3845

_____
LISA M. FARIA
Deputy District Attorney
State Bar #85555 dm
Alameda County, California

# EXHIBIT B

170-401 (REV 3/01)

FREMONT HALL OF JUSTICE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

| | | | | | | |
|---|---|---|---|---|---|---|
| DOCKET NAME | | | DEPT. 607 | | CRT. DATE/TIME 10/12/05  10:00 | |
| EVENT NAME | LOPES,NEAL | | RPT. NO. | NPD04-3845 | DOCK NO. 209109 | |
| PROC. | SET COUNTS | CEN. 4267568 | PFN. ARA413 | A DAY 08/09/04 | S DATE 4/20/06 | |
| CHARGES | 1)M242 PC  2)M242 PC | | | AAG-NPD | ACT FR | |

STAT OR BAIL        TOTAL DAYS IN CUSTODY:    1

09/11/66

| BAIL | STAT. | BOND DT. | BOND CO. | DOB |
|---|---|---|---|---|
| BAIL | STAT. | BOND DT. | BOND CO. TW | |
| FINE/REST. | DATE PAID | REC. NO. | TIME WAIVED | BAC |

### PROCEEDING                DCCO:

| | | |
|---|---|---|
| JUDGE | KELLER LEE/SILVA | DEP. D.A. CAHNERS |
| DEP. CLERK | CRUZ/HOYT/KEEFER/MAGALEI/ROOPE | DEF. ATTY. |
| REPORTER | | OTHERS    ☐ Not Present |

**Defendant:** ☐ Present ☑ Not Present ☐ Excused ☐ In Custody ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to:  lesser included / reasonably related  offense of count(s) _____ to charge(s) _____
☐ Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ **Clauses:** ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for _____ years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____ directly or indirectly: stay at least _____ away
☐ Additional order(s): _Pltfs Motion to draw_
☐ Petition/Motion _____ ☑ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Service

_B Silva's minutes - all exhibits are withdrawn + returned to respective parties_
_P.O. terminated - info scanned 10/19/05 exhibits Court_
_exhibits AA, BB + CC are returned in file_

VT

| | | | | | | |
|---|---|---|---|---|---|---|
| cont: Date: | Time: | Dept. | | Time: | Dept. | Proc.: |

CORPUS Codes:

| DOCKET NAME | | CT. DATE | DOCK NO. |
|---|---|---|---|

# EXHIBIT C

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES,                                No. C 06-03705 CRB

          Plaintiff,                              **MEMORANDUM AND ORDER**

    v.

JOSEPH DALE WREN, et al.,

          Defendants.
_____/

    While jogging one morning in June 2004, plaintiff collided with a bicyclist participating in a bicycle race in Newark, California. A few weeks later plaintiff was arrested for intentionally causing the accident, although he was never convicted of the charges. In this section 1983 action, plaintiff, proceeding pro se, challenges his arrest. The Court has previously dismissed plaintiff's claims against the District Attorney defendants. Now pending before the Court is the motion for summary judgment of the police officer and City defendants: Officer Joseph Daly Wren, Officer Badge 56, City of Newark and Newark Police Department. After carefully considering the papers and evidence filed by the parties, and having had the benefit of oral argument, defendants' motion for summary judgment is GRANTED.

//

//

**United States District Court**
**For the Northern District of California**

1

## FACTUAL BACKGROUND

2       At approximately 8:20 a.m. on June 12, 2004, Newark Police Officers Joseph Wren

3  ("Officer Wren") and Farley were dispatched to investigate an accident involving a

4  pedestrian and a bicyclist at the Eureka Circle Course in Newark, California.  When Officer

5  Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race.

6  Officer Wren noticed that plaintiff Cornelius Lopes, with a mangled face, was sitting on the

7  curb.  Lopes told Officer Wren that he was confused about what had happened, but

8  confirmed that he had been running in the roadway in the opposite direction of the bicycle

9  racers.  Lopes made no other statements to Officer Wren and was eventually transported by

10  ambulance to Washington Hospital.  Prior to this incident, Officer Wren had never met nor

11  heard of plaintiff Lopes.

12       Officer Wren spoke to various witnesses at the scene.  Byron Sheppard reported that

13  he had been directly behind the bicyclist that collided with Lopes and that he had observed

14  Lopes run directly into the group of bicyclists and hold his right arm out to the side, level to

15  the ground, and strike the bicyclist in the middle of the chest.  Officer Wren also spoke with

16  bicyclist Bob Parker, the bicyclist that collided with Lopes.  Parker stated that he did not see

17  Lopes prior to the accident.  Another bicyclist who was involved in the accident did not see

18  or hear what caused the collision.

19       Officer Wren also spoke with Jason Sage.  Sage reported that Lopes had been warned

20  to stay off the roadway and that Sage had been told that on one occasion Lopes had

21  responded something to the effect of "F__ You Jew."

22       The next day Officer Wren spoke with Lopes.  Lopes denied that he had warned him

23  to stay off the course.  He also denied that he had argued with any of the bicyclists or stuck

24  his arm out while jogging to interfere with the bicyclists.  Later that day, Lopes faxed a

25  written statement to Officer Wren.

