Steven C. Wolan (State Bar No. 56237)
Andrea S. Carlise (State Bar No. 151648)
Maureen M. Duffy (State Bar No. 168090)
PATTON ♦ WOLAN ♦ CARLISE LLP
1999 Harrison Street, Suite 1350
Oakland, California 94612
Telephone: (510) 987-7500
Facsimile: (510) 987-7575

Attorneys for Defendants
LISA FARIA, SHARA MESIC BELTRANO and
STACY PETTIGREW in their capacities
as Alameda County Deputy District Attorneys

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS LOPES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FREMONT FREEWHEELERS, et al.,<br><br>　　　　　　Defendants.<br>_____ / | NO. C-07-6213 PJH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)] OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]<br><br>Date:　June 25, 2008<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 3, 17th Floor<br>Judge:　Phyllis J. Hamilton |

## I.　INTRODUCTION

On or around April 25, 2008, this law office received a copy of Cornelius Lopes' Summons for case number C-07-6213 PJH, *Cornelius Lopes v. Fremont Freewheelers, et al.* It appears that Plaintiff has never properly served Defendants Alameda County Deputy District Attorneys LISA FARIA, SHARA MESIC BELTRANO and STACY PETTIGREW. The Complaint consists of 18 "Counts"

which are so vague and ambiguous that it is impossible to determine how many Causes of Action Plaintiff is asserting, what they are and against whom they are being asserted. This confusing Complaint is the second such Complaint Plaintiff has brought against Defendants FARIA and MESIC BELTRANO and appears to have arisen from the same incident wherein Plaintiff collided with a bicyclist participating in a bicycle race in June 2004 and was subsequently arrested for intentionally causing the accident. Plaintiff was never convicted of these criminal charges and the Superior Court granted dismissal of the case brought against Plaintiff, *People v. Lopes*, No. 209109-1, on October 12, 2005. (*See* Request for Judicial Notice filed herewith, and documents attached thereto.)

Following this dismissal, Plaintiff filed a vague Complaint against a number of Defendants, including LISA FARIA and SHARA MESIC (now SHARA MESIC BELTRANO). Although the Court allowed Plaintiff to amend his Complaint four times, the Court still found that the Complaint had not stated a cause of action against Defendant FARIA. The Court also found that the claim against Defendant MESIC for allegedly withholding exculpatory evidence was barred by the doctrine of absolute prosecutorial immunity. Thus, on January 12, 2006, this Court dismissed the claims against Defendants FARIA and MESIC, without leave to amend.

In his current Complaint, Plaintiff has added a number of Defendants, including Defendant Assistant District Attorney STACY PETTIGREW, but he has not brought any greater clarity to his Complaint. Since Plaintiff mentions the Alameda County District Attorney only in Counts 13, 14 and 15 and LISA FARIA, STACY PETTIGREW and SHARA MESIC BELTRANO only in Count 17, Defendants assume that these are the only "Counts" which have been asserted against them. Each of these Counts appears to be concerned with actions for which Defendants have absolute immunity. Further, it appears that res judicata and the statute of limitations also bar Plaintiff from bringing this complaint against these Defendants. Additionally, Plaintiff's apparent state law tort claim for malicious prosecution is barred by his failure to comply with the provisions of the California Tort Claims Act. Thus, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint against these Defendants without leave to amend. In the alternative, Defendants assert that the Complaint is vague and unintelligible and seek an order requiring Plaintiff to amend his Complaint with a more definite statement of the factual allegations and causes of action which he is alleging.

## II. PROCEDURAL BACKGROUND

On or around June 12, 2006, Plaintiff filed his first Complaint against LISA FARIA and SHARA MESIC. Plaintiff was allowed to amend his first Complaint four times, after which this Court found that Plaintiff still failed to state a claim against Defendant FARIA. It also found that Plaintiff's allegations against MESIC fell squarely within the doctrine of absolute prosecutorial immunity. Thus, on December 14, 2006, this Court dismissed the claims against FARIA and MESIC, without leave to amend. (Defendants' Request for Judicial Notice ("RJN"), Exh. C).

On or around November 2, 2007, Plaintiff filed his current Complaint in Alameda County Superior Court, and he filed his First Amended Complaint on or around November 8, 2007.

On December 7, 2007, this case was removed from the Alameda County Superior Court to the Northern District of California. On December 13, 2007, Defendant CB Richard Ellis, Inc. filed its Motion to Dismiss pursuant to FRCP 12(b)(6) on the grounds of *res judicata* and statute of limitations. On March 10, 2008, this Court granted Defendant CB Richard Ellis, Inc.'s motion and dismissed it from this case.

