Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS LOPES, | No. C 06-03705 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| JOSEPH DALE WREN, et al., | |
| Defendants. | |

Now pending before the Court is the motion to dismiss or in the alternative for a more definite statement of defendants Lisa Faria and Shara Mesic, Alameda County Deputy District Attorneys ("the prosecutors"). Also pending is plaintiff's motion to file a Fourth Amended Complaint.

Plaintiff's motion to amend is GRANTED. The Court will consider the prosecutors' motion as it applies to the allegations of the Fourth Amended Complaint, filed with the Court on November 22, 2006. After carefully considering the allegations of all of plaintiff's complaints, and the arguments of defendants, the Court concludes that plaintiff does not state a claim against defendant Faria and the claim against defendant Mesic is barred by the doctrine of absolute prosecutorial immunity.

//
//

## DISCUSSION

In Count 8 of his complaint plaintiff alleges that defendant Lisa Faria asked defendant police officer Joseph Dale Wren to follow up with his initial police report about the incident involving plaintiff and a bicyclist. Plaintiff alleges that Faria asked for this "direction" in order to give Wren probable cause to obtain a warrant for plaintiff's arrest. In Count 9, plaintiff accuses defendant Shara Mesic of withholding exculpatory evidence from plaintiff.

Plaintiff does not state a claim against defendant Faria. After amending his complaint four times he accuses her–at most–of asking defendant Wren to follow up on his police report and, in particular, asking Wren to find the bicyclist that plaintiff had allegedly assaulted. Such conduct, if true, does not under any circumstances constitute a violation of plaintiff's civil rights. Accordingly, plaintiff's claim against defendant Faria must be dismissed. The dismissal is without leave to amend. As plaintiff has already amended four times it is apparent he cannot allege facts to state a claim against Faria.

Plaintiff's claim against defendant Mesic is barred by the doctrine of absolute prosecutorial immunity. Such immunity immunizes a prosecutor from any monetary liability pursuant to 42 U.S.C. section 1983 for actions taken in his role as a prosecutor. Prosecutorial immunity "is based upon the same purpose that underlies the immunity of judges and grand jurors acting within the scope of their duties: to protect the judicial process." See Milstein v. Cooley, 257 F.3d 1004, 1007 (9th Cir. 2001). "Specifically, absolute immunity for prosecutors is warranted (1) to allow prosecutors to focus their energies on prosecuting, rather than defending lawsuits, (2) to enable prosecutors to exercise independent judgment in deciding which suits to bring and conducting them in court, (3) to preserve the criminal justice system's function of determining guilt or innocence by ensuring that triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit, and (4) to ensure fairness to defendants by enabling judges to make rulings in their favor without the subconscious knowledge that such rulings could subject the prosecutor to liability." Id.

1    Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." Id. at 1008 (internal quotation marks and citation omitted). The official seeking immunity "bears the burden of showing that such immunity is justified for the function in question." Id. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." Id. (internal quotation marks and citations omitted).

Absolute prosecutorial "immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest.'" Id. at 1007-08 (quoting Imbler v. Pachtman, 424 U.S. 409, 427 (1976)). Moreover, prosecutorial misconduct is deterred "by the threat of criminal prosecution and professional discipline, and by prosecutors' accountability to either superiors or the electorate." Id. at 1008.

Plaintiff's allegations fall squarely within the doctrine. He accuses Mesic, in Mesic's role as prosecutor, from failing to disclose exculpatory evidence. Such conduct if true, and even if willful, is immune from a civil action for damages. See Imbler, 424 U.S. at 427 n.34. Accordingly, plaintiff's claims against Mesic must be dismissed. Again, the dismissal is without leave to amend as plaintiff has already amended his complaint four times and it is apparent that he cannot allege a claim based on conduct which falls outside Mesic's absolute immunity.

## CONCLUSION

The claims against the prosecutors are DISMISSED without leave to amend. Plaintiff and counsel for the remaining defendants shall appear for a case management conference on January 12, 2006 at 8:30 a.m..

**IT IS SO ORDERED.**

Dated: December 14, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California