MARK P MEUSER, (SBN 231335)
P.O. Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-2318
E-mail: mpm@markmeuser.com

Attorney for Defendants
Larry Nolan, Garry Birch, and Jason Sage

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>　　　　Plaintiff,<br><br>　　Vs.<br><br>FREEMONT FREEWHEELERS, et al.,<br><br>　　　　Defendants. | Case No.: C 07-6213 PJH<br><br>DEFENDANTS' GARRY BIRCH AND JASON SAGE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: June 25, 2008<br>Time: 9:00am<br>Dept: Courtroom 3, 17th Floor<br>Judge: Phyllis J. Hamilton |

## I. INTRODUCTION

Garry Birch and Jason Sage requests that this Court dismiss them on the grounds 1) that the this action is barred because of the doctrine of res judicata, 2) that the action states claims that are barred by the statute of limitations, and 3) that the complaint fails to state a cause of action upon which relief can be granted.

1

Lopez v. Freemont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss

## II. STATEMENT OF FACTS

While jogging one morning on June 12, 2004 at approximately 8:20 a.m., plaintiff collided with a bicyclist participating in a bicycle race in Newark, California. Plaintiff was taken to Washington Hospital.

Officer Wren, who arrived at the accident shortly after it occurred, spoke to various witnesses at the scene. Byron Sheppard reported that he had been directly behind the bicyclist that collided with the plaintiff and that he had observed the plaintiff run directly into the group of bicyclist and hold his right arm out to the side, level to the ground, and strike the bicyclist in the middle of the chest. Officer Wren also spoke with Jason Sage. Sage reported that Lopes had been warned to stay off the roadway and that Sage had been told that on one occasion the plaintiff had responded something to the effect of "F___ You Jew."

The next day, Officer Wren spoke with the plaintiff. Plaintiff denied that he had been warned to stay off the course. He also denied that he had argued with any of the bicyclists or stuck his arm out while jogging to interfere with the bicyclists. Later that day, plaintiff faxed a written statement to Officer Wren.

According to Officer Farley's police report, upon his arrival at the scene, Officer Farley spoke with witness Peter Rosa. Rosa reported that Lopes had intentionally collided with the bicyclists.

On June 14, 2004, Officer Wren prepared a written police report that included the above information, as well as plaintiff's written statement. Officer Wren concluded that the report should be sent to the Alameda County District Attorney for review and filing of "PC 242" (battery) charges against the plaintiff. Officer Wren concluded: "Victims,

1  Parker and Rath believe this Act was intentional on Lopes behalf. They requested that a

2  report covering the details of this incident be sent to the DA's office."

3       The District Attorneys' Office subsequently asked the Newark Police Department

4  to obtain further information. In connection with this further investigation, witness Jason

5  Sage sent Officer Wren additional written statements and a CD. Several of the witnesses

6

7  asserted in their written statements that they had told the plaintiff to exit the bicycle

8  course. In addition, witness Tim O'Hara asserted that when he politely asked Lopes to

9  leave the course, Lopes responded: "F__ You, Jew." Officer Wren submitted both the

10  written statements and the CD to the District Attorney's Office.

11

12       On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the

13  bicyclist that had collided with the plaintiff. Officer Wren produced a second

14  supplemental report identifying Bob Parker as the struck bicyclist. Officer Wren's

15  submission of the supplemental report ended his participation in the case.

16       On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked

17  Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest

18  and/or Issuance of Warrant of Arrest" ("Declaration") to accompany the District

19  Attorney's criminal complaint for an arrest warrant against the plaintiff. Sergeant

20  Douglas read the criminal complaint and Officer Wren's police report with supplements

21  and concurred that probable cause existed to arrest the plaintiff. Accordingly, he prepared

22  and signed the Declaration. Once he submitted the declaration, his involvement with the

23  plaintiff's case ended. [1]

24

25

26

27

28

---

[1] The statement of facts comes predominately from the Memorandum and Order, *Lopes v. Wren*, U.S.D.C. Northern District, Case No. C 06-03705 CRB, attached as Exhibit C to Defendants Request for Judicial Notice.

Lopez v. Freemont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss

On July 15, 2004, a criminal complaint and arrest warrant were issued charging the plaintiff with misdemeanor battery arising from the June 12, 2004 collision. (Exhibit A attached to Defendant's Request for Judicial Notice). The charges were dismissed on October 12, 2005. (Exhibit B, attached to Defendant's Request for Judicial Notice).

On March 16, 2006, Plaintiff filed suit against Defendant Jason Sage and 10 other named individuals for injuries suffered as a result of his actions on June 12, 2004 (Exhibit D). After trial on the matter, on July 24, 2007, the court entered Judgment on Jury Verdict (Exhibit E).

