MARK P MEUSER, (SBN 231335)
PO Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-2318
e-mail: mpm@markmeuser.com

Attorney for Defendant
Larry Nolan, Garry Birch, and Jason Sage

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>            Plaintiff,<br><br>      Vs.<br><br>FREEMONT FREEWHEELERS, et al.,<br><br>            Defendants. | Case No.: C 07-6213 PJH<br><br>DEFENDANTS' GARRY BIRCH AND JASON SAGE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: June 25, 2008<br>Time: 9:00am<br>Dept.: Courtroom 3, 17th Floor<br>Judge: Phyllis J. Hamilton |

        Defendants and Moving Parties Garry Birch and Jason Sage Requests the Court to

take judicial notice of the attached documents:

        1.      Warrant filed on July 15, 2004 entitled People of the State of California v.

                Neal Lopes, Alameda County Superior Court case number 209109-1.

                (Exhibit A).

        2.      Clerks docket and minutes of October 12, 2005 where the court granted

                dismissal of charges in the case of the People v. Lopes. (Exhibit B).

3.      Memorandum and Order dated June 25, 2007 entitled Cornelius Lopes v.

Joseph Dale Wren, et al., United States District Court for the Northern

District of California, case number C 06-03705 CRB. (Exhibit C).

4.      Complaint filed on Marcy 16, 2006 entitled Lopes v. Freemont

Freewheelers, et. al. Alameda County Superior Court Action Number

HG06260161. (Exhibit D).

5.      Judgment on jury verdict filed on July 24, 2007 entitled Lopes v.

Freemont Freewheelers, et. al. Alameda County Superior Court Action

Number HG06260161. (Exhibit E).

Dated: May 20, 2008                    by:  __/s/ Mark P. Meuser_____
                                            Mark P Meuser (SBN 231335)
                                            PO  Box 5412
                                            Walnut Creek, CA 94596
                                            (415) 577-2850 – Telephone
                                            mpm@markmeuser.com

                                            Attorney for Defendants Larry Nolan, Garry Birch,
                                            and Jason Sage

Exhibit A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, **FILED**
FREMONT HALL OF JUSTICE    ALAMEDA COUNTY

| PEOPLE OF THE STATE OF CALIFORNIA | NO. **209109-1** | JUL 1 6 2004 |
| | COMPLAINT | CLERK OF THE SUPERIOR COURT |
| v. | | By _____ |
| | | Deputy |
| **NEAL LOPES** | PFN: DPH278  CEN: 4267588 | |
| | **WARRANT** | |
| Defendant(s). | | |

The Undersigned, being sworn says, on Information and belief, that NEAL LOPES did, in the County of Alameda, State of California, on or about June 12, 2004, commit a Misdemeanor, to wit: BATTERY, a violation of section 242 of the PENAL CODE of California, in that said defendant(s) did willfully and unlawfully use force and violence upon the person of LLOYD RATH.

**SECOND COUNT**

The Undersigned further deposes and says on Information and belief, that said NEAL LOPES did, in the County of Alameda, State of California, on or about June 12, 2004, commit a Misdemeanor, to wit: BATTERY, a violation of section 242 of the PENAL CODE of California, in that said defendant(s) did willfully and unlawfully use force and violence upon the person of BOB PARKER.

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3.

Complainant therefore prays that a warrant issue and that said defendant(s) be dealt with according to law.

Subscribed and sworn to before me,
Thursday, July 15, 2004

s/ Newark PD-04-3845

_____
LISA M. FARIA
Deputy District Attorney
State Bar #85555 dm
Alameda County, California

Exhibit B

170-401 (REV. 5/01)

FREMONT HALL OF JUSTICE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

DOCKET NAME

DEPT. 607   CRT. DATE/TIME 10/12/05  10:00

EVENT NAME  LOPES, NEAL

RPT. NO. NPD04-3845   DOCK NO. 209109

SET PROC. COUNTS
1)M242 PC

CEN. 4267588   PFN. ARA413   A DAY 08/09/04   AAG-NPD   ACT. DATE 4/20/06   FR

CHARGES  2)M242 PC

STAT  OR  BAIL

TOTAL DAYS IN CUSTODY:  1

09/11/66

| BAIL | STAT. | BOND DT. | BOND CO. | DOB |
| BAIL | STAT. | BOND DT. | BOND CO. TW | BAC |
| FINE/REST. | DATE PAID | REC. NO. | TIME WAIVED | |

