MARK P MEUSER, (SBN 231335)
P.O. Box 5412
Walnut Creek, CA 94596
Telephone: (415) 577-2850
Facsimile: (925) 262-2318
E-mail: mpm@markmeuser.com

Attorney for Defendants
Larry Nolan, Garry Birch, Jason Sage Sally Wilson,
Richard Brockie, Timothy O'Hara, & Fremont Freewheelers Bicycle Club

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES,<br><br>        Plaintiff,<br><br>    Vs.<br><br><br>FREEMONT FREEWHEELERS, et al.,<br><br>      Defendants. | Case No.: C 07-6213 PJH<br><br>DEFENDANTS' SALLY WILSON, RICHARD BROCKIE, TIMOTHY O'HARA, AND FREMONT FREEWHEELERS BICYCLE CLUB'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) & (6)<br><br>Date: July 9, 2008<br>Time: 9:00am<br>Dept: Courtroom 3, 17th Floor<br>Judge: Phyllis J. Hamilton |

**I. INTRODUCTION**

SALLY WILSON, RICHARD BROCKIE, TIMOTHY O'HARA, and

FREMONT FREEWHEELERS BICYCLE CLUB requests that this Court dismiss them

on the grounds 1) that they were not properly served, (2) that the action states claims that

are barred by the statute of limitations, 3) that the complaint fails to state a cause of

action upon which relief can be granted, and 4) that the this action is barred because of

the doctrine of res judicata as to defendant Fremont Freewheelers Bicycle Club.

## II. STATEMENT OF FACTS

While jogging one morning on June 12, 2004 at approximately 8:20 a.m., plaintiff collided with a bicyclist participating in a bicycle race in Newark, California. Plaintiff was taken to Washington Hospital.

Officer Wren, who arrived at the accident shortly after it occurred, spoke to various witnesses at the scene. Byron Sheppard reported that he had been directly behind the bicyclist that collided with the plaintiff and that he had observed the plaintiff run directly into the group of bicyclist and hold his right arm out to the side, level to the ground, and strike the bicyclist in the middle of the chest. Officer Wren also spoke with Jason Sage. Sage reported that Lopes had been warned to stay off the roadway and that Sage had been told that on one occasion the plaintiff had responded something to the effect of "F___ You Jew."

The next day, Officer Wren spoke with the plaintiff. Plaintiff denied that he had been warned to stay off the course. He also denied that he had argued with any of the bicyclists or stuck his arm out while jogging to interfere with the bicyclists. Later that day, plaintiff faxed a written statement to Officer Wren.

According to Officer Farley's police report, upon his arrival at the scene, Officer Farley spoke with witness Peter Rosa. Rosa reported that Lopes had intentionally collided with the bicyclists.

On June 14, 2004, Officer Wren prepared a written police report that included the above information, as well as plaintiff's written statement. Officer Wren concluded that the report should be sent to the Alameda County District Attorney for review and filing of "PC 242" (battery) charges against the plaintiff. Officer Wren concluded: "Victims,

2

Parker and Rath believe this Act was intentional on Lopes behalf. They requested that a report covering the details of this incident be sent to the DA's office."

The District Attorneys' Office subsequently asked the Newark Police Department to obtain further information. In connection with this further investigation, witness Jason Sage sent Officer Wren additional written statements and a CD. Several of the witnesses asserted in their written statements that they had told the plaintiff to exit the bicycle course. In addition, witness Tim O'Hara asserted that when he politely asked Lopes to leave the course, Lopes responded: "F__ You, Jew." Officer Wren submitted both the written statements and the CD to the District Attorney's Office.

On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the bicyclist that had collided with the plaintiff. Officer Wren produced a second supplemental report identifying Bob Parker as the struck bicyclist. Officer Wren's submission of the supplemental report ended his participation in the case.

