DAVID I. DALBY (SBN: 114850)
CASEY A. HATTON (SBN: 246081)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070
ddalby@hinshawlaw.com

Attorneys for Defendants
USA Cycling, Inc. and Linda Buffetti

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNEALIUS LOPES, | ) Case No.:  C 07-6213 PJH |
| Plaintiff, | ) DEFENDANT USA CYCLING, INC. |
| | ) AND LINDA BUFFETTI'S REPLY |
| vs. | ) BRIEF IN SUPPORT OF ITS MOTION |
| | ) TO DISMISS PURSUANT TO |
| FREEMONT FREEWHEELER, et al., | ) FRCP 12(b)(5)(6) |
| Defendants. | ) Date:        June 25, 2008 |
| | ) Time:        9:00 a.m. |
| | ) Courtroom:  3 |
| | ) Hon. Phyllis J. Hamilton |
| | ) |
| | ) |
| | ) Complaint Filed:    November 2, 2007 |

## I.    INTRODUCTION

Plaintiff Cornelius Lopes' opposition to defendants USA Cycling, Inc.'s and Linda Buffetti's Motion to Dismiss is indecipherable.  Lopes does not make any cognizable argument or submit any admissible evidence in support of the opposition.

As to Count 8 of the complaint, the only cause of action alleged against USA Cycling, Lopes has failed to establish by admissible evidence that USA Cycling was properly served with the complaint in the time and manner prescribed for service by the Court.  Lopes also fails to establish that Count 8 of the complaint is not barred by the

1   applicable statute of limitations or that the Count states facts on which relief can be

2   granted.  As USA Cycling was not properly served with the complaint and Count 8 of the

3   complaint is barred by the statute of limitations, USA Cycling's motion to dismiss must

4   be granted without leave to amend.

5       Similarly, as to Ms. Buffetti, Lopes' opposition utterly fails to explain how Count

6   2 of the complaint states facts on which relief can be granted or establishes that Count 18

7   of the complaint is not barred by the statute of limitations.

8

9   **II.    COUNT 8 MUST BE DISMISSED AS TO USA CYCLING**

10      When a defendant files a motion to dismiss challenging the sufficiency of service

11  of process, the plaintiff bears the burden of proving the adequacy of service.  *Beati and*

12  *Osborne LLP v Patriot Scientific Corp.* (SDNY 2006) 431 F.Sup.2d 367, 384.

13      Plaintiff's only argument concerning service of the complaint on USA Cycling

14  appears at page 9 of the opposition where Lopes asserts that USA Cycling was served by

15  service of defendant Linda Buffetti, "as she has the title USCF/NORBA promoter service

16  coordinator."  However, as explained in Ms. Buffetti's declaration in support of USA

17  Cycling's motion, Ms. Buffetti is not an officer, director, managing agent or general

18  agent of USA Cycling.  Ms. Buffetti was not an agent authorized by appointment or by

19  law to receive service of process on behalf of USA Cycling.  As USA Cycling is a

20  corporation and has not been served in compliance with Federal Rules of Civil Procedure,

21  Rule 4(h)(1)(b), it has not been properly served with the summons and complaint in this

22  action and Count 8 must be dismissed as to USA Cycling.

23      As to USA Cycling's contention that Count 8 is barred by the two year statute of

24  limitations for Lopes' 42 U.S.C. Section 1985 claim, it is impossible to determine what if

25  any argument Lopes makes in his opposition papers concerning the statute of limitations.

26  Accordingly, as the statute of limitations for plaintiff's 42 U.S.C. section 1985(3) claim

27  accrued on October 12, 2005, the date of the dismissal of the criminal action and the

28

statue expired, at the latest, on October 12, 2007, this action which was not filed until November 2, 2007, is barred by the statute of limitations.

