# EXHIBIT   C

*4628925*

1  PATRICIA A. TURNAGE, #127873
   LAW OFFICES OF PATRICIA TURNAGE
2  1260 "B" Street, Suite 140
   Hayward, CA 94541
3  Telephone:  (510) 727-6752
   Fax:         (510) 727-6751

4

5  Attorney for Plaintiffs
   Cornelius and Teresa Lopes

6

7

**FILED**
ALAMEDA COUNTY

JUL 1 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

8              SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  CORNELIUS LOPES, TERESA LOPES,      )
                                        )
12                                      )      Case No: HG0620161
                                        )
            Plaintiffs,                 )      NOTICE OF MOTION AND MOTION TO
13                                      )      AMEND PLEADINGS TO CONFORM
                                        )      TO PROOF
14                                      )
    FREMONT FREEWHEELERS, ET.AL.        )      Trial Date:   June 22, 2007
15                                      )      Time:         9:00 a.m.
                                        )      Dept.         TBA
16          Defendants.                 )
                                        )
17                                      )
                                        )
18  _____)

19          TO DEFENDANTS, JASON SAGE; USA CYCLING dba USCF, , NORBA & USPRO

20  FREMONT FREEWHEELERS  JEFF WU, BOB PARKER, PAUL CHUCK,  LARRY

21  UPTHEGROVE, and LLOYD RATH, AND TO THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that prior to the conclusion of plaintiffs' case Plaintiffs,

23  CORNELIUS LOPES and TERESA LOPES will, and hereby do, move this court for an order to

24  allow them to amend their Complaint to confirm to proof.

25          The motion to amend the Complaint will be made on the grounds that evidence is now

26  before the jury on the issue of plaintiff, CORNELIUS LOPES' prior arrest for the crimes of

27  battery on two cyclists, on the issue of the prosecution in a prior criminal proceeding, and the

28  resultant emotional distress and harm plaintiffs suffered.  Plaintiffs seek to amend their

1

1 pleadings to assert causes of action for intentional infliction of emotional distress, negligent

2 infliction of emotional distress and malicious prosecution-prior criminal proceeding against

3 defendants, Jason Sage and Fremont Freewheelers.   Plaintiffs also seek an award of punitive

4 damages against these defendants. Plaintiffs also have amended their existing causes of action to

5 state more clearly vicarious liability of principals and their agents.; Jason Sage, Fremont

6 Freewheelers, Jeff Wu, USA Cycling dba USCF, NORBA & USPRO.

7        This motion will be based on this notice of motion, on  the attached memorandum of

8 points and authorities served and filed herewith, and on the declaration of Patricia A. Turnage

9 filed in support, on the Declaration of Officer Wren attached to the Declaration of Patricia A.

10 Turnage, and on the records and files herein, and on such other oral and documentary

11 evidence as may be presented at the hearing of the motion.

12 .Dated:  July 14, 2007                          LAW OFFICES OF PATRICIA TURNAGE

13

14

15                          Attorney for Plaintiffs, Cornelius Lopes and
                           Teresa Lopes

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PATRICIA A. TURNAGE, #127873
LAW OFFICES OF PATRICIA TURNAGE
1260 "B" Street, Suite 140
Hayward, CA 94541
Telephone:   (510) 727-6752
Fax:             (510) 727-6751

Attorney for Plaintiffs
Cornelius  and Teresa Lopes

**FILED**
ALAMEDA COUNTY

JUL 1 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                                           Deputy

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CORNELIUS LOPES, TERESA LOPES, | Case No: HG0620161 |
| Plaintiffs, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND PLEADINGS TO CONFORM TO PROOF |
| vs. | |
| FREMONT FREEWHEELERS, ET.AL. | Trial Date:  June 22, 2007 |
| Defendants. | Time:          9:00 a.m. |
| | Dept.          TBA |

**I.**

**INTRODUCTION/STATEMENT OF FACTS**

On June 12, 2004, while jogging in an office technology park located in Newark, California, the Plaintiff, NEAL LOPES ("LOPES") was struck violently by cyclists/defendants, BOB PARKER, LARRY UPTHEGROVE, LLOYD RATH, and PAUL CHUCK, who ducked under his arm raised in a "high five" position to avoid striking LOPES.   These four individuals swung out to the right into LOPES' lane to respond to  an "attack" ahead (acceleration by other cyclists).  At the time of the collision with LOPES the cyclists were trying to get ahead in a bicycle race (a criterium promoted and staged by defendant FREMONT FREEWHEELERS ("the

1

1  race"). The course was made up of two public streets that ran within the technology park; i.e.,

2  Stevenson Blvd. and Eureka Streets, in Fremont and in Newark, California. Unbeknownst to

3  LOPES, his lane and the lane adjacent to him made up the course for the bicycle race.

4     JASON SAGE of FREMONT FREEWHEELERS was required to obtain a permit, but

5  the permit did not close the course to the public. There were no signs posted, warning the public

6  that a race was being conducted in the area. Although FREMONT FREEWHEELERS had

7  "sandwich board" signs in its storage locker, Tim O'Hara, the one who came early to set up the

8  race, did not bring them with him. There was no banner publicizing the start/finish line for the

9  race. LOPES was aware there were many cyclists present but he was not aware that a race was in

10 progress while he continued to jog around the office park. LOPES had jogged in this area

11 previously. It was not unusual to see cyclists in the area where he was jogging and to share the

12 technology park with them.

13    Prior to the race's start at 8:00 a.m., LOPES had been jogging for approximately 45

14 minutes on what was to be the course. He had been jogging in one lane, closest to the curb.

15 Before the race started, a cyclist, Tim O'Hara, had cycled up next to him as LOPES continued to

16 jog. LOPES answered in response to a question as to how long he would be, "I'll be done in a

17 few". Tim O'Hara was riding three to five feet (3'-5') behind Lopes when he claims that he

18 heard Lopes say "Fuck you Jew". O'Hara did not see LOPES move his lips, but he is certain this

19 is what he heard. LOPES denies that he made the statement O'Hara told others he had said.

20    Before the race started. O'Hara expressed his concern to the other cyclists and the chief

21 referee, Jeff WU, regarding LOPES' presence on the course. Wu, was trained and provided by

22 USA CYCLING dba USCF, NORBA & USPRO, who sanctioned the race. FREMONT

23 FREEWHEELERS hired WU and paid him for his services. WU decided that the race could be

24 run safely as long as the cyclists stayed on their side of the road, never encroaching on LOPES'

25 running space. The cyclists agreed that they were "Masters" and that they could navigate near

26 LOPES safely. After the race started, LOPES passed by the cyclists who were riding in the lane

27 adjacent to him in a clockwise direction. He was running counter-clockwise in the lane adjacent

28

2

1    to them in the laps before the collision occurred.    LOPES was aware they were there and passed

2    them in the laps prior to the collision without incident.    In the lap where the collision occurred,

3    the cyclists swung to the right to respond to the bicycle "attack". Without warning, LOPES was

4    mowed down in his lane, approximately 10' from the inner curb.