26       According to Officer Farley's police report, upon his arrival at the scene Officer

27  Farley spoke with witness Peter Rosa.  Rosa reported that Lopes had intentionally collided

28  with the bicyclists.

2

1    On June 14, 2004, Officer Wren prepared a written police report that included the

2  above information, as well as Lopes' written statement.  Officer Wren concluded that the

3  report should be sent to the Alameda County District Attorney for review and filing of "PC

4  242" (battery) charges against Lopes.  Officer Wren concluded: "Victims, Parker and Rath

5  believe this Act was intentional on Lopes behalf.  They requested that a report covering the

6  details of this incident be sent to the DA's office."

7    The District Attorneys' Office subsequently asked the Newark Police Department to

8  obtain further information.  In connection with this further investigation, witness Jason Sage

9  sent Officer Wren additional written witness statements and a CD.  Several of the witnesses

10  asserted in their written statements that they had told Lopes to exit the bicycle course.  In

11  addition, witness Tim O'Hara asserted that when he politely asked Lopes to leave the course,

12  Lopes responded: "F___ You, Jew."  Officer Wren submitted both the written statements and

13  the CD to the District Attorney's Office.

14    On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the

15  bicyclist that had collided with Lopes.  Officer Wren produced a second supplemental report

16  identifying Bob Parker as the struck bicyclist.  Officer Wren's submission of the

17  supplemental report ended his participation in the case.  He never met nor spoke with any

18  District Attorney's Office representative concerning whether to file charges against Lopes or

19  issue an arrest warrant.

20    On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked Newark

21  Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance

22  of Warrant of Arrest" ("Declaration") to accompany the District Attorney's criminal

23  complaint for an arrest warrant against Lopes.  Prior to the request from Faria, Sergeant

24  Douglas had never met nor spoken with a representative of the District Attorney's Office

25  concerning whether to file charges against Lopes.  Sergeant Douglas read the criminal

26  complaint and Officer Wren's police report with supplements and concurred that probable

27  cause existed to arrest Lopes.  Accordingly, he prepared and signed the Declaration.  Once he

28  submitted the Declaration, his involvement with Lopes' case ended.

United States District Court
For the Northern District of California

3

1       On July 16, 2004, a criminal complaint and arrest warrant were issued charging Lopes

2   with misdemeanor battery arising from the June 12, 2004 collision.  Lopes was not convicted

3   of the charges.

4                       **PROCEDURAL HISTORY**

5       Lopes, proceeding pro se, subsequently filed this section 1983 action against certain

6   Alameda County District Attorney's Office defendants, as well as Officer Wren, the City of

7   Newark, the Newark Police Department and the Newark Police Union.  Upon the filing of a

8   motion to dismiss, the Court dismissed the claims against the District Attorney defendants on

9   the ground of absolute prosecutorial immunity and failure to state a claim.

10       The remaining served defendants have now moved for summary judgment.  As

11   plaintiff is proceeding without the benefit of a lawyer it is difficult to discern the exact nature

12   of his claims.  In his "Amended Motion for Plaintiffs' Memorandum of Points and

13   Authorities In Support of Motion for Summary Judgment" filed June 8, 2007, which the

14   Court considers as an opposition to defendants' motion, plaintiff identifies several "claims."

15       In "Claim 1" Lopes appears to contend that Officer Wren's inclusion of the "F___

16   You, Jew" statement his police report violates the Establishment Clause.  Plaintiff's June 8,

17   2007 Memorandum ("Plaintiff's Memorandum") at p. 1.  "Claim 2" contends that Wren

18   conspired with others to obtain plaintiff's arrest warrant without probable cause.  Id. at 8.  In

19   "Claim 3" Lopes alleges that Officer "Wren recklessly published false information of a crime

20   and put it into judicial records with disregard for its truth and falsity that the plaintiff had

21   struck a cyclist."  Id. at 12.  Plaintiff's opposition identifies his claim 4 as "Count 4."  Count

22   4 contends that his due process rights were violated because the CD Officer Wren received

23   included photographs that showed that plaintiff had not committed battery.  In Count 5 he

24   contends that Officer Badge #56 "negligently prepared and signed his signature to the

25   Declaration in Support of Arrest."  Id. at 20.  Plaintiff must be referring to Sergeant Douglas

26   who signed the Declaration, although Sergeant Douglas does not carry Badge #56.  Claim 7

27   and claim 10 allege that the Newark Police Department and the City of Newark negligently

28   trained Officer Wren and Sergeant Douglas (erroneously referred to as Badge #56).  Claims 8

United States District Court
For the Northern District of California

4

1   and 9 are omitted from the opposition; these may be the dismissed claims against the

2   prosecutors.