On April 25, 2008, the law offices of PATTON ♦ WOLAN ♦ CARLISE LLP received Plaintiff's Summons for his current Complaint. It appears that Defendants FARIA, MESIC BELTRANO and PETTIGREW have never been properly served.

Plaintiff's Complaint consists of 18 "Counts" against a long list of Defendants. The Alameda County District Attorney only appears in Counts 13, 14 and 15, and LISA FARIA, "Mrs. PETTIGREW" and SHARA MESIC only appear in Count 17. Like Plaintiff's first Complaint, this second Complaint is vague, ambiguous and often indecipherable. For example, Count 13 states: "Plaintiff is challenging the state proceeding as invalid upon Plaintiff to explain or deny evidence against him and to be commanded upon the Court and by council [sic] and was considered by a jury, infringed upon the privileges against self-incrimination under the Fifth Amendment."

Count 14 states: "Plaintiff seeks to change the way the District Attorney and Alameda County violate citizen's rights. *Holland v. Illinois*, 493 U.S. (1990)."

Count 15 states: "Plaintiff challenges California law as to invalidate it by extending the rational [sic] of *Hunter v. Erickson*, were [sic] classifications were used."

And Count 17 states: "Plaintiff [sic] claim is for malicious prosecution. . . ."

On May 7, 2008, Defendant Larry Nolan filed his Motion to Dismiss pursuant to FRCP 12(b)(6) on the grounds that the applicable statutes of limitations have run, Plaintiff has failed to state a cause of action upon which relief can be granted, and Plaintiff has failed to plead applicable remedies in accordance with the law.

### III. STATEMENT OF FACTS

Plaintiff's Complaint is written in a manner which is vague and ambiguous, thus Defendants must guess what Plaintiff is alleging against which Defendant(s). Since Plaintiff only mentions the Alameda County District Attorney in Counts 13, 14 and 15 and mentions FARIA, MESIC BELTRANO and PETTIGREW only in Count 17, Defendants can only assume that these are the only "Counts" which are being alleged against them. Each of these Counts appear relate to actions Defendants took in their capacity as Assistant District Attorneys during the criminal case brought against Plaintiff over two years ago. For example, Count 13 requests that "[t]his Court should find the criminal trial case #209109 and all proceedings as invalid and clear Plaintiff's name from all police records, photos, state and federal crime history reports." (Complaint, p. 9:21-23.) As noted above, the Court granted dismissal of charges brought against Plaintiff in *People v. Lopes*, No. 209109-1 on October 12, 2005. (RJN, Exh. B). In Count 14, Plaintiff states: "The Plaintiff challenges the way Alameda County selects jurors to serve which is segregated by County and State employees who are currently working or retried . . . Plaintiff seeks to change the way the District Attorney and Alameda County violate citizen's rights." (Complaint, p. 9:26-27; p. 10:7-8.) And in Count 15, Plaintiff asserts: "The Court should invalidate the State law and policies that allow the County of Alameda and the District Attorney from drawing up jurors in this manner." (Complaint, p. 10:20-21.)

Count 17 also appears to contain a number of claims against Defendants for "malicious prosecution" including the following: "The Defendants shold [sic] bad faith when it did not fully disclose exculpatory evidence which showed the Plaintiff had not committed a crime." (Complaint, p. 11:18-19.) Plaintiff goes on to state that Defendant MESIC allegedly did not fully disclose exculpatory evidence. (Complaint, p. 11: 19-24.) It is noteworthy that in this Court's Order of December 14, 2006 dismissing Defendants FARIA and MESIC from Plaintiff's first Complaint,

Judge Breyer specifically states that Plaintiff's allegation that MESIC failed to disclose exculpatory evidence falls squarely within the doctrine of absolute prosecutorial immunity. (RJN, Exh. C).

In brief, Plaintiff has failed to state a claim upon which relief can be granted as his claims are vague and ambiguous, barred by *res judicata*, immunity, and the applicable statutes of limitations. Further, to the extent Plaintiff is attempting to assert a state law claim for malicious prosecution, he has failed to file a government code tort claim and thus this claim is barred by his failure to exhaust his administrative remedies. Thus, Defendants respectfully request that this Court dismiss with prejudice this matter in its entirety against these Defendants.

## IV.    APPLICABLE LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate when Plaintiff fails to state a claim upon which relief can be granted. The court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. If the answer is no, the motion must be granted. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A legal remedy is not available, in turn, where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Further, although it is impossible to tell exactly what Plaintiff is alleging against which Defendant(s), it appears that he is alleging that Defendants engaged in activities, such as the retention of evidence associated with the judicial phase of the criminal process, for which they have absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431-432 note 34 (1976).