### III. PROCEDURAL HISTORY

On or about November 2, 2007, plaintiff filed the current litigation in Alameda Superior Court. On or about November 8, 2007, plaintiff filed his first amended complaint which contained 18 causes of actions against 33 individuals and entities.

Plaintiff's complaint alleges 18 counts or causes of action against all or some of the defendants. Count 1 alleges a violation of his civil rights under 42 U.S.C § 1983 and 1985. Count 2 alleges that plaintiff is entitled to civil remedies under 18 U.S.C. § 1964(a). Count 3 alleges a violation of plaintiff's civil rights under 42 U.S.C. § 1983. Count 4 alleges violations of plaintiff's civil rights under the 14th Amendment to the U.S. Constitution. Count 5 alleges that defendants should be charged under "ss242". Count 6 alleges plaintiff's due process rights were violated under the 14th Amendment to the U.S. Constitution. Count 7 alleges a violation of 18 U.S.C §1962(d). Count 8 alleges various defendants violated plaintiff's right under 42 U.S.C §1985 and 42 U.S.C. §2000(b) and (c). Count 9 alleges plaintiff has suffered injury in violation of 42 U.S.C. §1985. Count 10 alleges negligence. Count 11 alleges defendants violated plaintiff's rights under the

14th Amendment to the United States Constitution. Count 12 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1981. Count 13 alleges that plaintiff's Fifth Amendment right against self-incrimination under the United States Constitution was infringed. Count 14 alleges defendants violated plaintiff's right under the Sixth Amendment to the United States Constitution. Count 15 alleges plaintiff's rights under the 14th Amendment to the United States Constitution were violated. Counts 16, 17, and 18 allege various causes of action but do not specify the statutory basis for those injuries. Defendant Garry Birch was named in Counts 5, 7, 8, 12, and 18. Defendant Jason Sage was named in Counts 1, 4, 5, 7, 8, 12, and 18.

On December 7, 2007, this case was removed from the Alameda Superior Court to the Northern District of California because the complaint contained a federal question. On December 13, 2007, Defendant CB Richard Ellis, Inc. filed its Motion to Dismiss pursuant to 12(b)(6) on grounds that *res judicata* and statute of limitations. On March 10, 2008, this court granted Defendant CB Richard Ellis, Inc.'s motion and dismissed it from this case.

On May 7, 2008, Defendant Larry Nolan filed his Motion to Dismiss pursuant to 12(b)(6). On May 15, 2008, Defendants USA Cycling, Inc. and Linda Buffetti filed their Motion to Dismiss pursuant to 12(b)(5)(6). On May 13, 2008, Defendants Lisa Faria, Shara Mesic Beltrano and Stacy Pettigrew filed their motion to dismiss pursuant to 12(b)(6).

//

//

Lopez v. Freemont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss

1

## IV. ARGUMENT

2

### A.  THE CLAIMS ARE BARRED AGAINST JASON SAGE BY THE DOCTRINE OF RES JUDICATA

3

4
           Plaintiff originally filed suit against Jason Sage and 10 other individuals or

5
entities with an attorney representing him on March 16, 2006. (See Exhibit D attached to

6
Request for Judicial Notice). The court may take judicial notice of these official records

7
for purposes of this Rule 12(b)(6) motion. *Henson v. CSC Credit Services*, 29 F.3d 280,

8
284 (7th Cir. 1994); *Day v. Moscow,* 955 F.2d 807, 811 (2nd Cir. 1992).

9

10
           Res judicata, or claim preclusion, prohibits the re-litigation of any claims that

11
were raised or could have been raised in a prior action. *Western Radio Servs. Co.*, 123

12
F.3d 1189, 1992 (9th Cir. 1997). The purpose of the doctrine is to "relieve parties of the

13
cost and vexation of multiple law suits, conserve judicial resources, and, by preventing

14
inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care*

15
*Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985). Res judicata has three

16
requirements. First, there must be an identity of claims, but the claims need not be

17
identical. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713-714 (9th Cir.