### PROCEEDING

DCCO:

JUDGE  KELLER LEE/SILVA

DEP CLERK  CRUZ/HOYT/KEEFER/MAGALEI/ROOPE

REPORTER

DEP. D.A. CAHNERS
DEF. ATTY.
OTHERS    ☐ Not Present

**Defendant:** ☐ Present  ☑ Not Present  ☐ Excused  ☐ In Custody  ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
☐ Stipulates to: lesser included / reasonably related offense of count(s)_____ to charge(s)_____
☐ Time waived for: ☐ Preliminary Examination _____days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ **Clauses:** ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
☐ **Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
☐ **Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____ directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____ ☑ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

B Silva's minutes - all exhibits are withdrawn + returned to
respective parties
P.O. terminated - info scanned 10/19/05   exhibits, courts
exhibit AA, BB +CC
are returned to
file

FUTURE COURT DATES: 9/09/08 POCO  VT

Cont: Date:_____Time:_____Dept._____Proc:_____Time:_____Dept._____Proc.:_____

CORPUS Codes: _____

DOCKET NAME  LOPES, NEAL   CT. DATE 10/12/05   DOCK NO. 209109

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES,

      Plaintiff,

  v.

JOSEPH DALE WREN, et al.,

      Defendants.

_____/

No. C 06-03705 CRB

**MEMORANDUM AND ORDER**

17    While jogging one morning in June 2004, plaintiff collided with a bicyclist

18 participating in a bicycle race in Newark, California.  A few weeks later plaintiff was

19 arrested for intentionally causing the accident, although he was never convicted of the

20 charges.  In this section 1983 action, plaintiff, proceeding pro se, challenges his arrest.  The

21 Court has previously dismissed plaintiff's claims against the District Attorney defendants.

22 Now pending before the Court is the motion for summary judgment of the police officer and

23 City defendants: Officer Joseph Daly Wren, Officer Badge 56, City of Newark and Newark

24 Police Department.  After carefully considering the papers and evidence filed by the parties,

25 and having had the benefit of oral argument, defendants' motion for summary judgment is

26 GRANTED.

27 //

28 //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTUAL BACKGROUND

At approximately 8:20 a.m. on June 12, 2004, Newark Police Officers Joseph Wren ("Officer Wren") and Farley were dispatched to investigate an accident involving a pedestrian and a bicyclist at the Eureka Circle Course in Newark, California. When Officer Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race. Officer Wren noticed that plaintiff Cornelius Lopes, with a mangled face, was sitting on the curb. Lopes told Officer Wren that he was confused about what had happened, but confirmed that he had been running in the roadway in the opposite direction of the bicycle racers. Lopes made no other statements to Officer Wren and was eventually transported by ambulance to Washington Hospital. Prior to this incident, Officer Wren had never met nor heard of plaintiff Lopes.

Officer Wren spoke to various witnesses at the scene. Byron Sheppard reported that he had been directly behind the bicyclist that collided with Lopes and that he had observed Lopes run directly into the group of bicyclists and hold his right arm out to the side, level to the ground, and strike the bicyclist in the middle of the chest. Officer Wren also spoke with bicyclist Bob Parker, the bicyclist that collided with Lopes. Parker stated that he did not see Lopes prior to the accident. Another bicyclist who was involved in the accident did not see or hear what caused the collision.

Officer Wren also spoke with Jason Sage. Sage reported that Lopes had been warned to stay off the roadway and that Sage had been told that on one occasion Lopes had responded something to the effect of "F__You Jew."

The next day Officer Wren spoke with Lopes. Lopes denied that he had warned him to stay off the course. He also denied that he had argued with any of the bicyclists or stuck his arm out while jogging to interfere with the bicyclists. Later that day, Lopes faxed a written statement to Officer Wren.