On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" ("Declaration") to accompany the District Attorney's criminal complaint for an arrest warrant against the plaintiff. Sergeant Douglas read the criminal complaint and Officer Wren's police report with supplements and concurred that probable cause existed to arrest the plaintiff. Accordingly, he prepared and signed the Declaration. Once he submitted the declaration, his involvement with the plaintiff's case ended. [1]

---

[1] The statement of facts comes predominately from the Memorandum and Order, *Lopes v. Wren*, U.S.D.C. Northern District, Case No. C 06-03705 CRB, attached as Exhibit C to Defendants Request for Judicial Notice.

Lopez v. Freemont Freewheelers et al.
Wilson, Brockie, O'Hara, & Fremont's Memorandum in Support of Motion to Dismiss

On July 15, 2004, a criminal complaint and arrest warrant were issued charging the plaintiff with misdemeanor battery arising from the June 12, 2004 collision. (Exhibit A, attached to Doc 44 filed 5/20/08). The charges were dismissed on October 12, 2005. (Exhibit B, attached to Doc 44 filed 5/20/08).

On March 16, 2006, Plaintiff filed suit against Defendant Fremont Freewheelers Bicycle Club and 10 other named individuals for injuries suffered as a result of his actions on June 12, 2004 (Exhibit D, attached to Doc 44 filed 5/20/08). After trial on the matter, on July 24, 2007, the court entered Judgment on Jury Verdict (Exhibit E, attached to Doc 44 filed 5/20/08).

### III. PROCEDURAL HISTORY

On or about November 2, 2007, plaintiff filed the current litigation in Alameda Superior Court. On or about November 8, 2007, plaintiff filed his first amended complaint which contained 18 causes of actions against 33 individuals and entities.

Plaintiff's complaint alleges 18 counts or causes of action against all or some of the defendants. Count 1 alleges a violation of his civil rights under 42 U.S.C § 1983 and 1985. Count 2 alleges that plaintiff is entitled to civil remedies under 18 U.S.C. § 1964(a). Count 3 alleges a violation of plaintiff's civil rights under 42 U.S.C. § 1983. Count 4 alleges violations of plaintiff's civil rights under the 14th Amendment to the U.S. Constitution. Count 5 alleges that defendants should be charged under "ss242". Count 6 alleges plaintiff's due process rights were violated under the 14th Amendment to the U.S. Constitution. Count 7 alleges a violation of 18 U.S.C §1962(d). Count 8 alleges various defendants violated plaintiff's right under 42 U.S.C §1985 and 42 U.S.C. §2000(b) and (c). Count 9 alleges plaintiff has suffered injury in violation of 42 U.S.C. §1985. Count

Lopez v. Fremont Freewheelers et al.
Wilson, Brockie, O'Hara, & Fremont's Memorandum in Support of Motion to Dismiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10 alleges negligence. Count 11 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution. Count 12 alleges defendants violated plaintiff's rights under the 14th Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1981. Count 13 alleges that plaintiff's Fifth Amendment right against self-incrimination under the United States Constitution was infringed. Count 14 alleges defendants violated plaintiff's right under the Sixth Amendment to the United States Constitution. Count 15 alleges plaintiff's rights under the 14th Amendment to the United States Constitution were violated. Counts 16, 17, and 18 allege various causes of action but do not specify the statutory basis for those injuries.

Defendant Sally Wilson was named in Counts 5, 6, 7, 8, 12, and 18. Defendant Richard Brockie was named in Counts 3, 4, 6, 8, 12, and 18. Defendant Timothy O'Hara was named in Counts 5, 6, 7, 8, 12, and 18. Defendant Fremont Freewheelers was named in Counts 1, 2, 3, 5, 6, and 7.

On December 7, 2007, this case was removed from the Alameda Superior Court to the Northern District of California because the complaint contained a federal question. On December 13, 2007, Defendant CB Richard Ellis, Inc. filed its Motion to Dismiss pursuant to 12(b)(6) on grounds that *res judicata* and statute of limitations. On March 10, 2008, this court granted Defendant CB Richard Ellis, Inc.'s motion and dismissed it from this case.