Apparently, Lopes confusingly attempts to argue that Count 8 of the complaint states a cause of action for violation of 42 U.S.C. Section1985(3) because, allegedly, an independent insurance adjuster investigated the bicycle race incident and provided information to the Newark Police Department and the Alameda County District Attorney's office. How these allegations are suppose to establish a violation of section 1985 by USA Cycling is incomprehensible. Lopes does not cite any authority to support this proposition.

Count 8 of the complaint must be dismissed as to USA Cycling without leave to amend. USA Cycling was not properly served with the summons and complaint, Count 8 is barred by the statute of limitations and Count 8 otherwise fails to state facts upon which relief can be granted.

**III.    COUNTS 2 AND 18 MUST BE DISMISSED AS TO DEFENDANT LINDA BUFFETTI**

Count 2 of the complaint attempts to allege a civil conspiracy in violation of the RICO statute, 18 U.S.C. Section 1962(d). Count 18 attempts to allege a cause of action for malicious prosecution.

As to Count 2, plaintiff's opposition to Ms. Buffetti's motion to dismiss appears at page 15 of Lopes' opposition. Section 1962(d) prohibits the act of conspiring to violate Section 1962(a) or Section 1962(c). Section 1962(a) prohibits the investment or improper use of money obtained from racketeering activity. Section 1962(c) prohibits association with an "enterprise" engaged in racketeering activity. In order to plead a Section 1962(c) violation, plaintiff must allege that Ms. Buffetti was associated with an "enterprise" within the meaning of RICO. See, *Resolution Trust Corp. v. Keating* 186 F.3d 1110, 1117 (9th Cir. 1999). The definition of "enterprise" encompasses both groups with a formal legal structure and those whose members merely associate in fact. See, 18 U.S.C. Section 1961(4). Either way, however, a group does not constitute an enterprise

3

1  unless it exist independently from the racketeering activity in which it engages.  See,

2  *Chang v. Chen* 80 F.3d 1293, 1298 (9th Cir. 1996) (citing *United States v. Turkett* 452

3  U.S. 576, 583, 101 Sp. Ct. 2524, 69 L.Ed. 2d 246 (1981) at minimum, it must have "some

4  sort of structure . . . for the making of decisions" and "some mechanisms for controlling

5  and directing the affairs of the group on an ongoing, rather than an ad hoc, bases" *Id.* at

6  1299 (internal quotations omitted).  A group whose members collectively engage in an

7  illegal act, in and of itself, does not constitute an "enterprise" for purposes of RICO.  *Id* at

8  1300.

9       Lopes argues that Ms. Buffetti, in her capacity as an hourly employee of USA

10  Cycling, participated in a conspiracy to commit fraud in violation of 18 U.S.C.

11  Section1982(d) by advising defendant Jason Sage of insurance applicable to the cycling

12  event and by allegedly providing information to the Newark Police Department and

13  police officer Joseph Wren.  Lopes does not explain in his opposition or the complaint

14  what supposed fraud occurred, the existence of a RICO enterprise, or how he was harmed

15  by Ms. Buffetti's conduct.

16       Plaintiff has simply not alleged a cause of action for violation of 18 U.S.C. Section

17  1962(d) and, given the admitted facts in this case, he cannot do so.

18       As to Count 18 of the complaint, apparently, an attempt to allege a cause of action

19  for malicious prosecution, Lopes' opposition contains no argument concerning this

20  Count.  As discussed in Ms. Buffetti's motion to dismiss, a cause of action for malicious

21  prosecution is barred by the statute of limitations and the Count does not state a claim

22  upon which relief may be granted.