5        At the trial of this matter, Plaintiffs filed a motion in limine to exclude evidence of

6    LOPES' criminal prosecution.    That motion was denied as LOPES' psychologist, Dr. Ramseur,

7    was going to testify that he treated LOPES for the trauma of the bicycle accident and for the

8    trauma stemming from being charged with a crime and its legal aftermath.    Dr. Ramseur was also

9    expected to testify that he could not separate his treatment for these two traumas as one merged

10    into the other. For that reason, plaintiffs' motion in limine was denied.    The court directed that

11    the jury would be told that "Mr. Lopes was tried for two counts of battery on the cyclists, a

12    mistrial was declared and the case was dismissed."    In plaintiffs' voir dire and in opening

13    statement, plaintiffs' counsel repeated these words exactly as his honor had directed.    The judge

14    also stated that plaintiffs' counsel would undoubtedly put in evidence of the damages LOPES

15    and his wife suffered as a result of LOPES being charged with the crimes, arrested and

16    prosecuted.    Therefore, Plaintiffs

17    motion to amend to conform to proof should come as no surprise to the defendants.

18        At the time Plaintiffs filed their complaint, they did not know that what they viewed to be

19    prejudicial evidence against LOPES would be allowed at trial. Therefore, they did not include

20    causes of action in their complaint for malicious prosecution, or for the emotional distress they

21    suffered from LOPES being charged with crimes of battery on the cyclists and its legal aftermath.

22    By way of this motion, Plaintiffs seek to amend their pleading to assert those causes of action as

23    there is now factual evidence at trial to support Plaintiffs' recovery on these causes of action.

24                                        **II.**

25                              **LEGAL ARGUMENT**

26        **A.    THIS COURT HAS THE DISCRETION
                TO  PERMIT AMENDMENT OF PLEADINGS**

27                **DURING TRIAL .**

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF**

1    Code of Civil Procedure Section 576 allows the judge, at any time after commencement o

2    trial to allow amendment of a Complaint.  Amendment of a Complaint is allowed in the

3    furtherance of justice, and upon such terms as may be proper.  See also *Norager v. Nakamura*

4    (1966) 42 Cal.App.4th 1817, 1819 wherein the Court of Appeal allowed the plaintiff to amend

5    his complaint on the last day of a 4-day trial.  A motion for leave to amend to conform to proof

6    may be made at any time during trial, so long as a judgment has not yet been entered and the

7    amendment would not prejudice a party.  See *Union Bank v. Wendland* (1976) 54 Cal.App.3d

8    393, 400-401.

9    In the present case this motion is being made well before the last day of what appears to

10   be at least a ten day trial.  Further, to allow Plaintiffs to seek damages for the added causes of

11   action of negligent infliction of emotional distress, intentional infliction of emotional distress and

12   malicious prosecution does not prejudice Defendants.  Indeed, it is Defendants who insisted that

13   evidence of LOPES' criminal conviction be introduced to the jury.  Certainly, they must have

14   considered any prejudice that could befall them should they successfully oppose Plaintiffs'

15   Motion in Limine to exclude such evidence, which they did.  See Declaration of Patricia A.

16   Turnage filed in support of this motion to amend the Complaint.

17   Additionally, if the issues raised by the proposed amendment were in fact fully tried and

18   the evidence is already before the court, it is difficult for the opposing party to claim prejudice.

19   See *North 7th Street Associates v. Constante,* (2001) 92 Cal.App.4th Supp. 7, 10.  Under such

20   circumstances it may be an abuse of discretion to deny leave to amend the pleadings to conform

21   to proof.  *South Bay Bldg. Enterprises, Inc. v. Riviera Lend-Lease, Inc.* (1999) 72 Cal.App.4th

22   Supp. At 12.

23   **B.    THE THREE CAUSES OF ACTION**
**PLAINTIFFS WISH TO ADD TO THEIR**

24   **COMPLAINT ARISE OUT OF LOPES'**
**WRONGFUL CRIMINAL PROSECUTION.**

25

26   As discussed above, at the time of the filing of their Complaint, Plaintiffs did not

27   contemplate that the jury would be told of LOPES' criminal prosecution.  It was only after

28

4

1   Plaintiffs' motion in limine was denied that Plaintiffs came to realize that the jury would learn

2   about the prosecution.  The court also advised Plaintiffs that they would be allowed to put on

3   evidence of the damages that flow from (1) the stress and fear after being charged with a crime;

4   (2) the embarrassment, humiliation, fear, and stress that comes from being served with an arrest

5   warrant and (2) the embarrassment, stress and humiliation that result from appearing as a

6   defendant before one's peers in a criminal trial.  Therefore, this court has allowed Plaintiffs to

7   introduce evidence through Plaintiffs' testimony and that of Dr. Ramseur, of Plaintiffs'

8   embarrassment, humiliation, fear and stress resulting from being charged with crimes and the

9   legal aftermath that occurred. Therefore, Plaintiffs seek to amend their Complaint to assert causes

10  of action that will allow them to recover for these damages.

11              **C.    THIS COURT SHOULD PROPERLY ALLOW**
                **PLAINTIFFS TO AMEND THEIR PLEADINGS**
12              **TO ASSERT A CAUSE OF ACTION FOR**
                **INTENTIONAL INFLICTION OF EMOTIONAL**
13              **DISTRESS.**

14          The elements of a cause of action for emotional distress damages arising out of

15  intentional conduct are:

16          1.      That the defendant's conduct was outrageous;

17          2.      That the defendant intended to cause emotional distress to plaintiff; **or**

18                  That the defendant acted with reckless disregard of the probability that

19                  plaintiff would suffer emotional distress, knowing that plaintiff was

20                  present when the conduct occurred;

21          3.      That plaintiff suffered severe emotional distress; and

22          4.      That defendant's conduct was a substantial factor in causing plaintiff's

23                  severe emotional distress.

24          Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety,

25  worry, shock, humiliation and shame.  Serious emotional distress exists if an ordinary, reasonable

26  person would be unable to cope with it.

27          In the present case there are facts which are now evidence before the jury to prove all of

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF**

the required elements of this cause of action.

1.    Defendant Jason Sage's conduct on his behalf and on behalf of the Fremont
      Freewheelers was intentional and outrageous when he actively worked
      to feed information to the Newark Police Department which he knew was not true
      as he did not know what happened.  He was not a witness to the accident.  He has
      testified that there were no eye witnesses to the accident.  All that Jason Sage and
      the Fremont Freewheelers knew about the actual collision was based on rumors
      and not on facts.   Therefore, his insisting that the District Attorney charge LOPES
      with the crimes of battery on two cyclists was purposeful and outrageous.

2.    Defendant Jason Sage admitted that he had written an e-mail in which he stated
      that LOPES' would get a "fine and light jail time".  By this statement it is clear
      that he understood that LOPES faced confinement.  It is a well-known fact that
      confinement in jail causes emotional distress as one's freedom is taken away.