### SUMMARY JUDGMENT STANDARD

4        A principal purpose of the summary judgment procedure is to isolate and dispose of

5   factually unsupported claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  A

6   party moving for summary judgment that does not have the ultimate burden of persuasion at

7   trial (usually the defendant) has the initial burden of producing evidence negating an

8   essential element of the non-moving party's claims *or* showing that the non-moving party

9   does not have enough evidence of an essential element to carry its ultimate burden of

10  persuasion at trial.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th

11  Cir. 2000).

12       If the moving party does not satisfy its initial burden, the non-moving party has no

13  obligation to produce anything and summary judgment must be denied.  If, on the other hand,

14  the moving party has satisfied its initial burden of production, then the non-moving party

15  may not rest upon mere allegations or denials of the adverse party's evidence, but instead

16  must produce admissible evidence that shows there is a genuine issue of material fact for

17  trial.  Nissan Fire & Marine Ins. Co., 210 F.3d at 1102.  A genuine issue of fact is one that

18  could reasonably be resolved in favor of either party.  A dispute is "material" only if it could

19  affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477

20  U.S. 242, 248-49 (1986).

21       At the case management conference held on January 12, 2007, the Court gave plaintiff

22  a copy of the pro se litigant's summary judgment warning.  The warning specifically advised

23  plaintiff of his burden in responding to a motion for summary judgment.

### DISCUSSION

25  **A.    Establishment Clause Claim (Claim 1)**

26       Plaintiff's Establishment Clause claim fails as a matter of law.  First, it appears to be a

27  new claim and plaintiff has not and will not be given leave to file a Fifth Amended

28  Complaint.  Second, it fails as a factual matter as there is no dispute that Officer Wren was

5

1    told that plaintiff had used the contested phrase.  Third, even if Lopes never uttered the

2    challenged phrase, including the statement in Officer Wren's police report does not violate

3    the Establishment Clause as a matter of law.

4    **B.    Conspiracy to obtain warrant without probable cause (Claim 2)**
         **Due process (Count 4)**
5         **Negligent preparation of declaration in support of warrant (Count 5)**

6         Claim 2, Count 4 and Count 5 all derive from plaintiff's contention that there was not

7    probable cause to charge him with misdemeanor battery.  Plaintiff's claims fail as a matter of

8    law because it is undisputed that the District Attorney filed misdemeanor battery charges

9    against plaintiff.  As the Ninth Circuit has explained:

10        Ordinarily, the decision to file a criminal complaint is presumed to result from
          an independent determination on the part of the prosecutor, and thus, precludes
11        liability for those who participated in the investigation or filed a report that
          resulted in the initiation of proceedings.  However, the presumption of
12        prosecutorial independence does not bar a subsequent § 1983 claim against
          state or local officials *who improperly exerted pressure on the prosecutor,*
13        *knowingly provided misinformation to him, concealed exculpatory evidence, or*
          *otherwise engaged in wrongful or bad faith conduct that was actively*
14        *instrumental in causing the initiation of legal proceedings.*

15   Awaby v. Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (emphasis added).

16        Plaintiff offers no evidence whatsoever that Officer Wren, Sergeant Douglas, or any

17   member of the Newark Police Department exerted any pressure, let alone improper pressure,

18   on the prosecutor.  Nor is there any evidence from which a reasonable jury could find that

19   Officer Wren or Sergeant Douglas knowingly provided false information to prosecutors or

20   concealed exculpatory evidence; to the contrary, the undisputed evidence is that Officer

21   Wren's police report accurately reflects what he was told during his investigation.  In

22   addition, the evidence is undisputed that Officer Wren provided the allegedly exculpatory

23   CD to the District Attorney's Office.  Plaintiff also offers no evidence to support his apparent

24   contention that the police officers conspired with private parties to deprive him of his due

25   process rights.  Accordingly, defendants are entitled to judgment on the above claims.

26   //

27   //

28   //

6

**United States District Court**
**For the Northern District of California**

1  **C.    Publishing false information in the police report and judicial records (Claim 3)**

2      Plaintiff's "libel in public documents" claim, to the extent it differs from his due

3  process claim, also fails as a matter of law.  First, there is no evidence that the police officer

4  defendants knowingly included any false information in their reports or the Declaration.

5      Second, "[i]n order to maintain a cognizable § 1983 claim based on defamation, a

6  plaintiff must demonstrate the loss of a property or liberty interest rooted in the constitution

7  in conjunction with injury to reputation." Crowe v. County of San Diego, 303 F.Supp.2d

8  1050, 1111 (S.D. Cal. 2004).  "As the Ninth Circuit has explained, a § 1983 claim for

9  defamation-plus may be proved either by demonstrating that the plaintiff suffered an injury

10  to reputation that was inflicted in connection with the violation of a federally protected right

11  or by demonstrating that the plaintiff's injury to reputation caused the denial of a federally

12  protected right." Id. (citation omitted).  Plaintiff has identified neither, let alone produce

13  evidence that would support a finding by a reasonable jury that he had suffered such an

14  injury.

15  **D.    Negligent training claims**

16      Since plaintiff's claims against the police officers fail, it follows that his claims

17  against the City of Newark and the Newark Police Department for negligent training of the

18  officers also fail.  Moreover, plaintiff offers no evidence as to the training provided and does

19  not even explain what training the officers should have received.