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, ..." In the instant case, Plaintiff's complaint is subject to both a motion to dismiss and motion for more definite statement. The allegations are both factually devoid of any claim and so ambiguous that a party cannot reasonably be required to respond to the remaining allegations.

///
///
///

## V. LEGAL ARGUMENT

### A. Plaintiff's Complaint is Vague and Ambiguous and Does Not State a Claim for Which Relief Can be Granted

Although Plaintiff's complaint as a whole is difficult to decipher, interspersed throughout the text of the complaint, Plaintiff implies that he is complaining of a violation of one or more constitutional rights. In general, a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. Section 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d. 914, 917-18 (9th Cir. 2003). 42 U.S.C. Section 1983 provides: "Every person who, under color of [State law] ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proffered proceeding for redress." In sum, the statute requires that there be an actual connection or link between the actions of the Defendants and a constitutional deprivation allegedly suffered by Plaintiff. *See, Monell v. New York Dept. of Social Service*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The 9th Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint fails to link the named Defendants with an affirmative act or omission that demonstrates a violation of Plaintiff's Federal rights.

Assuming *arguendo* Plaintiff did link Defendants with such an affirmative act or omission, a state prosecutor is entitled to absolute immunity under Section 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil Plaintiff's constitutional rights. *See, Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974) ("[I]mplicit in the idea that officials have some immunity - absolute or qualified - for their acts, is a recognition that they may err. The concept of immunity assumes this and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all."); see also,

*Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). A prosecutor's absolute immunity from liability is well established and has been found in cases including, but not limited to, immunity from liability for the knowing use of false testimony at trial. *Imbler*, 424 U.S. at 431. Further, although it has been found that a prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), it is, nonetheless, an exercise of the prosecutorial function, and, as Judge Breyer found in Plaintiff's first Complaint against two of these same Defendants, it entitles the prosecutor to absolute immunity from a civil suit for damages. *See, e.g., Imbler*, 424 U.S. at 431-32 note 34 (explaining that "deliberate withholding of exculpatory information" is included within the "legitimate exercise of prosecutorial discretion.") (RJN, Exh. C).

In sum, there are numerous examples of actions for which a deputy district attorney would be immune from prosecution and it appears that all of the allegations Plaintiff is alleging against the District Attorney Defendants are covered by this immunity. Nonetheless, Plaintiff's complaint is so vague and ambiguous, Defendants can only speculate as to what he is actually alleging. Defendants assume that Plaintiff is alleging Defendants somehow violated his civil rights during the course of the judicial process wherein criminal charges were brought against him over two years ago. As such, Defendants are absolutely immune from prosecution for all alleged actions which were legitimate exercises of their prosecutorial discretion.

B.    Plaintiff's Claims are Barred by *Res Judicata*

As noted above, this Complaint is the second action Plaintiff has filed based on allegations arising out of his arrest for intentionally causing an accident with a bicyclist in June 2004, although he was never convicted of the charges. In his first Complaint, Plaintiff alleged that Defendant MESIC (now MESIC BELTRANO) failed to disclose exculpatory evidence during his criminal trial. In its Order dated December 14, 2006, this Court dismissed the Complaint against both FARIA and MESIC, without leave to amend, specifically stating that Plaintiff failed to state any claim against Defendant FARIA, and that Plaintiff's claim that MESIC failed to disclose exculpatory evidence fell squarely within the doctrine of absolute prosecutorial immunity. (RJN, Exh. C).

1       Under the doctrine of *res judicata* a final judgment on the merits bars further claims based on the same cause of action. *See, Montana v. United States*, 440 U.S. 147, 153 (1979). This Court has already dismissed Defendants LISA FARIA and SHARA MESIC BELTRANO for the same claims Plaintiff is making now. As such, Plaintiff's claims in his current action have already been decided on the merits against Plaintiff and his claims against these Defendants are barred and should be dismissed with prejudice.

      C.     <u>Plaintiff's Claims are Barred by the Statute of Limitations</u>

      In this case, it appears that Plaintiff is alleging that his civil rights were somehow violated during the criminal trial that was brought against him over two years ago. Plaintiff was never convicted of these criminal charges and the Superior Court granted dismissal of them on October 12, 2005. (RJN, Exh. B). Pursuant to California Code of Civil Procedure section 335.1, a plaintiff suing for personal injuries, including claims of constitutional violations and malicious prosecution, has two years from the date of injury to file suit. *See* California Civil Procedure Code section 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Stavropoulos v. Superior Court* (2006) 141 Cal.App.4th 190, 197 [statute of limitations under section 335.1 for "action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" applies to malicious prosecution]. As such, Plaintiff had until October 12, 2007 to file a Complaint concerning actions related to his criminal trial. Plaintiff filed his Complaint on November 2, 2007, well after the statute of limitations had run. Thus, Plaintiff's claims against Defendants FARIA, MESIC BALTRANO and PETTIGREW are barred by the statute of limitations and should be dismissed with prejudice.