18
2001). The central criterion in determining whether there is an identity of claims between

19
the first and second adjudications is whether the two suits arise out of the same

20
transactional nucleus of facts. *Id.* at 714. Second the previous action must have resulted

21

22
in a final judgment on the merits. *Id*. at 713. Third, there must be identity or privity

23
between the parties. *Id.*

24
           Here, the plaintiff is the same in both cases. Furthermore, while the previous

25
litigation filed in Alameda Superior Court dealt with negligence arising from the

26

27
pedestrian bicycle accident that occurred in Fremont California on June 12, 2004, the

28

Lopez v. Freemont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss

current litigation deals with various actions taken by Jason Sage in reporting the events of

the accident to the local authorities. Since the criminal charges were dismissed on

October 12, 2005 and plaintiff filed the negligent suit against Defendant Sage on March

16, 2006, plaintiff knew all the facts and could have plead at that time his current claims

of constitutional violations. Defendant Jason Sage and others should not constantly be

brought back into court over claims arising from the exact same set of facts.

Therefore, the doctrine of Res Judicata bars this current litigation against

Defendant Jason Sage.

## B.  THE CLAIMS ARE BARRED BY THE STATUTES OF LIMITATION

Plaintiff has sued Garry Birch and Jason Sage under 42 U.S.C. 1981, 1983, 1985.

All facts in the First Amended Complaint deal with the time period between when the

accident occurred and when the District Attorney filed charges against the Plaintiff.

"The Ninth Circuit Court of Appeals has determined that claims brought under 42

U.S.C. § 1981 in California are governed by California's statute of limitations for

personal injury actions. Accordingly, Plaintiff's 42 U.S.C. § 1981 claim is governed by

California's statute of limitations for personal injury actions, which is two years."

(Cal.Code of Civ. Proc § 335.1) *Batiste v. City of Emeryville*, WL 1811158, (N.D.Cal

2004).

"Because section 1983 does not contain a statute of limitations, federal courts

apply the forum state's statute of limitations for personal injury actions and incorporate

the forum state's law of tolling, both statutory and equitable, unless it is inconsistent with

federal law. As of January 1, 2003, California's statute of limitations for personal injury

actions is two years; before that, it was a year." *Sumahit v. Parker,* WL 449713,

(E.D.Cal. 2008).

"The Statute of Limitations for actions filed under 42 U.S.C. § 1985(3) is not specified by federal law. The rule, under these circumstances, is that the most analogous Statute of Limitations of the State from which the claim arose governs." Smith v. Private Industry Council of Westmoreland and Fayette counties, Inc., 622 F.Supp. 160, 167-168 (USDC W.D.Penn 1985). Thus the applicable California Statute of Limitations would be two years under California Code of Civil Procedure § 335.1.

Even if the court were to construe the conspiracy in the broadest possible terms and find that the conspiracy lasted until criminal charges were dismissed against the plaintiff, the two-year statute of limitations has run since the criminal charges were dismissed on October 12, 2005 and this present litigation was filed over two years later, on November 2, 2007.

Plaintiff also sued Birch and Sage for malicious prosecution in Count 18. Even if these allegations could be proved, the applicable statute of limitations for a Malicious Prosecution is two years under California Code of Civil Procedure 335.1. Since over two years had elapsed between the dismissal of the criminal charges and the filing of the current litigation, the statute of limitations has run.

Therefore, the statutes of limitation bars the claims.

## C.  THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED

In Count 5, both Defendant Garry Birch and Jason Sage are sued and the defendant does not state any statutory reasons for the cause of action but does state that "Defendants should be charged with ss242". Nowhere in the complaint does Plaintiff

Lopez v. Freemont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss

1   state the title to "ss242" but it appears that Plaintiff is suing under 18 U.S.C. 242. In

2   addition, both Defendants are sued in Count 7 for violations to 18 USC 1962. Title 18 of

3   the United States Code deal with criminal violations and Plaintiff is not a proper party to

4   bring such litigation even if the facts he alleged were correct.

5

6          Therefore, Counts 5 and 7 should be dismissed.

7          In Count 4, Defendant Jason Sage is sued for violations of Plaintiff's Fourteenth

8   Amendment rights and Due Process of law. However, Plaintiff has failed to state how

9   Defendant Sage was a state actor who could even if he wanted to violate Plaintiff's due

10  processes under the law. Therefore, Count 4 must be dismissed.

11                              **V. CONCLUSION**

12         For the reasons set forth above, the motion should be granted.

13         Respectfully submitted,

14

15  Dated: May 20, 2008                by:   /s/ Mark P. Meuser
                                              Mark P Meuser, Esq. (SBN 231335)
16                                            P.O.  Box 5412
                                              Walnut Creek, CA 94596
17                                            (415) 577-2850 – Telephone
                                              mpm@markmeuser.com
18

19                                            Attorney for Defendants Larry Nolan, Garry Birch,
20                                            and Jason Sage

21

22

23

24

25

26

27

28

Lopez v. Fremont Freewheelers et al.
Birch & Sage Memorandum in Support of Motion to Dismiss