According to Officer Farley's police report, upon his arrival at the scene Officer Farley spoke with witness Peter Rosa. Rosa reported that Lopes had intentionally collided with the bicyclists.

2

**United States District Court**
For the Northern District of California

1    On June 14, 2004, Officer Wren prepared a written police report that included the

2  above information, as well as Lopes' written statement.  Officer Wren concluded that the

3  report should be sent to the Alameda County District Attorney for review and filing of "PC

4  242" (battery) charges against Lopes.  Officer Wren concluded: "Victims, Parker and Rath

5  believe this Act was intentional on Lopes behalf.  They requested that a report covering the

6  details of this incident be sent to the DA's office."

7    The District Attorneys' Office subsequently asked the Newark Police Department to

8  obtain further information.  In connection with this further investigation, witness Jason Sage

9  sent Officer Wren additional written witness statements and a CD.  Several of the witnesses

10  asserted in their written statements that they had told Lopes to exit the bicycle course.  In

11  addition, witness Tim O'Hara asserted that when he politely asked Lopes to leave the course,

12  Lopes responded: "F___ You, Jew."  Officer Wren submitted both the written statements and

13  the CD to the District Attorney's Office.

14    On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the

15  bicyclist that had collided with Lopes.  Officer Wren produced a second supplemental report

16  identifying Bob Parker as the struck bicyclist.  Officer Wren's submission of the

17  supplemental report ended his participation in the case.  He never met nor spoke with any

18  District Attorney's Office representative concerning whether to file charges against Lopes or

19  issue an arrest warrant.

20    On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked Newark

21  Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance

22  of Warrant of Arrest" ("Declaration") to accompany the District Attorney's criminal

23  complaint for an arrest warrant against Lopes.  Prior to the request from Faria, Sergeant

24  Douglas had never met nor spoken with a representative of the District Attorney's Office

25  concerning whether to file charges against Lopes.  Sergeant Douglas read the criminal

26  complaint and Officer Wren's police report with supplements and concurred that probable

27  cause existed to arrest Lopes.  Accordingly, he prepared and signed the Declaration.  Once he

28  submitted the Declaration, his involvement with Lopes' case ended.

1    On July 16, 2004, a criminal complaint and arrest warrant were issued charging Lopes

2    with misdemeanor battery arising from the June 12, 2004 collision.  Lopes was not convicted

3    of the charges.

4                                    **PROCEDURAL HISTORY**

5        Lopes, proceeding pro se, subsequently filed this section 1983 action against certain

6    Alameda County District Attorney's Office defendants, as well as Officer Wren, the City of

7    Newark, the Newark Police Department and the Newark Police Union.  Upon the filing of a

8    motion to dismiss, the Court dismissed the claims against the District Attorney defendants on

9    the ground of absolute prosecutorial immunity and failure to state a claim.

10        The remaining served defendants have now moved for summary judgment.  As

11    plaintiff is proceeding without the benefit of a lawyer it is difficult to discern the exact nature

12    of his claims.  In his "Amended Motion for Plaintiffs' Memorandum of Points and

13    Authorities In Support of Motion for Summary Judgment" filed June 8, 2007, which the

14    Court considers as an opposition to defendants' motion, plaintiff identifies several "claims."

15        In "Claim 1" Lopes appears to contend that Officer Wren's inclusion of the "F___

16    You, Jew" statement his police report violates the Establishment Clause.  Plaintiff's June 8,

17    2007 Memorandum ("Plaintiff's Memorandum") at p. 1.  "Claim 2" contends that Wren

18    conspired with others to obtain plaintiff's arrest warrant without probable cause.  Id. at 8.  In

19    "Claim 3" Lopes alleges that Officer "Wren recklessly published false information of a crime

20    and put it into judicial records with disregard for its truth and falsity that the plaintiff had

21    struck a cyclist."  Id. at 12.  Plaintiff's opposition identifies his claim 4 as "Count 4."  Count

22    4 contends that his due process rights were violated because the CD Officer Wren received

23    included photographs that showed that plaintiff had not committed battery.  In Count 5 he

24    contends that Officer Badge #56 "negligently prepared and signed his signature to the

25    Declaration in Support of Arrest."  Id. at 20.  Plaintiff must be referring to Sergeant Douglas

26    who signed the Declaration, although Sergeant Douglas does not carry Badge #56.  Claim 7

27    and claim 10 allege that the Newark Police Department and the City of Newark negligently

28    trained Officer Wren and Sergeant Douglas (erroneously referred to as Badge #56).  Claims 8

1    and 9 are omitted from the opposition; these may be the dismissed claims against the

2    prosecutors.