On May 7, 2008, Defendant Larry Nolan filed his Motion to Dismiss pursuant to 12(b)(6). On May 15, 2008, Defendants USA Cycling, Inc. and Linda Buffetti filed their Motion to Dismiss pursuant to 12(b)(5)(6). On May 13, 2008, Defendants Lisa Faria, Shara Mesic Beltrano and Stacy Pettigrew filed their motion to dismiss pursuant to

Lopez v. Fremont Freewheelers et al.
Wilson, Brockie, O'Hara, & Fremont's Memorandum in Support of Motion to Dismiss

12(b)(6). On May 20, 2008, Defendants Jason Sage and Garry Birch filed their Motion to Dismiss Pursuant to 12(b)(6).

On May 16, 2008 Plaintiff filed Proof of Service that he had served Defendants Sally Wilson, Richard Brockie, Timothy O'Hara, and Fremont Freewheelers Bicycle Club.

On June 2, 2008 Defendants Joseph Wren, Newark Police Department, and Jim Davis filed their Motion to Dismiss pursuant 12(b)(6).

## IV. ARGUMENT

### A.  DEFENDANTS WERE NOT PROPERLY SERVED

Defendants move that the complaint be dismissed under FRCP 12(b)(5) since there is an insufficiency of service of process in this matter. Once service is challenged, plaintiff bears the burden of establishing that service was valid under FRCP Rule 4. *Brockmeyer v. May*, 383 F.3d 788, 801 (9th Cir. 2004).

### 1.  Defendant Fremont Freewheelers Bicycle Club was not properly served

According to the Return of Service filed by plaintiff on May 16, 2008 (Document 52), the process server claims to have properly served Fremont Freewheelers by serving the daughter of Garry Birch at 8126 Locust Place, Dublin, CA. According to the declaration of Jeff Girard, president of Fremont Freewheelers Bicycle Club (Exhibit 1), neither Garry Birch nor his daughter are either the registered agent or an officer of the organization. The proper registered agent is a Karen White who lives in Fremont, California.

The Federal Rules of Civil Procedure require that a Corporation be served by:

> (A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant

FRCP 4(h).

Since Fremont Freewheelers was not properly served and since the time of service of process has expired (Doc 26 – Order), Fremont Freewheelers request this Court to quash service of process and dismiss them from this matter.

**2. Defendant Timothy O'Hara was not properly served**

The Return of Service claiming to have properly served Timothy O'Hara which filed by plaintiff on May 16, 2008 (Document 53) is defective. First, the declaration of server is not dated. Second, the individual who signed the declaration is not the individual who actually gave the documents to Timothy O'Hara. Third, according to the declaration of Timothy O'Hara (Exhibit 2), O'Hara was not given a copy of the complaint until May 2, 2008. O'Hara received a copy of the complaint from a co-worker of the person who signed the Declaration of Service. This Court has ruled that Service of Process was to be completed by April 30, 2008 and thus Timothy O'Hara was served out of time. Furthermore, it appears that the process server is stating that service of process was complete when he received a copy of the Complaint from Plaintiff in order to serve upon the Defendant.

This Court does not have jurisdiction over a defendant unless he has been properly served pursuant to Rule 4. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court … shall dismiss the action without prejudice as to that defendant …; provided that if the plaintiff

1  shows good cause for the failure, the court shall extend the time for service for an

2  appropriate period."

3      Therefore, since O'Hara did not receive a copy of the complaint within the

4  extended period of time permitted by this court, this Court does not have jurisdiction over

5

6  him and O'Hara requests this Court to quash service of process and dismiss him from the

7  matter.

8      **3.  Defendant Richard Brockie was not properly served**

9      According to the Return of Service filed by plaintiff on May 16, 2008 (Document

10  49), service of process was completed upon a receptionist at Brockie's place of work.

11

12  According to the declaration of Brockie (Exhibit 3), Brockie never received a copy of the

13  complaint from the receptionist. Furthermore, Brockie never received a copy of the

14  complaint in the mail after the supposed service of process at his place of business.