23       The criminal charges against Lopes were dismissed on October 12, 2005 and any

24  malicious prosecution cause of action accrued on that date.  The statute of limitation for

25  malicious prosecution is two years. *Stavropoulos v. Superior Court* (2006) 141

26  Cal.App.4th 190, 193-194.  The statute of limitations expired on October 12, 2007.  Since

27  over two years passed from the dismissal of the criminal charges against Lopes and the

28

1  filing of this action on November 2, 2007, the statute of limitations bars this claim against

2  Ms. Buffetti.

3      In plaintiff's previous federal action the Court specifically found that the district

4  attorney had probable cause to file criminal charges against Lopes.  (June 25, 2007

5  memorandum and/or page 6, Exhibit C to RJN).  There are no allegations or evidence

6  that Ms. Buffetti was in any way connected with the prosecution of the plaintiff.  Lopes

7  has failed to state, and will never be able to truthfully allege or prove a cause of action for

8  malicious prosecution against Ms. Buffetti.

9  **IV.    CONCLUSION**

10      The summons and complaint in this action were never properly or timely served

11  on USA Cycling.  The only Count alleged against USA Cycling, Count 8, is barred by the

12  applicable statute of limitations and fails to state facts on which relief may be granted.

13  As to Linda Buffetti, Count 2 of the complaint fails to state facts upon which relief can be

14  granted and Count 18 is barred by the applicable statute of limitations and fails to state

15  facts on which relief can be granted.  This action must be dismissed without leave to

16  amend as to USA Cycling and Linda Buffetti.

17

18  DATED:  June 25, 2008            HINSHAW & CULBERTSON LLP

19

20

21  By: _____
                    David I. Dalby
22                  Attorneys for Defendants
                    USA Cycling, Inc. and Linda Buffetti
23

24  2972638v1  888497

25

26

27

28

DEFENDANT USA CYCLING, INC. AND LINDA BUFFETTI'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5)(6)  CASE NO.  C 07-6213 PJH

1

## PROOF OF SERVICE

2      [I am employed in the County of San Francisco, State of California.  I am over the age of
18 and not a party to the within actions; my business address is One California Street, 18th Floor,
3   San Francisco, CA 94111.

4      On June 25, 2008, I served the document(s) entitled:
**DEFENDANTS USA CYCLING AND LINDA BUFFETTI REPLY**
5   **BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT**
**TO FRCP 12(b)(5)(6)**
6
on the interested parties in this action by placing true copies thereof enclosed in a sealed
7   envelope(s) addressed as stated below:

8      ☒ **(BY MAIL):**      I deposited such envelope in the mail at San Francisco, California.
The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's
9   practice of collection and processing correspondence for mailing.  Under that practice it would
be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at
10  San Francisco, California, in the ordinary course of business.  I am aware that on motion of party
served, service is presumed invalid if postal cancellation date or postage meter date is more than
11  1 day after date of deposit for mailing in affidavit.

12     ☐ **(BY FACSIMILE TRANSMISSION):**      I caused a true copy thereof from
sending facsimile machine telephone number 415-834-9070 to be sent via facsimile to the above
13  listed names and facsimile numbers and received confirmed transmission reports indicating that
this document was successfully transmitted to the parties named above.

14
       ☐ **(VIA OVERNIGHT MAIL):**      I deposit such envelope to be placed for collection
15  and handling via UPS following our ordinary business practices.  I am readily familiar with this
business' practice for collecting and processing correspondence for UPS.  On the same day that
16  material is placed for collection, it is picked by UPS at San Francisco, California.

17     ☐ **(BY HAND DELIVERY):**      I delivered by hand each sealed envelope to the
addressee(s) mentioned in the attached service/mailing list.
18
       ☐ **(BY ELECTRONIC TRANSFER:)**      I caused such document(s) to be
19  electronically served to the parties on the Service List maintained on Pacer's Website for this
case.
20
*Plaintiff in Pro Per:*
21  Cornelius Lopes
6251 Quartz Place
22  Newark, CA  94560

23     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct and was executed on June 25, 2008, at San Francisco, California.
24

25                                          _____
Grace Casey
26

27

28

6

DEFENDANT USA CYCLING, INC. AND LINDA BUFFETTI'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5)(6)  CASE NO.  C 07-6213 PJH