3.    LOPES and his wife did indeed suffer serious emotional distress.
       LOPES psychologist, Dr. Ramseur testified that he treated LOPES for emotional
      distress from his being charged with a crime.  He also testified that LOPES
      was extremely upset and stressed when he learned in October, 2005 that
      the District Attorney had decided to go forward on the prosecution and that the
      charges were not going to be dismissed.  Plaintiff, Teresa Lopes, testified
      that the stress her family experienced was multiplied by ten after her husband
      was charged with a crime.

4.    Defendant, Jason Sage, and all of the conduct from the members of the Fremont
      Freewheelers race committee ( Tim Ohara, Richard Brockie, to name a few) in
      providing theories and conjecture to the police regarding LOPES' conduct which
      resulted in the police recommending to the District Attorney that LOPES be
      charged.  The investigating officer, Joseph Wren, did nothing further to
      investigate beyond interviewing those in the Fremont Freewheelers who reported

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF**

1  that LOPES intentionally hit the riders when they had no factual basis to support

2  such an allegation.  See Declaration of Joseph Wren, attached to Declaration of

3  Patricia A. Turnage,  filed in support of this motion.  Later, through their

4  investigation, it became clear that there were no eyewitnesses to what had

5  happened to justify that LOPES should be tried for crimes.  Nonetheless, Jason

6  Sage and Fremont Freewheelers continued to push for conviction and said nothing

7  to authorities to advise them that their statements were merely conjecture and

8  theories without any factual basis to establish

9  that LOPES caused the accident.  On the contrary, their investigation confirmed

10  that an attack was in progress and that Chuck, Parker, Rath, and Upthegrove

11  moved to the right, into the path of LOPES.  All cyclists who have testified in this

12  trial, have placed LOPES ten (10) feet away from the inside curb

13  before and after the race began.  All cyclists who have testified have placed

14  LOPES' approximately ten (10) feet from the inside curb lane at the time he was

15  struck by Bob Parker head-on and knocked unconscious.

16  At all times mentioned, Jason Sage was acting as an agent for Fremont Freewheelers,

17  who ratified his conduct.  Therefore, Fremont Freewheelers as his principal is vicariously liable

18  for the intentional conduct of its agent, Jason Sage.  See e-mail from Jason Sage "Sally is cool

19  with it", proving that Sally Wilson, president of the Fremont Freewheelers, had knowledge of

20  what Jason Sage was doing and ratified his conduct.

21  Therefore, plaintiffs request that this court order that plaintiffs may amend their

22  Complaint to allege this cause of action against Jason Sage and the Fremont Freewheelers, to

23  state more clearly vicarious liability in previously pled causes of action, and to include in their

24  amended complaint a prayer for punitive damages.

25  **D.    THIS COURT SHOULD PROPERLY ALLOW**
     **PLAINTIFFS TO AMEND THEIR PLEADINGS**
26  **TO ASSERT A CAUSE OF ACTION FOR**
     **NEGLIGENT INFLICTION OF EMOTIONAL**
27  **DISTRESS.**

28

7

The elements of a cause of action for emotional distress damages arising out of negligent conduct are:

1.   That the defendant's conduct was negligent;

2.   That plaintiff suffered severe emotional distress; and

3.   That defendant's negligence was a substantial factor in causing plaintiff's serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

In the present case there are facts which are now evidence before the jury to prove all of the required elements of this cause of action.

All of the facts that support this cause of action are identical to the discussion above, except that negligent conduct is substituted for intentional conduct. In other words, Jason Sage and the Fremont Freewheelers knew or should have known that their conduct would cause plaintiffs severe emotional distress, and that their negligent conduct did result in severe emotional distress to both plaintiffs.

1.   Defendant Jason Sage's conduct on his behalf and on behalf of the Fremont Freewheelers was negligent in that he knew or should have known that it would cause plaintiffs serious emotional distress. He actively worked to feed information to the Newark Police Department which he was not certain was true as he did not know what happened. He was not a witness to the accident. He has testified that there were no eye witnesses to the accident. Therefore, his insisting that the District Attorney charge LOPES with the crimes of battery on two cyclists when he knew or should have known that this would have caused LOPES serious emotional distress was negligent conduct. At all times mentioned, Sage was acting as an agent for Fremont Freewheelers, who ratified his conduct. Therefore, it is vicariously liable for his negligent acts.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF

2.    Defendant Jason Sage admitted that he had written an e-mail in which he stated
that LOPES' would get a "fine and light jail time". By this statement it is clear
that he understood that LOPES faced confinement. It is a well-known fact that
confinement in jail causes emotional distress as one's freedom is taken away.

3.    LOPES and his wife did indeed suffer severe emotional distress.

LOPES psychologist, Dr. Ramseur testified that he treated LOPES for emotional
distress from his being charged with a crime. He also testified that LOPES
was extremely upset and stressed when he learned in October, 2005 that
the District Attorney had decided to go forward on the prosecution and that the
charges were not going to be dismissed.  Plaintiff, Teresa Lopes, testified
that the stress her family experienced was multiplied by ten after her husband
was charged with a crime.

4.    Defendant Jason Sage and all of the conduct from the Fremont Freewheelers
in providing theories and not actual facts to the police resulted in the police
recommending to the District Attorney that LOPES be charged.  The investigating
officer, Joseph Wren, did nothing further to investigate beyond interviewing
those in the Fremont Freewheelers who reported that LOPES intentionally
hit the riders when they had no factual basis to support such an
allegation.  Later, through their investigation, it became clear that there were
no eyewitnesses to what had happened to justify that LOPES should be tried for
crimes.  Nonetheless, Jason Sage and Fremont Freewheelers continued to push for
conviction and said nothing to authorities to advise them that their statements
were merely conjecture and theories without any factual basis to establish
that LOPES caused the accident.  On the contrary, their investigation confirmed
that an attack was in progress and that Parker, Rath, and Upthegrove moved to the
right, into the path of LOPES. actively participated.  All cyclists who have
testified in this trial, have placed LOPES ten (10) feet away from the inside curb

9

1   before and after the race began.  All cyclists who have testified have placed

2   LOPES' approximately ten (10) feet from the inside curb lane at the time he was

3   struck by Bob Parker head-on  and knocked unconscious.

4       At all times mentioned, Jason Sage was acting as an agent for Fremont Freewheelers,

5   who ratified his conduct.  Therefore, Fremont Freewheelers as his principal is vicariously liable

6   for the negligent conduct of their agent, Jason Sage.  See e-mail from Jason Sage "Sally is cool

7   with it", proving that Sally Wilson, president of the Fremont Freewheelers had knowledge of

8   what Jason Sage was doing and ratified his conduct.

9       Therefore, plaintiffs request that this court order that plaintiffs may amend their

10  Complaint to allege this cause of action against defendant Sage and the Fremont Freewheelers

11  and to more clearly state vicarious liability in its previously pled causes of action.