20  **E.    Police union defendant**

21      Plaintiff also named the "Newark Police Union" as a defendant and has recently filed

22  a motion for summary judgment.  Plaintiff claims that the Union has violated the

23  Establishment Clause.  As the Union is not a government entity, the Establishment Clause

24  does not apply as a matter of law; accordingly, the Court will dismiss the claims against the

25  Union with prejudice.

26  //

27  //

28  //

7

1

**CONCLUSION**

2      For the reasons stated above, defendants' motion for summary judgment on all of the

3   claims against them is GRANTED.  In addition, the claims against the Police Union are

4   dismissed with prejudice.

5      **IT IS SO ORDERED.**

6

7   Dated: June 25, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

# AMENDED AND RESTATED ARTICLES OF INCORPORATION
## of
## USA CYCLING, INC.
### a Colorado Non-Profit Corporation

### ARTICLE I

### Structure

**Section 1.**
The name of this corporation is USA Cycling, Inc. ("Corporation").

**Section 2.**
The Corporation's registered office and principal office address is One Olympic Plaza, Colorado Springs, Colorado 80909-5775.

**Section 3.**
The Corporation shall have voting members as provided for in the Bylaws

### ARTICLE II

### Purposes

**Section 1.**
Notwithstanding any other purpose or provision in these Articles, the Corporation is organized and shall operate at all times exclusively for exempt purposes within the meaning of §501(c)(3) of the Internal Revenue Code of 1986, or a corresponding section of any future federal tax code ("Code").

**Section 2.**
The supreme purpose of the Corporation shall be the preservation, development, and administration of the sport of bicycle racing within the United States of America.

**Section 3.**
The Corporation, principally through the activities of its Associations, shall:
**Part 1.** Conduct, coordinate, and seek the advancement of competitive bicycle racing.
**Part 2.** Establish rules governing the conduct of bicycle races to ensure fair competition and prevent frauds.
**Part 3.** Conduct or participate in programs to assist riders in the development of their competitive skills and to ensure safe competition.
**Part 4.** Conduct National Championships and select or recommend teams to represent the United States of America in international and Olympic competition.
**Part 5.** Represent the sport of bicycle racing in the United States of America to other national, international, and Olympic sports organizations.
**Part 6.** Act as the repository for all certified and approved records pertaining to the sport.
**Part 7.** Seek to uphold the rights and interests of cyclists and to communicate these interests to governmental authorities and to the general public.
**Part 8.** Be organized to provide fair representation, directly or by affiliation, for all individuals and organizations that participate in the sport.

- 1 -

**Section 4.**

    The Corporation may do everything necessary or incidental to the purposes described above which are not forbidden by the Colorado Revised Non-Profit Corporation Act as may be amended ("Act"), by any other applicable law or by these Articles.

**Section 5.**

    The Corporation is irrevocably dedicated to, and operated exclusively for, charitable and non-profit purposes. No part of the assets of the Corporation shall be distributed to or inure to the benefit of any individual.

### ARTICLE III

### Corporate Powers

**Section 1.**

    The Corporation shall have and may exercise every right, power, and privilege now or hereafter conferred upon it or pursuant to the Act and any other applicable laws.

**Section 2.**

    The Corporation shall have authority to do whatever is reasonably necessary to accomplish its purpose.

**Section 3.**

    The Corporation shall have no power to make a loan to any of its directors or officers.

**Section 4.**

    No part of the net earnings of the Corporation shall inure to the benefit of or be distributable to its members, trustees, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article II hereof. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of these Articles, the Corporation shall not carry on any activities not permitted to be carried on (a) by a corporation exempt from federal income tax under §501(c)(3) of the Code or (b) by a corporation, contributions to which are deductible under §170(c)(2) of the Code.

**Section 5.**

    In the event of the dissolution of the Corporation or the winding up of its affairs, the Corporation's property shall not be conveyed to any individual or organization created or operated for profit for less than the fair market value of such property, and all assets remaining after the payment of the Corporation's debts shall be conveyed or distributed to an organization or organizations created and operated exclusively for charitable and non-profit purposes similar to those of the Corporation and consistent with the exempt purposes provided for under §501(c)(3) of the Code.

### ARTICLE IV

### Amendments and Construction

**Section 1.**

    These Articles may be amended by the "Voting Members", as that term is defined in the Bylaws, or by the Board of Directors. Amendments to the Bylaws and other rules and regulations of the Corporation shall be made in accordance with the Bylaws. All amendments to these Articles must be approved by at least two-thirds of the total votes cast, abstentions not being counted. The text of any proposed amendment to these Articles shall be provided to the Voting Members or the Board of Directors, which ever may be applicable, no less than 30 days prior to the meeting at which the

- 2 -

amendment will be considered. Any amendment to these Articles shall be proposed in writing to the Secretary of the Corporation by the Board of Directors or at least 10% of the Voting Members.

**Section 2.**

In interpreting these Articles and all governing documents of the Corporation, the feminine gender shall be substituted for the masculine, the plural for the singular, and the singular for the plural where such substitution is consistent with the context.