      D.     <u>Plaintiff Failed to Exhaust the Required Administrative Remedy by Filing a Government Tort Claim for What Appears to be a Claim for Malicious Prosecution</u>

      Count 17 in Plaintiff's complaint appears to assert the state law tort of malicious prosecution against the district attorney defendants. Under California law, malicious prosecution is a tort. *See, Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal. 3d 863, 871 Pendent causes of action in federal court based on state law tort claims are subject to dismissal unless the claims-filing requirements of the

///

California Tort Claims Act have been complied with. *Karim-Panahi v. Los Angeles Police Dep't.* (9th Cir. 1988) 839 F.2d 621, 627.

When a plaintiff brings a tort cause of action against public entities and public employees, the plaintiff must comply with the uniform procedures established in the California Tort Claims Act. Cal. Gov. Code §§ 900-935.4, 940-951. Here, plaintiff's apparent claim for malicious prosecution triggers the Tort Claims Act's requirements. Plaintiff is required to first timely present his claim in writing for "money or damages" against defendants and have it rejected in whole or in part by defendants. Cal. Gov. Code §§ 905, 905.2, & 945.4. Presentation of a claim is thus a mandatory procedural step before asserting any tort causes of action against a public entity and its employees, and failure to file a claim is fatal to the claimant's cause of action. *State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239; *Janis v. State Lottery Comm'n* (1998) 68 Cal.App.4th 824, 832; *Spencer v. Merced County Office of Educ.* (1997) 59 Cal.App.4th 1429, 1435-1436.

A cause of action on a claim that is subject to the Tort Claims Act must affirmatively allege compliance with the claims-presentation requirement or provide facts showing the applicability of a recognized exception or excuse for noncompliance. *State v. Superior Court (Bodde), supra,* 32 Cal.4th 1234, 1239-1241. Failure to include these necessary allegations is subject to attack by general demurrer. *Id.* Here, plaintiff has not asserted that he has complied with or is excused from compliance with the claims-presentation requirement in his complaint. Plaintiff has done nothing to show that he has satisfied the statutory prerequisites for bringing count 17 against defendants, and is therefore barred from bringing this apparent claim for malicious prosecution and it should be dismissed with prejudice.

E.   <u>In the Alternative, Plaintiff Should Be Required to Amend His Complaint to Provide a More Definite Statement</u>

If the court does not dismiss Plaintiff's complaint, these defendants move for a more definite statement pursuant to Rule 12(e). "Confusing complaints impose an unfair burden on litigants and judges." *McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1179-1180. Federal Rules of Civil Procedure, Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, due to plaintiff's failure to assert clear allegations from which defendants can discern

what unlawful conduct is being alleged and whom it is being alleged against, the Complaint fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. Rules of Civ. Proc., Rule 8(a); *Dura Pharmaceuticals, Inc. v. Broudo* (2005) 544 U.S. 336, 347. As such, defendants are entitled to a more definite statement of each count which alleges claims against them. If this Motion to Dismiss is not granted, the district attorney defendants request that Plaintiff be ordered to provide a more definite statement to clarify all of his claims alleged against them.

## V. CONCLUSION

In conclusion, Plaintiff Lopes has failed to establish a claim against Defendants upon which relief can be granted. Plaintiff's Complaint is not only vague and ambiguous, deputy district attorney Defendants LISA FARIA, SHARA MESIC BELTRANO and STACY PETTIGREW are entitled to absolute immunity for the actions which appear to be at issue in Plaintiff's Complaint. Further, Plaintiff's claims are barred by *res judicata* and the statute of limitations, and his apparent malicious prosecution claim is barred by his failure to comply with the provisions of the California Tort Claims Act.

For the reasons set forth above, Defendants respectfully request that the court dismiss with prejudice Plaintiff's complaint in its entirety as to these Defendants. Alternatively, Defendants respectfully request that their motion for a more definite statement be granted.

Dated: May 13, 2008

PATTON ♦ WOLAN ♦ CARLISE LLP

by: ___/s/_____
STEVEN C. WOLAN
ANDREA S. CARLISE
MAUREEN M. DUFFY
Attorneys for Defendants
LISA FARIA, SHARA MESIC BELTRANO and
STACY PETTIGREW in their capacities
as Alameda County Deputy District Attorneys