### SUMMARY JUDGMENT STANDARD

4         A principal purpose of the summary judgment procedure is to isolate and dispose of

5    factually unsupported claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  A

6    party moving for summary judgment that does not have the ultimate burden of persuasion at

7    trial (usually the defendant) has the initial burden of producing evidence negating an

8    essential element of the non-moving party's claims *or* showing that the non-moving party

9    does not have enough evidence of an essential element to carry its ultimate burden of

10   persuasion at trial.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th

11   Cir. 2000).

12        If the moving party does not satisfy its initial burden, the non-moving party has no

13   obligation to produce anything and summary judgment must be denied.  If, on the other hand,

14   the moving party has satisfied its initial burden of production, then the non-moving party

15   may not rest upon mere allegations or denials of the adverse party's evidence, but instead

16   must produce admissible evidence that shows there is a genuine issue of material fact for

17   trial.  Nissan Fire & Marine Ins. Co., 210 F.3d at 1102.  A genuine issue of fact is one that

18   could reasonably be resolved in favor of either party.  A dispute is "material" only if it could

19   affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477

20   U.S. 242, 248-49 (1986).

21        At the case management conference held on January 12, 2007, the Court gave plaintiff

22   a copy of the pro se litigant's summary judgment warning.  The warning specifically advised

23   plaintiff of his burden in responding to a motion for summary judgment.

### DISCUSSION

25   **A.    Establishment Clause Claim (Claim 1)**

26        Plaintiff's Establishment Clause claim fails as a matter of law.  First, it appears to be a

27   new claim and plaintiff has not and will not be given leave to file a Fifth Amended

28   Complaint.  Second, it fails as a factual matter as there is no dispute that Officer Wren was

1  told that plaintiff had used the contested phrase.  Third, even if Lopes never uttered the

2  challenged phrase, including the statement in Officer Wren's police report does not violate

3  the Establishment Clause as a matter of law.

4  **B.  Conspiracy to obtain warrant without probable cause (Claim 2)**
   **Due process (Count 4)**

5  **Negligent preparation of declaration in support of warrant (Count 5)**

6       Claim 2, Count 4 and Count 5 all derive from plaintiff's contention that there was not

7  probable cause to charge him with misdemeanor battery.  Plaintiff's claims fail as a matter of

8  law because it is undisputed that the District Attorney filed misdemeanor battery charges

9  against plaintiff.  As the Ninth Circuit has explained:

10       Ordinarily, the decision to file a criminal complaint is presumed to result from
         an independent determination on the part of the prosecutor, and thus, precludes

11       liability for those who participated in the investigation or filed a report that
         resulted in the initiation of proceedings.  However, the presumption of

12       prosecutorial independence does not bar a subsequent § 1983 claim against
         state or local officials *who improperly exerted pressure on the prosecutor,*

13       *knowingly provided misinformation to him, concealed exculpatory evidence, or*
         *otherwise engaged in wrongful or bad faith conduct that was actively*

14       *instrumental in causing the initiation of legal proceedings.*

15  Awaby v. Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (emphasis added).

16       Plaintiff offers no evidence whatsoever that Officer Wren, Sergeant Douglas, or any

17  member of the Newark Police Department exerted any pressure, let alone improper pressure,

18  on the prosecutor.  Nor is there any evidence from which a reasonable jury could find that

19  Officer Wren or Sergeant Douglas knowingly provided false information to prosecutors or

20  concealed exculpatory evidence; to the contrary, the undisputed evidence is that Officer

21  Wren's police report accurately reflects what he was told during his investigation.  In

22  addition, the evidence is undisputed that Officer Wren provided the allegedly exculpatory

23  CD to the District Attorney's Office.  Plaintiff also offers no evidence to support his apparent

24  contention that the police officers conspired with private parties to deprive him of his due

25  process rights.  Accordingly, defendants are entitled to judgment on the above claims.