15      The Federal Rules of Civil Procedure require that an individual defendant be

16  served by:

17

18      (1) following state law for serving a summons in an action brought in
        courts of general jurisdiction in the state where the district court is
19      located or where service is made;  or (2) Doing any of the following:
        (A) delivering a copy of the summons and of the complaint to the
20      individual personally; (B) leaving a copy of each at the individual's
        dwelling or usual place of abode with someone of suitable age and
21      discretion who resides there; or (C) delivering a copy of each to an
        agent authorized by appointment or by law to receive service of
22      process.

23      FRCP 4(e).

24      "Under California law, a plaintiff may be served by leaving a copy of the
25
26  summons and complaint at the individual's place of business and thereafter mailing those

27  documents to the business and addressing them to the person to be served. Cal Civ Proc

28  Code § 415.20." Sutton v. Sokotowski, 2007 WL 1113950, *9 (N.D.Cal. 2007).

Since Plaintiff failed to serve Brockie as required by law, Brockie requests that the Court quash service and dismiss him from the matter.

### 4.  Defendant Sally Wilson was not properly served

According to the Return of Service filed by plaintiff on May 16, 2008 (Document 56), service of process was completed upon a secretary at Wilson's place of work. According to the declaration of Wilson (Exhibit 4), Wilson never received a copy of the complaint in the mail after the supposed service of process at her place of business.

As previously discussed, under California law, if a person attempts to serve a person at work, the complaint must be left with a person in charge and the plaintiff must subsequently mail to the Defendant a copy of the complaint. Whether or not the secretary was a sufficient party for service of process, the fact remains that Wilson did not receive nor does the process server swear that he mailed a copy of the complaint to Wilson after the copy of the complaint was left at her place of business.

Since Plaintiff has failed to comply with the law regarding service of process, Wilson requests that the Court quash service and dismiss her from the matter.

### B.  THE CLAIMS ARE BARRED BY THE STATUTES OF LIMITATION

Plaintiff has sued Defendants under 42 U.S.C. 1981, 1983, 1985. All facts in the First Amended Complaint deal with the time period between when the accident occurred and when the District Attorney filed charges against the Plaintiff.

"The Ninth Circuit Court of Appeals has determined that claims brought under 42 U.S.C. § 1981 in California are governed by California's statute of limitations for personal injury actions. Accordingly, Plaintiff's 42 U.S.C. § 1981 claim is governed by California's statute of limitations for personal injury actions, which is two years."

1  (Cal.Code of Civ. Proc § 335.1) *Batiste v. City of Emeryville*, WL 1811158, (N.D.Cal

2  2004).

3       "Because section 1983 does not contain a statute of limitations, federal courts

4  apply the forum state's statute of limitations for personal injury actions and incorporate

5  the forum state's law of tolling, both statutory and equitable, unless it is inconsistent with

6  federal law. As of January 1, 2003, California's statute of limitations for personal injury

7  actions is two years; before that, it was a year." *Sumahit v. Parker,* 2008 WL 449713,

8  (E.D.Cal. 2008).

9       "The Statute of Limitations for actions filed under 42 U.S.C. § 1985(3) is not

10  specified by federal law. The rule, under these circumstances, is that the most analogous

11  Statute of Limitations of the State from which the claim arose governs." Smith v. Private

12  Industry Council of Westmoreland and Fayette counties, Inc., 622 F.Supp. 160, 167-168

13  (USDC W.D.Penn 1985). Thus the applicable California Statute of Limitations would be

14  two years under California Code of Civil Procedure § 335.1.

15       Even if the court were to construe the conspiracy in the broadest possible terms

16  and find that the conspiracy lasted until criminal charges were dismissed against the

17  plaintiff, the two-year statute of limitations has run since the criminal charges were

18  dismissed on October 12, 2005 and this present litigation was filed over two years later,

19  on November 2, 2007.

20       Plaintiff also sued Defendants Wilson, Brockie, and O'Hara for malicious

21  prosecution in Count 18. Even if these allegations could be proved, the applicable statute

22  of limitations for a Malicious Prosecution is two years under California Code of Civil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Procedure 335.1. Since over two years had elapsed between the dismissal of the criminal

charges and the filing of the current litigation, the statute of limitations has run.

Therefore, the statutes of limitation bars the claims.