12              **E.      THIS COURT SHOULD PROPERLY ALLOW
                         PLAINTIFFS TO AMEND THEIR PLEADINGS
13                       TO ASSERT A CAUSE OF ACTION FOR
                         MALICIOUS PROSECUTION-FORMAL
14                       CRIMINAL PROCEEDING**

15      The elements of a cause of action for Malicious Prosecution-Formal Criminal Proceeding

16  are as follows:

17      1.      That defendant was actively involved in causing plaintiff to be

18              prosecuted or in causing the continuation of the prosecution;

19      2.      That the criminal proceeding ended in plaintiff's favor.

20      3.      That defendant did not reasonably believe that he had caused

21              the bicyclists to be injured

22      4.      That the defendant acted primarily for a purpose other than that

23              of bringing plaintiff to justice;

24      5.      That plaintiff was harmed; and

25      6.      That defendant's conduct was a substantial factor in causing plaintiff's

26              harm.

27      In the present case there are facts which are now evidence before the jury to prove all of

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF**

the required elements of this cause of action.

1.    Jason Sage and Fremont Freewheelers through their testimony and the e-mails they provided to the police prove that they were actively involved. Further, Jason Sage's e-mail indicates that he was going to harass the District Attorney to make sure plaintiff LOPES was prosecuted. Sage testified that he spoke with the District Attorney at least six (6) times. The jury could infer from that testimony that he was actively involved.

2.    The criminal proceeding ended in plaintiff's favor as it was dismissed when the District Attorney decided not to retry plaintiff LOPES.

3.    There is evidence before the jury in the form of testimony from Jason Sage which establishes the following: Jason Sage as a paralegal understood the burden of proof for both civil and criminal cases. He understood that if plaintiff LOPES was found guilty of the crimes of misdemeanor battery that it was highly unlikely that LOPES would find an attorney to bring a civil case against him and the Fremont Freewheelers. E-mails from the members, such as Richard Brookie, confirm that Fremont Freewheelers race committee knew this as well. Therefore, their motivation in making sure the District Attorney tried LOPES before his peers was to avoid civil liability for their negligent acts; starting the race with LOPES present and swinging out into LOPES' lane, causing the collision and his injuries.

4.    Plaintiff LOPES was harmed as his work suffered, he suffered serious emotional distress and was treated by Dr. Ramseur who testified that this stress exacerbated his then existing post traumatic stress disorder from the trauma suffered in the subject accident. Plaintiff, Teresa Lopes, also testified that the stress in the family was ten times worse after her husband was charged with a crime.

5.    Defendant's conduct was a substantial factor in causing plaintiffs' harm because

11

1  they actively stayed involved in LOPES' prosecution after giving unsupported

2  factual statements to the police at the scene and later following up with

3  other e-mails to persuade the police to continue to encourage the District

4  Attorney to prosecute LOPES. Defendants did this fully understanding that there

5  were no eyewitnesses to the collision between LOPES and the cyclists.

6  Officer Wren is expected to testify that he did no further investigation beyond

7  interviewing witnesses at the scene and forwarding e-mails and photographs

8  on a CD provided by Sage and the Fremont Freewheelers to the District Attorney.

9  See Declaration of Officer Wren attached to Declaration of Patricia A. Turnage,

10  filed support of this motion. Therefore, defendants' conduct was a substantial

11  factor in causing harm to LOPES from being prosecuted in a former criminal

12  proceeding.

13      At all times mentioned, Jason Sage was acting as an agent for Fremont Freewheelers,

14  who ratified his conduct. Therefore, Fremont Freewheelers as his principal is vicariously liable

15  for the actively involved conduct of its agent, Jason Sage. See e-mail from Jason Sage "Sally is

16  cool with it", proving that Sally Wilson, president of the Fremont Freewheelers, had knowledge

17  of what Jason Sage was doing and ratified his conduct..

18      Therefore, plaintiffs request that this court order that plaintiffs may amend their

19  Complaint to allege this cause of action against Jason Sage and the Fremont Freewheelers, and to

20  include in their amended complaint a prayer for punitive damages for such outrageous conduct.

### III.

### CONCLUSION

23      Because it was always Plaintiffs' assessment that evidence of his prosecution in a

24  criminal proceeding was highly prejudicial, he never pursued causes of action arising out of the

25  wrongful prosecution of crimes of battery against him, although he understood Jason Sage and

26  Fremont Freewheelers were actively involved in his prosecution. Now that plaintiffs' motion in

27  limine was denied to allow in such evidence, the jury has heard evidence of the arrest warrant,

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF

1  the prosecution and the outcome of the criminal proceeding.  The jury has also heard evidence

2  that such arrest and its legal aftermath caused serious emotional distress to both plaintiffs.

3  Therefore, it is proper that this court should order that Plaintiffs be allowed to amend their

4  pleadings to assert these three causes of action against Jason Sage and the Fremont Freewheelers.

5          Plaintiffs respectfully request that this Court allow them to amend their pleadings

6  according to proof to assert these causes of action against these named Defendants and to state

7  more clearly their prior allegations in previously pled causes of action of vicarious liability

8  against Fremont Freewheelers and USA Cycling dba USCF, NORBA & USPRO.

9

10  Dated:  July 14, 2007                          Respectfully Submitted,

11                                                 LAW OFFICES OF PATRICIA TURNAGE

12

13                                                 _____
                                                   Attorney for Plaintiffs Cornelius Lopes and

14                                                 Teresa Lopes

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND
PLEADINGS TO CONFORM TO PROOF

*4628937*

1  PATRICIA A. TURNAGE, #127873
   LAW OFFICES OF PATRICIA TURNAGE
2  1260 "B" Street, Suite 140
   Hayward, CA 94541
3  Telephone: (510) 727-6752
   Fax:        (510) 727-6751
4

5  Attorney for Plaintiffs
   Neal and Teresa Lopes
6

7

**FILED**
ALAMEDA COUNTY

JUL 1 6 2007

CLERK OF THE SUPERIOR COURT
By _Gloria Joan Mathuy_
                              Deputy

8              SUPERIOR COURT OF CALIFORNIA

9            IN AND FOR THE COUNTY OF ALAMEDA

10

11 CORNELIUS LOPES, TERESA LOPES,      )
                                       )
12                                     )      Case No: HG0620161
                                       )
13                Plaintiffs,          )      DECLARATION OF PATRICIA A.
                                       )      TURNAGE IN SUPPORT OF
14 vs.                                 )      PLAINTIFFS' MOTION TO
                                       )      AMEND PLEADINGS TO CONFORM
15                                     )      TO PROOF
                                       )
16 FREMONT FREEWHEELERS, ET.AL.        )      Trial Date:  June 22, 2007
                                       )      Dept. :      511
17                Defendants.          )      Hearing Date: TBA
   _____ )

18    I, Patricia A. Turnage, declare:

19    1.    I am an attorney, duly licensed to practice law before the courts of the State of

20          California and am the attorney of record for plaintiffs, Cornelius Lopes and Teresa

21          Lopes.

22    2.    At the time I prepared and filed this Complaint I did not include the three

23          causes which plaintiffs seek to include in their complaint by order of this

24          Court as I always intended to file a motion in limine to keep such evidence out.

25    3.    Prior to the commencement of this trial, I made a motion in limine to exclude any

26          evidence of criminal prosecution of my client, Neal Lopes, as it related to

27

28                                     1

DECLARATION OF PATRICIA A. TURNAGE IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND PLEADINGS
                            ACCORDING TO PROOF

the facts of his alleged battery on two cyclists, Robert Parker and Larry

Upthegrove.  Much to my dismay, the motion in limine was denied.