## ARTICLE V

### Liability

The personal liability of the Directors of the Corporation shall be eliminated to the fullest extent permissible under Colorado and other applicable law.  No Director shall be personally liable to the Corporation or its members for monetary damages for any breach of fiduciary duty as a director, except that no Director's liability to the Corporation for monetary damages shall be eliminated or limited on account of any of the following: (i) any breach of the director's duty of loyalty to the Corporation or its members; (ii) any acts or omissions of a Director not in good faith or that involve intentional misconduct or a knowing violation of law; (iii) the Director's assent to or participation in either an unlawful distribution by the Corporation, or the making of a loan by the Corporation to one of its officers or Directors; or (iv) any transaction in which a Director received improper personal benefit.  Nothing herein shall be construed to deprive any Director of the right to all defenses ordinarily available to a director nor shall anything herein be construed to deprive any Director of any right for contribution from any other Director or other person.  Any repeal or modification of this Article V shall be prospective only and shall not adversely affect any right or protection of a Director existing at the time of such repeal or modification.

- 3 -

# EXHIBIT E

*6107370*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Fremont Freewheelers, K&K Insurance, USA Cycling, Northern California and Nevada Cycling Association (NCNCA) Robert Parker, Lawrence Nothegrove, Lloyd Roth, Richard Brackie

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Cornelius Lopes
6251 Quartz Place
Newark, CA 94560

**FILED**
**ALAMEDA COUNTY**

NOV 2 - 2007

CLERK OF THE SUPERIOR COURT

By _____ Deputy

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Hayward Superior Court
24405 Amador St.
Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
RG 07354585

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cornelius Lopes
6251 Quartz Place, Newark, CA 94560

PAT S. SWEETEN

DATE:
*(Fecha)* 11/2/07

Clerk, by _____ , Deputy
*(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: Lopes v. Fremont Freewheelers | CASE NUMBER: HG 07354585 - |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Gary Birch, Sally Wilson, Jason Sage, Tim O'Hara, Jeff Wong, Joseph Dale Wren C.B. Ellison, Byron Sheppard, Larry Nolan, Steve Grusis, Larry Rosa, Fremont Freewheelers Race Team, Linda Buffett, Joe Baughman, Peter Allen, Alameda County District Attorney, Newark Police Department, Casey Carrington

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com



1
2
3
4
5

SUPERIOR COURT OF THE STATE

OF CALIFORNIA FOR THE COUNTY OF

ALAMEDA COUNTY

**FILED**
ALAMEDA COUNTY

NOV 2 - 2007

CLERK OF THE SUPERIOR COURT

By_____Deputy



6   Cornelius Lopes                               CASE NUMBER:
7   6251 Quartz Place
    Newark, CA. 94560                             CIVIL CLAIM
    510-790-3818
8
    PLAINTIFF,
9                    v.

10  Fremont Freewheelers, K&K Insurance, USA Cycling,  Northern California and Nevada Cycling

11  Association (NCNCA), Robert Parker, Lawrence Upthegrove, Lloyd Rath, Richard Brockie, Gary

12  Birch, Sally Wilson, Jason Sage, Tim O'Hara, Jeff Wong, Joseph Dale Wren, C.B. Ellison

13  Byron Sheppard, Larry Nolan, Steve Grusis, Larry Rosa, Fremont Freewheelers Race Team,

14  Linda Buffetti, Joe Baughman and Peter Allen, Alameda County District Attorney

15  Newark Police Department, Casey Carrington
    DEFENDANTS,
16                                                                                    /

17

18  Plaintiff asks to submit a civil claim for Constitutional violations and seeks equitable relief

19  through a jury trial. Plaintiff challenges California law and the Alameda County jury selection

20  process.

21
22
23
24
25
26
27
28

COUNT 1

On or between June 12 and June 22 Jason Sage a promoter with the Fremont Freewheelers

held a grudge against Plaintiff and set out to get him and illegally seized Plaintiffs identity

through the characterization of one who is anti-Semitic. An action for damages for private

conspiracies for the purpose of depriving any person of class or persons of equal protection

of the laws, 42 U.S.C. ss1985(3)

As a result Plaintiff was charged with two counts of battery plus a hate crime and was in the

criminal justice system as a defendant for seventeen months. Plaintiff was unfairly deprived

of liberty a constitutional provision and denied legal proceeding and right to a fair trial. As a

result Plaintiff was diagnosed with posttraumatic stress disorder for the injuries are consequent

violations of Plaintiffs fourteenth Amendment rights.

Where federal rights have been invaded courts will grant necessary relief upon demonstrating

an injury of violations of the Fourth Amendment. Plaintiff seeks unspecified monetary damages

and appropriate equitable relief.

42 U.S.C. ss1983 Civil Action for Depravation of rights, 42 U.S.C. ss1985 Conspiracy to

interfere with Civil Rights (1)(2)(3), Defendant should be charged with ss242.

Count 2

Joe Baughman, Linda Buffetti, Fremont Freewheelers and FFBC Race Team conspired to

conduct and participate in the affairs of an enterprise which includes any association or group

of individuals who engaged in interstate commerce through the pattern of racketeering activities

in violation of 18 U.S.C. ss1962 (d). The enterprise as a group of individuals associated in fact

for the purpose of illegally committing fraud by utilizing email to defraud the insurance company,

corruptly influencing and attempting to corruptly influence the outcome of a state court

proceeding.