26  //

27  //

28  //

**United States District Court**
For the Northern District of California

6

**C.    Publishing false information in the police report and judicial records (Claim 3)**

Plaintiff's "libel in public documents" claim, to the extent it differs from his due process claim, also fails as a matter of law.  First, there is no evidence that the police officer defendants knowingly included any false information in their reports or the Declaration.

Second, "[i]n order to maintain a cognizable § 1983 claim based on defamation, a plaintiff must demonstrate the loss of a property or liberty interest rooted in the constitution in conjunction with injury to reputation."  Crowe v. County of San Diego, 303 F.Supp.2d 1050, 1111 (S.D. Cal. 2004).   "As the Ninth Circuit has explained, a § 1983 claim for defamation-plus may be proved either by demonstrating that the plaintiff suffered an injury to reputation that was inflicted in connection with the violation of a federally protected right or by demonstrating that the plaintiff's injury to reputation caused the denial of a federally protected right."  Id. (citation omitted).  Plaintiff has identified neither, let alone produce evidence that would support a finding by a reasonable jury that he had suffered such an injury.

**D.    Negligent training claims**

Since plaintiff's claims against the police officers fail, it follows that his claims against the City of Newark and the Newark Police Department for negligent training of the officers also fail.  Moreover, plaintiff offers no evidence as to the training provided and does not even explain what training the officers should have received.

**E.    Police union defendant**

Plaintiff also named the "Newark Police Union" as a defendant and has recently filed a motion for summary judgment.  Plaintiff claims that the Union has violated the Establishment Clause.  As the Union is not a government entity, the Establishment Clause does not apply as a matter of law; accordingly, the Court will dismiss the claims against the Union with prejudice.

//

//

//

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment on all of the claims against them is GRANTED.  In addition, the claims against the Police Union are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 25, 2007

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

A0264

Exhibit D

*4075021*

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Patricia A. Turnage SBN 127873
Law Offices of Patricia Turnage
1260 "B" Street, Suite 140

Hayward, CA 94541
TELEPHONE NO: 510-727-6752    FAX NO. *(Optional):* 510-727-6751
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Cornealius Lopes, Teresa Lopes

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Superior Court

PLAINTIFF: Cornealius Lopes, Teresa Lopes

DEFENDANT: Fremont Freewheelers; Jason Sage; USA Cycling
dba USCF, NORBA & USPRO; Jeff Wu; Bob Parker; Paul Chuck;
Larry Upthegrove;Lloyd Rath, Technology Park,CB Ellison;
[X] DOES 1 TO  20

**FILED**
**ALAMEDA COUNTY**

MAR 16 2006

CLERK OF THE SUPERIOR COURT
By *Michelle*
                              Deputy

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[X] MOTOR VEHICLE          [ ] OTHER *(specify):*
  [X] Property Damage        [ ] Wrongful Death
  [X] Personal Injury        [X] Other Damages *(specify):* Loss of
                                                   Consortium

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
HG06260161

1. Plaintiff *(name or names):* Cornealius Lopes, Teresa Lopes

   alleges causes of action against defendant *(name or names):* Fremont Freewheelers; (see attached-p.5
2. This pleading, including attachments and exhibits, consists of the following number of pages: 8
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.          CASE NUMBER:

4. ☐ Plaintiff (name):
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Fremont          c. ☒ except defendant (name): Technology Park
      Freewheelers,

      (1) ☐ a business organization, form unknown      (1) ☒ a business organization, form unknown
      (2) ☐ a corporation                              (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):       (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                (4) ☐ a public entity (describe):

      (5) ☒ other (specify): non-profit                (5) ☐ other (specify):
   organization

   b. ☒ except defendant (name): USA Cycling dba   d. ☒ except defendant (name): CB Ellison
      USCF, NORBA and USPRO

      (1) ☐ a business organization, form unknown      (1) ☒ a business organization, form unknown
      (2) ☒ a corporation                              (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):       (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                           (5) ☐ other (specify):