## C.  THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED

In Count 5, both Defendant Wilson, O'Hara and Fremont Freewheelers are sued

and the plaintiff does not state any statutory reasons for the cause of action but does state

that "Defendants should be charged with ss242". Nowhere in the complaint does Plaintiff

state the title to "ss242" but it appears that Plaintiff is suing under 18 U.S.C. 242. In

addition, Defendants Wilson, O'Hara and Fremonet Freewheelers are sued in Count 7 for

violations to 18 USC 1962. Title 18 of the United States Code deal with criminal

violations and Plaintiff is not a proper party to bring such litigation even if the facts he

alleged were correct.

Therefore, Counts 5 and 7 should be dismissed.

In Count 4, Defendant Richard Brockie is sued for violations of Plaintiff's

Fourteenth Amendment rights and Due Process of law. However, Plaintiff has failed to

state how Defendant Brockie was a state actor who could even if he wanted to violate

Plaintiff's due processes under the law. Therefore, Count 4 must be dismissed.

## D.  THE CLAIMS ARE BARRED AGAINST FREMONT FREEWHEELERS BICYCLE CLUB BY THE DOCTRINE OF RES JUDICATA

Plaintiff originally filed suit against Fremont Freewheelers Bicycle Club and 10

other individuals or entities with an attorney representing him on March 16, 2006. (See

Exhibit D attached to Request for Judicial Notice). The court may take judicial notice of

these official records for purposes of this Rule 12(b)(6) motion. *Henson v. CSC Credit*

1    *Services*, 29 F.3d 280, 284 (7th Cir. 1994); *Day v. Moscow,* 955 F.2d 807, 811 (2nd Cir.

2    1992).

3         Res judicata, or claim preclusion, prohibits the re-litigation of any claims that

4    were raised or could have been raised in a prior action. *Western Radio Servs. Co.*, 123

5    F.3d 1189, 1992 (9th Cir. 1997). The purpose of the doctrine is to "relieve parties of the

6    cost and vexation of multiple law suits, conserve judicial resources, and, by preventing

7    inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care*

8    *Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985). Res judicata has three

9    requirements. First, there must be an identity of claims, but the claims need not be

10   identical. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713-714 (9th Cir.

11   2001). The central criterion in determining whether there is an identity of claims between

12   the first and second adjudications is whether the two suits arise out of the same

13   transactional nucleus of facts. *Id.* at 714. Second the previous action must have resulted

14   in a final judgment on the merits. *Id*. at 713. Third, there must be identity or privity

15   between the parties*. Id.*

16        Here, the plaintiff is the same in both cases. Furthermore, while the previous

17   litigation filed in Alameda Superior Court dealt with negligence arising from the

18   pedestrian bicycle accident that occurred in Fremont California on June 12, 2004, the

19   current litigation deals with various actions taken by Fremont Freewheelers in reporting

20   the events of the accident to the local authorities. Since the criminal charges were

21   dismissed on October 12, 2005 and plaintiff filed the negligent suit against Defendant

22   Fremont Freewheelers on March 16, 2006, plaintiff knew all the facts and could have

23   plead at that time his current claims of constitutional violations. Defendant Fremont

24
25
26
27
28

1    Freewheelers and others should not constantly be brought back into court over claims

2    arising from the exact same set of facts.

3        Therefore, the doctrine of Res Judicata bars this current litigation against

4    Defendant Fremont Freewheelers.

5                              **V. CONCLUSION**

6

7        For the reasons set forth above, the motion should be granted.

8        Respectfully submitted,

9
    Dated: June 2, 2008              by:   /s/ Mark P. Meuser
10                                         Mark P Meuser, Esq. (SBN 231335)
                                           P.O.  Box 5412
11                                         Walnut Creek, CA 94596
                                           (415) 577-2850 – Telephone
12                                         mpm@markmeuser.com

13                                         Attorney for Defendants Larry Nolan, Garry Birch,
14                                         Jason Sage, Sally Wilson, Richard Brockie,
                                           Timothy O'Hara, & Fremont Freewheelers
15

16

17

18

19

20

21

22

23

24

25

26

27

28

13