3.    Prior to the commencement of this trial, the judge instructed counsel

that the jury could be told that Plaintiff was tried, that a mistrial was

declared and that the charges against Plaintiff were dismissed.

4.    During jury selection and throughout this trial the jury has heard that

plaintiff was charged with crimes of battery, prosecuted and that the

charges were subsequently dismissed.

5.    Prior to the commencement of this trial, the judge also intimated that

plaintiffs' counsel would be bringing forth evidence of plaintiffs' damages

from being arrested and prosecuted for the crimes.

6.    At the trial of this matter, I introduced admissible, credible evidence

of defendant Jason Sage and Fremont Freewheelers' conduct which

led to plaintiff's arrest, prosecution and appearing at a prior criminal

proceeding.

7.    I bring this motion in good faith to amend the complaint so as to conform

to proof.

8.    Attached to this declaration is a true and correct copy of a Declaration of

Investigating Officer, Joseph D. Wren, Newark Police Department.   Said

Declaration was filed in support of a motion for summary judgment in the

Federal Court Case No. C-06-03705 CRB.  This action was  filed by my client in

the United States District Court, Northern District of California, against Officer

Joseph Dale Wren and others. Plaintiffs request that this court take judicial

notice of this pleading as evidence that Officer Wren did no independent

investigation beyond that of what was provided to him by Fremont

Freewheelers and its members.

2

DECLARATION OF PATRICIA A. TURNAGE IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND PLEADINGS
ACCORDING TO PROOF

9.     Attached to this declaration is a true and correct copy of the proposed Amended
Complaint which has been amended according to proof and which has added
language to other previously stated causes of action to state vicarious
liability more clearly against the principals, Fremont Freewheelers and
USA Cycling dba USCF, NORBA & USPRO.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of July, 2007 at Hayward, California.

Patricia A. Turnage

3

GARY M. LEPPER, #45498
FURAH FARUQUI, #233083
LEPPER & HARRINGTON
1600 S. Main Street, Suite 305
Walnut Creek, CA 94596
(925) 256-6180
(925) 943-6190 (fax)

Attorneys for defendants
Joseph Dale Wren; Officer Badge 56
City of Newark; Newark Police Department

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

CORNELIUS LOPES,                          ) Case No. C-06-03705 CRB
                                          )
        Plaintiff,                        ) **DECLARATION OF OFFICER JOSEPH**
                                          ) **WREN IN SUPPORT OF MOTION FOR**
    vs.                                   ) **SUMMARY JUDGMENT**
                                          )
JOSEPH DALE WREN, OFFICER BADGE 56,)
CITY OF NEWARK, NEWARK POLICE      )
DEPARTMENT; NEWARK POLICE UNION,   )
et al.                                    )
                                          )
        Defendants.                       )
_____ )

I, Joseph D. Wren, hereby declare as follows:

1.    Presently, I am an officer with the Ceres Police Department. In June of 2004, I was an officer with the Newark Police Department.

2.    In that capacity, fellow officer Farley and I were dispatched at approximately 8:20 a.m. on June 14, 2004 to investigate an accident involving a pedestrian and a bicyclist at the Eureka Circle Course.

3.    As a part of my investigation, I interviewed the plaintiff and several witnesses (e.g. Bob Parker, Byron Sheppard, Lloyd Rath, and Jason Sage) and reviewed officer Farley's investigative report. The results of those interviews were included in my initial police report of June 12, 2004 (a true and correct copy of which is attached as Exhibit A).

WREN DECLARATION                          1
Case No. C-06-03705 CRB

F:\CASE\Lopes\p\MSJ\declwren.doc

4.    When I arrived, I noticed that the roadway had been shut down and a race course had been established.  Mr. Lopes, with a mangled face, was sitting on the curb.  Although he was "confused" about "what happened," he confirmed that he had been in the "roadway running in the opposite direction of the bicycle racers."  He made no other statements and eventually was transported by ambulance to Washington Hospital.

5.    Prior to this incident, I was neither aware of Mr. Lopes, nor acquainted with him.

6.    The next day, I spoke with Mr. Lopes.  He denied being told to stay off the track, arguing with anyone or sticking his arm out while jogging.  I included his statement in an attachment to my police report.  Furthermore, he faxed a written statement to me and I submitted it on June 14, 2004 with my police report to my supervisor, Lt. Donna Shearn.

7.    Shortly thereafter, Lt. Shearn directed me to obtain further information at the request of the District Attorney's Office.  I did so and, on July 2, 2004, witness Jason Sage sent additional witness statements and a CD, which I included in a supplemental police report (a true and correct copy of which is attached as Exhibit B).   I submitted both to the District Attorney's Office.

8.    On July 6, 2004, I received a further request from the District Attorney's Office, this time to locate the bicyclist who had been struck.  In a second supplemental report (a true and correct copy of which is attached as Exhibit C), I identified Robert Parker as that person.

9.    Once I submitted the last (of two) supplemental report, my involvement with the incident ended.

10.    I neither met nor spoke with a representative of the District Attorney's Office concerning the decision to file (or not file, for that matter) a criminal complaint or an arrest warrant.

If called as a witness, I could so testify competently under oath.  So declared under penalty of perjury this ___1 ᗺᒷ___ day of May, 2007, at Ceres, California.

JOSEPH D. WREN

WREN DECLARATION                    2
Case No. C-06-03705 CRB                                F:\CASE\Lopes\p\MSJ\declwren.doc

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patricia A. Turnage SBN 127873<br>Law Offices of Patricia Turnage<br>1260 "B" Street, Suite 140<br><br>Hayward, CA 94541<br>TELEPHONE NO: 510-727-6752    FAX NO. *(Optional):* 510-727-6751<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Cornealius Lopes | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Superior Court

PLAINTIFF: Cornealius Lopes


DEFENDANT: Fremont Freewheelers, Jason Sage, USA Cycling dba USCF, NORBA & USPRO; Jeff Wu, Bob Parker, Paul Chuck, Larry Upthegrove, Lloyd Rath and
[X] DOES 1 TO  20

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[X] AMENDED *(Number):* ONE<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE        [ ] OTHER *(specify):*<br>    [ ] Property Damage        [ ] Wrongful Death<br>    [ ] Personal Injury        [ ] Other Damages *(specify):* | |
|---|---|

| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded    [ ] does not exceed $10,000<br>                        [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>        [ ] from limited to unlimited<br>        [ ] from unlimited to limited | CASE NUMBER:<br>HG06260161 |
|---|---|