As a result this claim is based on the denial of due process rights in the outrageous behavior

of the non-profit agency. The persons associated for the common purpose of receiving an income

through the collection of an unlawful debt were the officers of the company. They use indirectly

such income or the proceeding of such income to acquire interest to establish or operation

1    of activities that affected their commerce.

2    As a result Plaintiff was charged with two counts of battery and a hate crime, suffers from PTSD

3    and denied due process rights. Plaintiff seeks civil remedies provided by 18 U.S.C. ss1964(a)

4    (c), Plaintiff seeks unspecified monetary damages and equitable relief.

5

6                                        COUNT 3

7        Casey Carrington and  Richard Brockie on June 12 through June 22, 2004 recklessly published

8        false information the Plaintiff had committed a crime and put in on the Fremont Freewheelers

9        Bike Club email list and solicited the District Attorney to file charges of battery and a hate crime

10       against the Plaintiff.

11   As a result Plaintiff was charged with two counts of battery plus a hate crime for a crime he did

12       not commit, Plaintiff was forced to disprove falsehoods in a criminal proceeding which he was

13       in for seventeen months. Defendant should be charged with ss242 battery for he was acting

14       "under color" of law  while aiding in a criminal investigation.

15   Plaintiff was diagnosed with posttraumatic stress disorder and has had several panic attacks

16       due to the mental stress and concern for his family's future.  Plaintiff seeks monetary damages.

17       42 U.S.C. ss1983 provides remedies and relief against action "under color" of law.  Fourteenth

18       Amendment, Screws v. United States, supra

19                                       COUNT 4

20       Sage and Brockie were involved in a conspiratorial relationship with persons with whom they

21       conspired to commit a crime to pretext information the Bike club gathered as true and correct that

22       the Plaintiff had committed a crime.  On June 14, 2004 he and Jason Sage set into motion by

23       pretext the arrest of the Plaintiff for a offence which there was no lawful grounds for an arrest of

24       the Plaintiff.

25       On June 21, 2004 in an email the Defendant believed it was he and Defendant Sages job to

26       persuade the D.A. to press charges even though they were not the injured party. In the June 20th

27       email he admits the clubs liability to the accident but believes criminal charges are best for the

28       Plaintiff  in the June 14th email.

1    As a result plaintiff was charged with two counts of battery and a hate crime. The defendants

2    disregard of the constitutional requirement guarantee, deprived Plaintiff of his Fourteenth

3    Amendment rights and Due Process of law. Plaintiff seeks unspecified monetary damages

4    and equitable relief.

5    Monroe v. Pape, 365 U.S. (1961), Esposito-Hilder v. SFX Broadcasting, 654 (1996), 42 USC 1983

6               COUNT 5

7    Defendant's Jason Sage, Sally Wilson, Jim Davis, Tim O'Hara and Gary Birch on June 12

8    through June 22, 2004 recklessly published false information the Plaintiff had committed a

9    crime and put it on the Fremont Freewheelers Bike club email list and solicited the District

10    Attorney to file charges of battery and a hate crime against the Plaintiff.

11    As a result Plaintiff was charged with two counts of battery plus a hate crime he did not commit,

12    Plaintiff was forced to disprove falsehoods in a criminal proceeding which he was in for

13    seventeen months. Defendants should be charged with ss242 battery upon Plaintiff and their acts

14    treated as acting "under color" of law while aiding in a criminal investigation.

15    Plaintiff was diagnosed with PSTD and spent $70,000 on criminal attorney's fees to disprove

16    the falsehoods of the Defendants. Plaintiff seeks unspecified monetary damages and equitable

17    relief. Monroe v. Pape, 365 U.S. (1961), Federal Identity Theft and conspiracy charges.

18               COUNT 6

19    On June 22, 2004 Tim O'Hara negligently and willfully detained and illegally seized Plaintiff's

20    identity through the characterization of one who is anti-Semitic. This practice is allowed as a

21    custom through Proposition 14, a state custom to discriminate by denying to any person equal

22    protection of the law of the Fourteenth Amendment of the Constitution.

23    As a result Plaintiff was charged with two counts of battery plus a hate crime. The Defendant

24    introduced a typed document on June 22, 2004 stating Plaintiff said "fuck you jew" which aided

25    the pretext done by Defendants Sage, Brockie, Wilson and Birch that on June 12, 2004 the

26    alleged battery by Plaintiff on that day was true and correct. Fremont Freewheelers introduced

27    this document along with others to the Newark Police Department with out the date on the

28    document. This is on its face is a solicitation and conspiracy to commit a capital crime or a first

1    degree felony under Section 5.05 of the Model Penal Code.

2    Defendant should be charged with ss242 which extends the to rights guaranteed of the plaintiffs

3    Fourteenth Amendment rights and Due Process rights. Plaintiff seeks unspecified monetary

4    damages and equitable relief for suffering PTSD and disfigurement.