   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-20          were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants (specify Doe numbers): 1-20          are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):


COMPLAINT—Personal Injury, Property
                                    Damage, Wrongful Death

982.1(1)

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. [X]  Motor Vehicle
   b. [X]  General Negligence
   c. [ ]  Intentional Tort
   d. [ ]  Products Liability
   e. [X]  Premises Liability
   f. [X]  Other *(specify)*:  Loss of Consortium

11. Plaintiff has suffered
   a. [X]  wage loss
   b. [ ]  loss of use of property
   c. [X]  hospital and medical expenses
   d. [X]  general damage
   e. [X]  property damage
   f. [X]  loss of earning capacity
   g. [X]  other damage *(specify)*: permanent scarring and loss of feeling in lower lip; loss of seven (7) permanent teeth; loss of consortium

12. [ ]     The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ]  listed in Attachment 12.
   b. [ ]  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X]  compensatory damages
      (2) [ ]  punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) [X]  according to proof
      (2) [ ]  in the amount of: $

15. [X]  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
       5(a)(5);  5(c)(1);  5(d)(1)

Date:  March 14, 2006

Patricia A. Turnage
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

MC-025

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:

**ATTACHMENT** *(Number):* ONE

Page 4 of 8

*(This Attachment may be used with any Judicial Council form.)*

*(Add pages as required)*

1. (cont'd) other named defendants:  Jason Sage, USA Cycling dba USCF, NORBA & USPRO; Jeff Wu; Bob Parker, Paul Chuck, Larry Upthegrove; Lloyd Rath; Technology Park, CB Ellison and Does 1 to 20.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

Cal. Rules of Court, rule 982

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:

FIRST
_(number)_                    CAUSE OF ACTION - Motor Vehicle                    Page 5

ATTACHMENT TO [x] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Cornealius Lopes

MV-1.  Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
       and damages to plaintiff; the acts occurred
       on *(date):* June 12, 2004
       at *(place):* Technology Park, 3900 Block of Eureka Street, Newark, California.
Plaintiff further alleges that bicycles are subject to applicable statutes of
the California Vehicle Code.  As such the below-named bicyclists' conduct is
governed by the California Vehicle Code.  Plaintiff alleges that the below-named
defendants violated the applicable provisions of the California Vehicle Code,
which resulted in striking plaintiff, knocking him to the ground, and causing
him to lose consciousness and to suffer physical and mental injury, all to his
detriment.

MV-2.  DEFENDANTS
       a. [X] The defendants who operated a motor vehicle are *(names):* Bob Parker, Paul Chuck, Larry
              Upthegrove, Lloyd Rath

          [X] Does 1        to 8
       b. ☐ The defendants who employed the persons who operated a motor vehicle in the course of their employment
            are *(names):*

          ☐ Does _____ to _____
       c. ☐ The defendants who owned the motor vehicle which was operated with their permission are *(names):*

          ☐ Does _____ to _____
       d. ☐ The defendants who entrusted the motor vehicle are *(names):*

          ☐ Does _____ to _____
       e. ☐ The defendants who were the agents and employees of the other defendants and acted within the scope
            of the agency were *(names):*

          ☐ Does _____ to _____
       f. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
              ☐ listed in Attachment MV-2f   [X] as follows:
              Bob Parker, Paul Chuck, Larry Upthegrove, Lloyd Rath
              Defendants' liability is based upon their negligent and careless
              operation of bicycles in executing "an attack" which resulted in
              defendants striking plaintiff, knocking him unconscious, proximately
              causing him physical injury to his body, shock to his nervous system,
              great emotional distress, and other damages, according to proof.
              [X] Does 1        to 8

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(2)
Optional Form
                         CAUSE OF ACTION - Motor Vehicle                    Legal
                                                                          Solutions
                                                                          & Plus          CCP 425.12

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al.A | CASE NUMBER: |
|---|---|

SECOND _____     **CAUSE OF ACTION - General Negligence**     Page _6_____
    (number)

ATTACHMENT TO   [X] Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*   Cornealius Lopes

     alleges that defendant *(name):*   Fremont Freewheelers; Jason Sage; Jeff Wu; and USA
Cycling dba USCF, NORBA & USPRO