1. **Plaintiff** *(name or names):* Cornealius Lopes and Teresa Lopes

   alleges causes of action against **defendant** *(name or names):* Fremont Freewheelers, Jason Sage, USA Cycling dba USCF, NORBA & USPRO, Larry Upthegrove, Bob Parker, Paul Chuck, Lloyd Rath
2. This pleading, including attachments and exhibits, consists of the following number of pages: 10  and Jeff Wu
3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1. 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Legal<br>Solutions<br>Ⓒ Plus | Code of Civil Procedure, § 425.12 |
|---|---|---|---|

PLD-PI-001

| | |
|---|---|
| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER:<br>HG06260161 |

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☒ **except** defendant (name): Fremont       c. ☐ **except** defendant (name):
    Freewheelers

    (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
    (2) ☐ a corporation                    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):          (4) ☐ a public entity (describe):

    (5) ☒ other (specify): non-profit      (5) ☐ other (specify):
organization

  b. ☒ **except** defendant (name): USA Cycling dba   d. ☐ **except** defendant (name):
USCF, NORBA and USPRO

    (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
    (2) ☒ a corporation                    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):          (4) ☐ a public entity (describe):

    (5) ☐ other (specify):                (5) ☐ other (specify):

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants (specify Doe numbers): 1-20         were the agents or employees of other
    named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants (specify Doe numbers): 1-20         are persons whose capacities are unknown to
    plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because (specify):

---

          **COMPLAINT—Personal Injury, Property**
            **Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER: HG06260161 |
| --- | --- |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. [X] Motor Vehicle
   b. [X] General Negligence
   c. [X] Intentional Tort
   d. [ ] Products Liability
   e. [ ] Premises Liability
   f. [X] Other *(specify)*: Loss of Consortium, Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Malicious Prosecution-Prior Criminal Proceeding

11. Plaintiff has suffered
   a. [X] wage loss
   b. [ ] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [X] property damage
   f. [X] loss of earning capacity
   g. [X] other damage *(specify)*: permanent scarring and loss of feeling in lower lip, jaw; 7 chipped/fractured teeth; psychological injury, severe emotional distress, physical injury to neck and back and face, loss of consortium

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [X] punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) [X] according to proof
      (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: July 15, 2007

Patricia A. Turnage
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(1)

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER: |
|---|---|
| | HG06260161 |

<u>FIRST</u> _____ **CAUSE OF ACTION—Motor Vehicle**
(number)

ATTACHMENT TO [ X ] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Cornealius Lopes

MV-1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred
on *(date):* June 12, 2004
at *(place):* Technology Park, 3900 Block of Eureka Street, Newark, California.
Plaintiff further alleges that bicycles are subject to applicable statutes of
the California Vehicle Code. As such the below-named bicyclists' conduct is
governed by the California Vehicle Code. Plaintiff alleges that the below-named
defendants violated the applicable provisions of the California Vehicle Code,
which resulted in striking plaintiff, knocking him to the ground, and causing
him to lose consciousness and to suffer physical and mental injury, all to his
detriment.

MV-2. DEFENDANTS

  a. [ X ] The defendants who operated a motor vehicle are *(names):* Bob Parker, Paul Chuck, Larry
        Upthegrove, Lloyd Rath

        [ X ] Does 1 ____ to 8 _____
  b. [ ] The defendants who employed the persons who operated a motor vehicle in the course of their employment
     are *(names):*

        [ ] Does _____ to _____
  c. [ ] The defendants who owned the motor vehicle which was operated with their permission are *(names):*

        [ ] Does _____ to _____
  d. [ ] The defendants who entrusted the motor vehicle are *(names):*

        [ ] Does _____ to _____
  e. [ ] The defendants who were the agents and employees of the other defendants and acted within the scope
     of the agency were *(names):*

        [ ] Does _____ to _____
  f. [ X ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [ ] listed in Attachment MV-2f [ X ] as follows:
     Bob Parker, Paul Chuck, Larry Upthegrove, Lloyd Rath
     Defendants' liability is based upon their negligent and careless operation of bicycles in responding to "an attack" which resulted in defendants
     striking plaintiff, knocking him unconscious, proximately causing him physical and psychological injury to his body, shock to his nervous
     system, great emotional distress, and other damages, according to proof.

        [ ] Does _____ to _____

PLD-PI-001(2)

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER:<br>HG06260161 |
| --- | --- |

SECOND _____ **CAUSE OF ACTION—General Negligence**      Page 5 _____
(number)

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. **Plaintiff** *(name)*:  Cornealius Lopes

  **alleges that defendant** *(name)*:  Fremont Freewheelers; USA Cycling dba USCF, NORBA &
  USPRO; Bob Parker, Paul Chuck,Larry Upthegrove, Lloyd Rath, Jeff Wu

  [X] Does 1_____ to 10_____

  was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
  negligently caused the damage to plaintiff
  on *(date)*:  June 12, 2004
  at *(place)*:  Technology Park, 3900 Block of Eureka Street, Newark, California

  *(description of reasons for liability)*:

Plaintiff alleges that the defendants, and each of them, owed him a duty of care
to keep him safe while he was jogging in the Technology Business Park.
Defendants breached their duty of care by deciding to go forward with a
permitted bicycle race with plaintiff on the course. At all times mentioned
herein Defendants understood that the permit alloweed them to call the police to
advise plaintiff to leave the course.  Defendants, and each of them, failed to
call the police or to take reasonable steps in removing plaintiff from the
course.  As a proximate result of the negligence of defendants, and each of
them, plaintiff suffered bodily and emotoional injury all to his detriment.


Plaintiff further alleges that bicycles are subject to applicable statutes of
the California Vehicle Code and must yield to pedestrians.  As such the below-
named bicyclists' conduct is governed by the California Vehicle Code.  Plaintiff
alleges that the below-named defendants violated the applicable provisions of
the California Vehicle Code, which resulted in striking plaintiff, knocking him
to the ground, and causing him to lose consciousness and to suffer physical and
mental injury, all to his detriment.  Plaintiff further alleges that
specifically Paul Chuck, Robert Parker, Lloyd Rath and Larry Upthegrove caused
harm and damages to plaintiff when they left their lane and entered into
plaintiff's lane, coming in close contact to him and then eventually hitting him
head-on.  At all times mentioned herein, plaintiff acted reasonably in
attempting to avoid this imminent peril.