5                                         COUNT 7

6      Gary Birch, Jason Sage, Tim O'Hara, Jeff Wong and Sally Wilson were members of the

7      organizing committee for the Freemont Freewheelers Race Team and members of the Fremont

8      Freewheelers Bike Club. On or about June 12th through 18th 2004 conspired to conduct

9      and participate in the affairs of an enterprise which includes any association or group of

10     individuals who engaged in interstate commerce through a pattern of racketeering activities

11    in violation of 18 U.S.C. ss1962 (d). The enterprise as a group of individuals associated in fact for

12     the purpose of illegally committing fraud by utilizing email to defraud the insurance company,

13     corruptly influencing and attempting to corruptly influence the outcome of a state court

14     proceeding. The legal issue is this pattern of racketeering involving the enterprise as a group

15    were to deny Plaintiff the equal protection of the law.  Plaintiff suffers from PTSD and

16    disfigurement, emotional distress.

17    Defendants should be charged with ss242 battery as well as racketeering. Plaintiff demands

18    financial compensation and equitable relief.

19                                         COUNT 8

20    K&K Insurance, USA Cycling, Northern California and Nevada Cycling Association (NCNCA)

21    Larry Upthgrove, Robert Parker, Larry Rosa, Steve Grusis, FFBC Race Team, Bryan Sheppard

22    Casey Carrington, Larry Nolan, Peter Allen, Jim Davis, Alto Velo Race Team, Real Bicycles

23    Cycling Race Team,  Mako/Galaxy Race Team, Gary Birch, Richard Brockie, Jason Sage, Tim

24    O'Hara, Jeff Wong, Sally Wilson work for or are non-profit organizations where injury to the

25    Plaintiff as a result of their negligence stand equal before the law and must be bound alike.

26    Defendants violated Plaintiff's Civil Rights under 42 U.S.C. ss1985 (1) (2) (3) for the purposes

27     of depriving Plaintiff equal protection under the law and equal privileges and immunities under

28    the laws, Plaintiff seeks recovery from damages from such injury and deprivation of the

1  conspirators. The prevention of officers performing their duty was their active participation

2  in criminal charges and a Hate Crime being bought against the Plaintiff. They refer to the

3  Plaintiff as O.J. Simpson in emails and in conversations held in a witness room in the Fremont

4  Superior Court, prior to five or more taken the stand at Plaintiff's criminal trial. Furthermore,

5  Defendants actively pursued the District Attorney to pursue charges against the Defendant to

6  protect themselves from civil liability. In emails and depositions Defendants believed if they

7  pursue the criminal charges it was to teach Plaintiff a lesson. Defendants obstructed justice by

8  pretext, that Plaintiff had struck several people across the chest and used vulgar words against

9  a racially protected race of people. Furthermore, for purposes of depriving, two or more persons

10  conspired from one State to another on the Internet super highway for purposes of depriving

11  Plaintiff, equal protection of the law.

12   Plaintiff seeks monetary relief and equitable damages. Plaintiff seeks to have the non-profit

13  cycling clubs loose that status so no further citizen is harmed. Plaintiff seeks to have the

14  individuals charged with ss242. 42 U.S.C. ss2000(b) –2000(c), Title VI prohibits discrimination

15  under any program or activity that receives federal finance assistance 42 U.S.C. ss2000 (d).

16  Defendants should be charged with assault and battery upon the Plaintiff.

17

18

19

20

21

22

23

24

25

26

27

28

EMPTY SPACE

COUNT 9

On June 12, 2004 through July 15, 2004 in the City of Newark, California Defendant
Joseph Wren led an incomplete investigation regarding an accident between a jogger and cyclist.
Moreover, the Defendant was off work July 14th through 17th 2004, when Defendant returned to
work on the 18th he completed his report stating "through his investigation" Plaintiff should be
charged with a "Hate Crime" and "2 counts of battery". Defendant relied on third party
information to secure a warrant without probable cause and used force to deprive Plaintiff of his
due process rights.

As a result Plaintiff is diagnosed with chronic posttraumatic stress disorder for the injuries are
consequent violations of Plaintiff's Fourth Amendment rights and was unfairly deprived of
liberty a constitutional provision and denied legal proceedings and the right to a fare trial.
Plaintiffs was arbitrarily deprived of life and liberty while "under color" of law; he interfered
with or had influence upon state authorities and the conspiracy was so massive and effective
thus satisfy the state action requirement of ss1985 (3). Defendant's intent deprived of equal
protection and immunities with otherwise a class based or . . . invidiously discriminatory
was behind the conspirators actions.

Plaintiff was harmed by being charged with a crime of Battery (2) counts and a Hate Crime
was deprived of a legal proceeding, infringed on private rights and denied the "equal protection
of the laws. Plaintiff seeks monetary damages and equitable relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT 10

Defendant C.B. Richard Ellis the landlord for Stevenson Technology Park in Newark, California

entered into an agreement with the Fremont Freewheelers Race Team to allow them o hold a race

on their property. Under the agreement entered no pedestrian barricades were erected for the

protection of pedestrians nor were the roads closed for such an event. Due to the Defendants

negligence, Plaintiff suffered injures which caused disfiguration for his face and PTSD.

Plaintiff brings this suite for monetary damages and equitable relief.

COUNT 11

Defendants Newark Police Department and Officer Joseph Wren have run afoul

of the Establishment Clause by endorsing religion through the display of "Hate Crime" checked

in the police report. This Court must agree with the general proposition that the context in which

the Defendants a governmental entity uses religious symbols to see the relevancy in determining

the answer to this claim. The Defendants should be found guilty because the use of religious

symbolism is unconstitutional because it had the effect of endorsing religious beliefs and the effect

of the Defendant's use of religious symbolism were within the context of the document.