          [X] Does _9_____ to _16_____

     was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*   June 12, 2004
at *(place):* Technology Park, 3900 Block of Eureka St., Newark, California

     *(description of reasons for liability):*

Defendants, and each of them, knew that plaintiff was present and was jogging
on what they deemed to be the course for the bicycle race, known as Fremont
Freewheelers Criterium. At all times mentioned herein, defendants, and each of
them, owed a duty of care to plaintiff not to place him in harm's way and not to
conduct the race while he was on the course. Defendant Jason Sage, as an
individual and acting on behalf of Fremont Freewheelers as a race promotor, Jeff
Wu as referee, and all other defendants named herein decided to start the race
while plaintiff was running on the course, knowing that it was dangerous to do
so. Such conduct on the part of the defendants, and each of them, was
negligent,careless and constitutes a breach of the duty of care. As a proximate
result of the breach of duty of care by defendants, and each of them, plaintiff
has been physically and emotionally injured, in his mind and his body, and has
experienced pain and suffering, and has been damaged.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

**CAUSE OF ACTION - General Negligence**

Legal
Solutions
Plus

CCP 425.12

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:

---

__THIRD__         **CAUSE OF ACTION - Premises Liability**                Page _7_
_(number)_

ATTACHMENT TO  [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.  Plaintiff *(name):* Cornealius Lopes
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* June 12, 2004            plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
As a member of the public, plaintiff was invited to come upon the
premises and to jog through Technology Park, in Newark, California. At
the time plaintiff jogged on the premises, a bicycle race, Fremont
Freewheelers Criterium, was going on.  The lack of written notice to
plaintiff and to the public, the lack of barriers and cones to protect
plaintiff from injury, created a dangerous condition on premises.  As
a proximate result of the existence of a dangerous condition on the
premises, plaintiff was mowed down by bicyclists during the race, and
suffered, *inter alia,* loss of consciousness, loss of seven permanent
teeth, injury to his neck and back, permanent scarring and loss of
feeling in his lower lip.

Prem.L-2.     [X] **Count One–Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were *(names):* Technology Park, CB Ellison

[X] Does _17_ to _20_

Prem.L-3.     [X] **Count Two–Willful Failure to Warn**  [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):* Technology Park

[X] Does _17_ to _20_
Plaintiff, a recreational user, was [X] an invited guest [ ] a paying guest.

Prem.L-4.     [X] **Count Three–Dangerous Condition of Public Property**  The defendants who owned public property
on which a dangerous condition existed were *(names):* Technology Park

[X] Does _17_ to _20_
a. [ ] The defendant public entity had [ ] actual   [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [X] **Allegations about Other Defendants**  The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):* CB Ellison

[X] Does _17_ to _20_
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

---

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(5)
Optional Form
                    **CAUSE OF ACTION - Premises Liability**          Legal
                                                                  Solutions
                                                                   & Plus          CCP 425.12

MC-025

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:

ATTACHMENT (Number): Two

Page 8 of 8

(This Attachment may be used with any Judicial Council form.)

(Add pages as required)

FOURTH CAUSE OF ACTION  ---LOSS OF CONSORTIUM-(As to all Named Defendants and Does 1 to 20)

On or about June 12, 2004, and at all relevant times mentioned herein, plaintiff, Teresa Lopes, was and is the spouse of plaintiff, Cornealius Lopes.  As a proximate result of defendants', and each of them, negligent conduct, Cornealius Lopes was injured, both physically and emotionally.  His injuries resulted in a loss of consortium to Teresa Lopes, his spouse, as she was deprived of the love, joy, comfort and society of her spouse, all to her detriment.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

Cal. Rules of Court, rule 982

Exhibit E

*4628927*

FILED
ALAMEDA COUNTY

JUL 2 4 2007

CLERK OF THE SUPERIOR COURT
By _Nancy A. Rose_
Deputy

1

2

3

4

5

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10

11  CORNELIUS LOPES, TERESA LOPES,          )          -260161
                                            )
12                                          )   Case No: HG0628161
                                            )
13                          Plaintiffs,     )   JUDGMENT ON JURY VERDICT
    vs.                                     )
14                                          )
    FREMONT FREEWHEELERS, ET.AL.            )
15                                          )
                         Defendants.        )
16                                          )
                                            )
17  _____ )