At all times mentioned herein, plaintiff alleges that defendants Jason Sage and
Jeff Wu were acting as agents for their principals, USA Cycling dba USCF, NORBA
& USPRO, respectively.  As such Fremont Freewheelers and USA Cycling dba USCF,
NORBA & USPRO are vicariously liable for the negligent acts of their agents.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12

Legal
Solutions
Plus

PLD-PI-001(2)

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER: |
|---|---|
| NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS | HG0260161 |

THIRD_____    **CAUSE OF ACTION—General Negligence**    Page 6_____
(number)

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Cornealius Lopes and Teresa Lopes

       alleges that defendant *(name):*  Fremont Freewheelers; Jason Sage,Bob Parker, Lloyd
Rath,Larry Upthegrove

       [X] Does 10_____ to 20_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  June 12, 2004 and on subsequent dates thereafter
at *(place):* Fremont, Newark, San Francisco, San Jose, Sunnyvale, Castro
Valley, CA and other Ca. cities
*(description of reasons for liability):*

Defendants named above and other members of the Fremont Freewheelers did act in
such a negligent manner so as to disseminate factually unsupported statements
and e-mails to the Newark Police Department, which resulted in Plaintiff's
subsequent arrest and prosecution for the crimes of battery.  Defendants, and
each of them, knew or should have known that such negligent conduct on their
part would lead to plaintiffs suffering serious emotional distress.

As a proximate reuslt of defendants', and each of them, negligent conduct,
Plaintiffs, Cornealius Lopes and Teresa Lopes, suffered serious emotional
distress, all to their detriment.  Plaintiff, Cornealius Lopes, sought and did
receive psychological treatment for such serious emotional distress.  The
defendants, and each of them, negligence was a substantial factor in causing
plaintifffs' serious emotional distress; i.e., suffering, anguish, fright,
horror, nervousness, grief,anxiety, worry, shock, humiliation embarassment and
shame, all to their damage.

Defendant Fremont Freewheelers ratified Jason Sage and its members'negligent
conduct.  Therefore, Defendant, Fremont Freewheelers, as principal, is
vicariously liable for the negligence of Jason Sage and its members, its agents.

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12

Legal
Solutions
Plus

PLD-PI-001(3)

| | |
|---|---|
| SHORT TITLE:  Lopes v. Fremont Freewheelers, et al. | CASE NUMBER |
| INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS | HG06260161 |

<u>FOURTH</u>      **CAUSE OF ACTION—Intentional Tort**      **Page** 7
    (number)

**ATTACHMENT TO** [X] Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  **Plaintiff** *(name)*: Cornealius Lopes and Teresa Lopes

       **alleges that defendant** *(name)*:  Fremont Freewheelers, Jason Sage, Bob
Parker,Lloyd Rath, Larry Upthegrove

       [x] Does 10    to 20

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on *(date)*:  June 12, 2004 and on subsequent dates thereafter
at *(place)*:  Fremont,Newark, San Francisco, San Jose, Sunnyvale,  Castro
          Valley, CA and other CA. cities
*(description of reasons for liability):*
Defendant, Jason Sage and the Fremont Freewheelers race committee did
act in such an intentional manner so as to disseminate factually
unsupported statements and e-mails to the Newark Police Department,
which resulted in Plaintiff, Cornealius Lopes, being charged with a
crime. Such conduct was outrageous and done with a reckless disregard
of the probability that plaintiffs would suffer emotional distress,
knowing that plaintiffs would experience emotional distress when
Cornealius Lopes was charged with crimes. As a proximate result of
Defendants' conduct, Plaintiffs suffered serious emotional distress,
all to their detriment.  Plaintiff, Cornealius Lopes, sought and did
receive psychological treatment for such serious emotional distress.
The defendants, and each of them,outrageous conduct was a substantial
factor in causing plaintifffs' serious emotional distress; i.e.,
suffering, anguish, fright, horror, nervousness, grief, anxiety,
worry, shock, humiliation embarassment and shame, all to their damage.

Defendant Fremont Freewheelers ratified Jason Sage and the race
committee's outrageous conduct.  Therefore, Defendant, Fremont
Freewheelers, as principal, is vicariously liable for the intentional,
outrageous conduct of its agents.

Defendant, Jason Sage's and Fremont Freewheelers' intentional conduct
was so outrageous and done in conscious disregard for the rights of
Plaintiffs so as to justify an award of punitive damages.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Intentional Tort**     Legal Solutions Plus     Code of Civil Procedure, § 425.12

PLD-PI-001(3)

| | |
|---|---|
| SHORT TITLE:  Lopes v. Fremont Freewheelers, et al. | CASE NUMBER |
|                MALICIOUS PROSECUTION-PRIOR CRIMINAL PROCEEDING | hg06260161 |

<u>FIFTH</u>         **CAUSE OF ACTION—Intentional Tort**        Page <u>8</u>
(number)

ATTACHMENT TO [ x ] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT- 1.   Plaintiff *(name)*: Cornealius Lopes

       alleges that defendant *(name)*:  Fremont Freewheelers,Jason Sage, Bob Parker, Lloyd Rath, Larry Upthegrove

       [ X ] Does <u>10</u>    to <u>20</u>

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*:  June 12, 2004 and on subsequent dates thereafter
at *(place)*: Fremont, Newark, San Francsico, San Jose, Sunnyvale, Castro Valley, CA and other CA cities
*(description of reasons for liability)*:
Defendant, Jason Sage,and other members of the race committee of Fremont Freewheelers became actively involved in causing plaintiff, Cornealius Lopes, to be prosecuted and/or in causing the continuation of the prosecution against Plaintiff, Cornealius Lopes.  The prosecution of plaintiff ended in plaintiff's favor as there was a mistrial and the District Attorney chose not to retry Plaintiff,  and dismissed the case.  However, plaintiff suffered serious emotional distress as a result of the prosecution and an arrest remains on Cornealius' Lopes record, all to his detriment.

At all times mentioned herein, the Defendants, and each of them, did not reasonably believe or had no reason to believe that Cornealius Lopes had caused the collision as the collision occurred in Plaintiff's lane while cyclists entered into Plaintiff's path.  Also, Defendants, and each of them, knew that there were no eyewitensses to the collision.

At all times mentioned herein, the Defendants, and each of them, acted primarily for a purpose other than that of bringing plaintiff to justice; i.e., to escape civil liability for the cyclists who struck down plaintiff and for Jason Sage, the promoter,who, inter alia, began the race when plaintiff was present on the course.

As a proximate result of the conduct of Jason Sage and Fremont Freewheelers' race committee members, Plaintiff, Cornealius Lopes, was harmed.  Said conduct of these Defendants was a substantial factor in causing Plaintiff's harm.

Defendant Fremont Freewheelers ratified Jason Sage and the race commitee's conduct in becoming involved and remaining involved in the criminal proceedings against Plaintiff, all to his detriment.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Intentional Tort**    Legal Solutions Plus    Code of Civil Procedure, § 425.12

SHORT TITLE: Lopes v. Fremont Freewheelers, et al.