Plaintiff is the employer of Officer Wren a municipality and trained Defendant Wren in the sphere

of his official responsibilities.

Plaintiff was harmed by pretext to incense anyone who would read the report that it was gathered

in the accordance of all Due Process rights afforded to the Plaintiff. Plaintiff went through a

criminal trial with a "Hate Crime" as the direct result of such allegations.

Plaintiff seeks monetary damages and equitable relief. The14th Amendment provides people

to be secure in their persons and unreasonable search and seizure and shall not be violated.

COUNT 12

Jim Davis, Robert Parker, Jason Sage, Lloyd Rath, Sally Wilson, Tim O'Hara, Jeff Wong, Gary

Birch, Richard Brockie, Larry Rosa, Joseph Dale Wren, interfered with the Plaintiff's 13th and

Amendment Rights intentionally adopting certain conduct in certain circumstances known to

1   them, and that the conduct is forbidden by law under those circumstances, they intentionally

2   broke the law. ss 242 is applicable to the 14th Amendment rights it is intended to deal with

3   conspiracies "under color" of law to deprive persons of the 14th Amendment rights. Ss241

4   is constitutionally secure by private individuals including rights rising out of relationship

5   with the federal government. Ss1985 (3) is applicable to private conspiracies to reach private

6   conduct under the 13th Amendment. The conspiracy deprived the Plaintiff "of his equal

7   protection of law and "equal privileges and immunities". This private conspiracy whose action

8   was "under color" of state law, influenced upon state authority and so massive it supplants those

9   authorities. Discriminatory intent other than racial bias is actionable under ss1985.

10   Plaintiff was harmed because he suffers from PTSD due to private violations of depriving

11   the Plaintiff equal protection of the law.  42 U.S.C ss1981, Every person who "under color"

12   of any statute, ordinance, regulation, custom, or usage of any State, subjects or causes to be

13   subjected, any citizen of the United States, to deprive of any rights, privileges or immunities

14   secured by the Constitution and laws, shall be liable to the person injured in an action of law.

15   Plaintiff seeks monetary damages and equitable relief. Plaintiff's need to be charged with 242.

16                                          COUNT 13

17   Plaintiff challenges the Defendants Newark Police Department, Joseph Dale Wren, Alameda

18   County District Attorney. Plaintiff is challenging the State proceeding as invalid upon Plaintiff

19   to explain or deny evidence against him and to be commanded upon the Court and by council

20   and was considered by a jury, infringed upon the privileges against self incrimination under the

21   Fifth Amendment. This Court should find the criminal trial case #209109 and all proceedings

22   as invalid and clear Plaintiff's name from all police records, photos, state and federal criminal

23   history reports. Adams v. California, 332 U.S. 46 (1947).

24

25                                          COUNT 14

26   The Plaintiff challenges the way Alameda County selects jurors to serve which is

27   segregated by County and State employees who are currently working or retired. The

28   relationship between the City(s) and County(s) and members of their unions are used to

pool potential jurors. This violates the Plintiffs Six Amendment rights, which forbids the exclusion

of groups on the basis of such characteristics as race or gender from a jury venire. The current

requirement in Alameda County in selecting its jury list in this manner comes from the State of

California's Article 1 ss26 of the State Constitution which allows segregation which denied the

Plaintiff equal protection under the law. In this manner Alameda County draws up its jury list

in such a manner that it produces a pool of prospective jurors disproportionately and thus more

likely to yield petit jurors with similar dispositions. Plaintiff seeks to change the way the District

Attorney and Alameda County violate citizen's rights. Holland v. Illinois, 493 U.S. (1990).

COUNT 15

Plaintiff challenges California law as to invalidate it by extending the rational of Hunter v.

Erickson, were racial classifications were used. Caliornia and its Counties use its structering

political institutions and allocates power in its jury process according to "neutral principles".

Plaintiff's constitutional rights have been violated through the Alameda County District Attorney.

The claim is that the criminal proceedings of the Plaintiff under the current scheme of selecting

jurors deprived the Plaintiff of due process of law, which the United States Constitution is

entitled to him. The judicial judgment of this Court in applying the Due Process Clause to the

current jury pooling system, must find the decision reached by those jurors is based upon

idiosyncrasies of a personal bias allowed by the State of California, under ss26 of the California

Constitution, known as Proposition 14.

The Court should invalidate the State law and policies that allow the County of Alameda and the

District Attorney from drawing up jurors in this manner. Holland v. Illinois, 493, U.S. 1990.

COUNT 16

Robert Parker and Larry Upthegrove negligently impacted the Plaintiff causing him harm. They

participated in an event in which they signed wavers of liability, if caused by their negligence

they would be responsible for. They received compensation from Plaintiff home owners insurance

policy to drop a counter claim against Plaintiff. Plaintiff seeks to recover in this claim money paid

to Parker $35,000 and Upthegrove $15,000.  They are negligent people.

Cornelius J. Lopez