18        This action came on regularly for trial on June 22, 2007, in Department 511 of the

19  Superior Court, the Hon. Harry Sheppard, Judge presiding; the plaintiffs appearing by attorney

20  Patricia A. Turnage and the defendants appearing by attorneys David Dalby and David Winnett.

21        A jury of twelve persons was regularly impaneled and sworn. Witnesses were sworn and

22  testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by

23  the Court and the case was submitted to the jury with directions to return a verdict on special

24  issues. The jury deliberated and thereafter returned into court with its verdict as follows:

25        The jury found by a preponderance of the evidence that Fremont Freewheelers, Jason

26  Sage, Jeff Wu and Bob Parker were negligent. The jury found that Larry Upthegrove and Lloyd

27  Rather were not negligent. As to the negligent defendants, the jury found by a preponderance of

28  the evidence that Fremont Freewheelers', Jason Sage's, and Jeff Wu's negligence was each a

1



1   substantial factor in causing harm to plaintiff, Cornelius Lopes.  The jury awarded Cornelius

2   Lopes the sum of $3,000.00 in lost earnings and $14,000.00 in medical/dental expenses for a

3   total sum of $17,000.00 in total past economic damages.  The jury awarded Cornelius Lopes the

4   sum of $5,000.00 in future medical/dental expenses, for a total of $22,000.00 in past and future

5   economic damages.  The jury awarded Cornelius Lopes the sum of $55,000.00 for past non-

6   economic damages; i.e., physical pain, mental suffering, loss of enjoyment of life, disfigurement,

7   physical impairment, inconvenience, grief, anxiety, humiliation and/or emotional distress.  The

8   jury awarded Cornelius lopes the sum of $20,000.00 for future non-economic damages; i.e.,

9   general damages for future physical pain, mental suffering, loss of enjoyment of life,

10  disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation and/or emotional

11  distress.   Total award to Cornelius Lopes is $97,000.00.

12          The jury found by a preponderance of the evidence that Cornelius Lopes was 25% at fault

13  for the accident, reducing his damage award to $72,750.00 for his percentage of fault.  The jury

14  also found that the following shared responsibility for Cornelius Lopes' harm as follows:

15  Fremont Freewheelers, 35%; Jason Sage, 25%; Jeff Wu, 12%; Bob Parker, 3%.

16          The jury found by a preponderance of the evidence that Teresa Lopes did not prove her

17  loss of consortium claim and did not award her any damages.

18          It appearing by reason of said verdict that plaintiff, Cornelius Lopes, is entitled to

19  judgment against defendants, Fremont Freewheelers, Jason Sage, Jeff Wu, and  Bob Parker in

20  the sum of $72,750.00, prejudgment interest at the rate of 7% from June 12, 2004 on the

21  unliquidated claim in the amount of $_____ and post judgment  interest thereon at

22  the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid,

23  together with costs and disbursements in the amount of $_____.

24          It appearing by reason of said verdict that: plaintiff, Cornelius Lopes is entitled to

25  judgment against defendants,

26          NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that said

27  plaintiff, Cornelius Lopes, have and recover from said defendants the sum of $

28  _____ with prejudgment interest thereon at the rate of seven percent (7%) per annum



the sum of $72,750.00, and post-judgment interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid, together with costs ~~and disbursements~~ in the amount of $ _____.

It appearing by reason of said verdict that: plaintiff, Cornelius Lopes is entitled to judgment against defendants,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that said plaintiff, Cornelius Lopes, have and recover from said defendants the sum of $ 72,750 and with interest thereon at the rate of ten per cent (10%) per annum from the date of entry of this judgment until paid, together with costs ~~and disbursements~~ in the amount of

$ _____

Dated: July 24, 2007

_Harry R. Sheppard_
Harry Sheppard, Judge of the Superior Court

APPROVED AS TO FORM:

_S. McNally_
HINSHAW & CULBERTSON, LLP