CASE NUMBER:
HG06260161

1  FIFTH CAUSE OF ACTION (CONT'D)-MALICIOUS PROSECUTION-PRIOR CRIMINAL

2  PROCEEDING

3

4  At all times mentioned herein Defendants, Jason Sage and Fremont

5  Freewheelers', conduct in becoming and remaining involved in plaintiff's

6  prosecution and criminal proceeding was so outrageous and done with

7  conscious disregard for the rights of Plaintiff, Cornealius Lopes.  Such

8  outrageous conduct and conscious disregard is sufficient to justify an award

9  of punitive damages against these defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)*  The items on this page stated on information and belief *(specify item numbers, not line numbers):*

27
> This page may be used with any Judicial Council form or any other paper filed with this court.  Page 9

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**



CRC 201, 501

MC-025

| SHORT TITLE: Lopes v. Fremont Freewheelers, et al. | CASE NUMBER: HG06260161 |

1

**ATTACHMENT** *(Number):* <u>Two</u>          Page <u>10</u> of <u>10</u>

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

2

SIXTH CAUSE OF ACTION  ---LOSS OF CONSORTIUM-(As to all Named Defendants
3  and Does 1 to 20)

4          On or about June 12, 2004, and at all relevant times mentioned
herein, plaintiff, Teresa Lopes, was and is the spouse of plaintiff,
5  Cornealius Lopes.  As a proximate result of defendants', and each of them,
negligent and intentional conduct, Cornealius Lopes was injured, both
6  physically and emotionally.  His injuries resulted in a loss of consortium
to Teresa Lopes, his spouse, as she was deprived of the love, joy, comfort
7  and society of her spouse, all to her detriment.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

Legal
Solutions
&a Plus

1  PATRICIA A. TURNAGE, #127873
    LAW OFFICES OF PATRICIA TURNAGE
2  1260 "B" Street, Suite 140
    Hayward, CA 94541
3  Telephone:  (510) 727-6752
    Fax:       (510) 727-6751
4

5  Attorney for Plaintiffs
    Neal and Teresa Lopes
6

7

FILED
ALAMEDA COUNTY

JUL 1 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                            Deputy

8             SUPERIOR COURT OF CALIFORNIA

9        IN AND FOR THE COUNTY OF ALAMEDA

10

11  CORNELIUS LOPES, TERESA LOPES,  )
                                   )
12                             )
                  Plaintiffs,     )
13                           )
                                  )
14  vs.                        )
    FREMONT FREEWHEELERS, ET.AL.   )
15                              )
             Defendants.    )
16  _____)

Case No: HG0620161

SUPPLEMENTAL MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO AMEND
PLEADINGS ACCORDING TO PROOF

17        TO DEFENDANTS, JASON SAGE; USA CYCLING dba USCF, , NORBA & USPRO

18  FREMONT FREEWHEELERS  JEFF WU, BOB PARKER, PAUL CHUCK,  LARRY

19  UPTHEGROVE, and LLOYD RATH, AND TO THEIR ATTORNEYS OF RECORD:

20        Plaintiffs, Cornealius Lopes and Teresa Lopes, submit this supplemental memorandum of

21  points and authorities in support of their previously filed motion to amend the pleadings

22  according to proof.

23                                I.

24               **THE EVIDENCE BEFORE THE JURY IS**
                  **SUFFICIENT TO ALLOW THE JURY TO**
25             **DECIDE WHETHER THE DEFENDANTS'**
                  **CONDUCT WAS MOTIVATED BY**
26              **THE DEFENDANTS' DESIRE TO ESCAPE CIVIL**
                  **LIABILITY.**
27

28

1

1

2    It is well-established that the tort of malicious prosecution-prior criminal proceeding

3  focuses on the involvement of the defendants in prosecution of the crimes.  One who procures a

4  third person to institute a malicious criminal prosecution is liable, to the same extent as if he or

5  she instituted it.  The test is whether the defendant was actively instrumental in causing the

6  prosecution.  See *Blancett v. Burr* (1929) 200 Cal.App. 61, 62; *Centers v. Dollar Markets* (1950)

7  99 Cal.App.2d 534, 544; *Rupp v. Summerfield* (1958) 161 Cal.App.2d 657, 663.

8    In this trial, there has been evidence that the witnesses were actively instrumental in

9  causing the prosecution to occur.  The bench warrant for LOPES' arrest was not issued until mid

10  July, 2004, after the e-mails and photographs had been submitted to the police.  Clearly the e-

11  mails and photographs were forwarded to the District Attorney.  See Officer Wren's declaration

12  attached to Declaration of Patricia A. Turnage, filed herewith and incorporated herein by

13  reference.

14    In *Sandoval v. Southern Calif. Enterprises* (1950) 98 Cal.App.2d 240, plaintiff, ejected

15  from defendant's dance hall, returned to demand a refund of the price of a ticket.  Defendant's

16  special officers beat him and called the police.  In finding in favor of Plaintiff for malicious

17  prosecution, the jury found that Plaintiff was prosecuted as the result of the defendant's

18  involvement in the proceedings and to discourage plaintiff from bringing a civil suit for battery.

19    In the present case, just as in *Sandoval*, Plaintiff was hit by defendant cyclists.  Fremont

20  Freewheelers then gave false information to the police that Plaintiff had punched a cyclist.  As a

21  result Plaintiff was charged with crimes of battery.  Jason Sage had a copy of the police report

22  wherein Byron Sheppard stated that he saw LOPES punch a cyclist.  Jason Sage told this jury

23  that he always understood that there were no eye witnesses to this collision.  Therefore, he knew

24  the police report was incorrect but did nothing to stop this prosecution.  On the contrary, he

25  continued to work with the District Attorney prior to the trial.  He knew that none of the people

26  on the Fremont Freewheelers knew what happened.  Yet, he allowed a prosecution to go forward

27

28

2

1  against a man that had moved into the cyclists lane, full well knowing that the cyclists hit LOPES

2  head on in his lane, directly in the path he had jogged in for five laps previously.  There is

3  cerrtainly enough evidence that a jury could find that Jason Sage and the Fremont Freewheelers

4  had a stake in the outcome of the criminal trial.  In other words, if LOPES was convicted, the

5  burden of proof in the criminal trial would make it impossible to find an attorney to represent

6  him in a civil case for his personal and psychological injuries.  Any attorney worth his/her

7  salt would know that the criminal conviction would act as res judicata in any subsequent civil

8  proceeding and would bar LOPES' recovery.

9

**II.**
**PLAINTIFF'S CRIMINAL PROCEEDING**
**WAS FAVORABLE.**

10

11      It is well established caselaw that a dismissal in a criminal proceeding equals a favorable

12  proceeding for LOPES.  In *Jaffe v. Stone*, (1941) 18 Cal.2d 146.  In Jaffe, the California Supreme

13  Court  held that an action for malicious prosecution may be brought when the particular

14  proceeding is thus terminated, regardless of whether the dismissal is a bar to further prosecution

15  for the same offense.  In this case the criminal proceeding against LOPES was dismissed and

16  there was no further prosecution of him.  Clearly, the dismissal of the criminal proceeding

17  satisfies the required element that the plaintiff must have had a favorable termination of the

18  criminal proceedings.

19

20  Dated: July 16, 2007                Respectfully Submitted,

21                                      LAW OFFICES OF PATRICIA TURNAGE

22

23

24                                      Patricia A. Turnage, Attorney for Plaintiffs
                                        Cornelius Lopes and Teresa Lopes

25

26

27
3

28