UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES,

       Plaintiff,

       v.

FREMONT FREEWHEELERS, et al.,

       Defendant(s).
_____/

No. C 07-6213 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

       The motion of defendants Fremont Freewheelers, Sally Wilson ("Wilson"), Timothy O'Hara ("O'Hara"), Richard Brockie ("Brockie"), Jason Sage ("Sage"), Garry Birch ("Birch"), Larry Nolan ("Nolan"), USA Cycling, and Linda Buffetti ("Buffetti") to dismiss the first amended complaint came on for hearing before this court on July 9, 2008. Plaintiff Cornelius Lopes ("Lopes") appeared in propria persona; defendants Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan appeared by their counsel Mark Meuser; and defendants USA Cycling and Buffetti appeared by their counsel David Dalby. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motions to dismiss.

## BACKGROUND

A.    Factual Background[1]

       Lopes was jogging at the Stevenson Technology Park in Newark, California on June 12, 2004. The same day, a group of bicyclists were involved in a race at the industrial park. The race was a USA Cycling-sanctioned event, which was organized and promoted by the Fremont Freewheelers Bicycle Club. While jogging at the industrial park, Lopes was

---

[1] Portions of this section are based on the order granting summary judgment in Lopes v. Wren, C 06-03705 CRB (N.D. Cal. June 25, 2007).

injured in a collision with the bicyclists participating in the race.

At approximately 8:20 a.m. on June 12, 2004, Newark Police Officer Joseph Wren ("Officer Wren") was dispatched to investigate an accident involving a pedestrian and a bicyclist in Newark, California. When Officer Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race. He also noticed that Lopes had a mangled face and was sitting on the curb. Lopes told Officer Wren that he was confused about what had happened, but confirmed that he had been running in the roadway in the opposite direction of the bicycle racers. Lopes made no other statements to Officer Wren and was eventually transported by ambulance to Washington Hospital. Officer Wren spoke to various witnesses at the scene, and the next day he spoke with Lopes.

On June 14, 2004, Officer Wren prepared a police report, which he then forwarded to the Alameda County District Attorney for review. After additional investigation, Assistant District Attorney Lisa Faria asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" to accompany the District Attorney's criminal complaint for an arrest warrant against plaintiff. On July 16, 2004, a criminal complaint and arrest warrant were issued charging plaintiff with misdemeanor battery arising from the June 12, 2004 collision.

Lopes asserts that some of the bicyclists or race organizers falsely accused him of battery and hate crimes and that the Newark Police Department conducted an inadequate investigation. The criminal charges against Lopes were dismissed on October 12, 2005.

B.   Procedural Background

On March 16, 2006, Lopes filed a civil suit in the Superior Court of California, County of Alameda, ("the negligence suit") against the Fremont Freewheelers; Sage; USA Cycling dba USCF, NORBA, and USPRO; Jess Wu; Bob Parker; Paul Chuck; Larry Upthegrove; Lloyd Rath; Technology Park; and CB Ellison; alleging property damage and personal injury, in connection with the June 12, 2004. The case was tired to a jury, which found that Fremont Freewheelers, Sage, Jeff Wu, and Bob Parker were negligent; that Larry Upthegrove, and Lloyd Rath were not negligent; and that Lopes was contributorily

1  negligent. On July 24, 2007, the court entered judgment on the verdict and awarded
2  plaintiff $72,750.
3       On June 9, 2006, plaintiff filed a complaint in the Northern District of California ("the
4  first federal suit") against Officer Wren; the Newark Police Department; the Newark Police
5  Union; Deputy District Attorney Shara Mesic; Deputy District Attorney Lisa Faria; Police
6  Badge #56; and the City of Newark, alleging various constitutional claims. The court
7  initially dismissed the District Attorney defendants on grounds of absolute prosecutorial
8  immunity, and then granted summary judgment as to the remaining defendants on June 25,
9  2007.
10       On November 2, 2007, plaintiff filed the present action in Alameda County Superior
11  Court against, among others, Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch,
12  Nolan, USA Cycling and Buffetti. The present action was removed to the Northern District
13  of California on December 7, 2007.
14       The first amended complaint ("FAC") alleges 18 causes of action against 31
15  defendants. Lopes alleges claims under 42 U.S.C. §1981, for deprivation of civil rights;
16  claims under 42 U.S.C. §1983, for violation of his First, Fifth, Sixth, Thirteenth, and
17  Fourteenth Amendment rights; claims under 42 U.S.C. §1985, for conspiracy to interfere
18  with civil rights; claims under the Racketeering Influenced and Corrupt Organizations Act
19  ("RICO"), 18 U.S.C. §1962(d); a claim under Title VI of the Civil Rights Act of 1964, 42
20  U.S.C. § 2000(d); claims under "§241" and "§242" (claims under California Penal Code
21  §§241 and 242); and various state law claims including negligence, premises liability, and
22  malicious prosecution.
23       Defendants Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch, Nolan,
24  USA Cycling and Buffetti filed motions to dismiss all the claims alleged against them in the
25  FAC pursuant to Federal Rules of Civil Procedure 12(b)(6). The relevant causes of action
26  alleged against these defendants are as follows:
27       First Cause of Action: claims under 42 U.S.C. §1983; 42 U.S.C. §1985(1),(2),(3); and "§242" alleged against Fremont Freewheelers and Sage;
28       Second Cause of Action: claim under 18 U.S.C. §1962(d) (RICO) alleged against

3

1 | Buffetti and Fremont Freewheelers;

2 | Third Cause of Action: claims under "§242" and 42 U.S.C. §1983 alleged against Fremont Freewheelers and Brockie;

Fourth Cause of Action: claim under "§242" alleged against Fremont Freewheelers, Brockie, and Sage;

Fifth Cause of Action: claims under "§242" and 42 U.S.C. §1983 alleged against Wilson, O'Hara, Sage and Birch;

Sixth Cause of Action: claim under "§242" alleged against Fremont Freewheelers, Wilson, O'Hara, and Brockie;

Seventh Cause of Action: claims under 18 U.S.C. §1962(d) (RICO) and "§242" alleged against Fremont Freewheelers, Wilson, O'Hara, Sage, and Birch;

Eighth Cause of Action: claims under 42 U.S.C §1985(1),(2),(3); "§242"; 42 U.S.C. §2000b-2000d, Title VI; and assault and battery alleged against USA Cycling, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan;

Twelfth Cause of Action: claims under "§242"; 42 U.S.C §1985(3); 42 U.S.C. §1981; and 42 U.S.C. §1983 alleged against Wilson, O'Hara, Brockie, Sage, and Birch; and

Eighteenth Cause of Action: malicious prosecution alleged against Buffetti, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan.

**DISCUSSION**

A.  Legal Standards

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his/her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

4

B.  Defendants' Motions

    1.  Whether the claims are time-barred

Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch, Nolan, and USA Cycling contend that Lopes' §§1981, 1983, and 1985 claims alleged against them are barred by a two-year statute of limitations. Similarly, Sally Wilson, Timothy O'Hara, Richard Brockie, Jason Sage, Garry Birch, and Larry Nolan argue that any tort claim for malicious prosecution is also barred by a two-year statute of limitations.

To determine the proper statute of limitations for actions brought under 28 U.S.C. §§1981, 1983, and 1985, the court looks to the statute of limitations for personal injury actions in the forum state. See Taylor v. Regents of University of California, 993 F.2d 710, 711 (9th Cir. 1993). Because California law provides that a personal injury plaintiff must bring suit within two years of the date of injury, Cal. Code. Civ. P. §335.1, the statute of limitations for §§1981, 1983, and 1985 claims is two years. The limitations period for the state tort of malicious prosecution is also two years. See Stravropoulos v. Super. Ct., 141 Cal. App. 4th 190, 197 (2006).

The accrual date for a plaintiff's federal claims is not the date of injury, but rather the date when he or she knew or had reason to know of the injury which is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, the "discovery rule" tolls the statute of limitations until the plaintiff is on inquiry notice of his or her injury. Cal. Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir. 1995). However, California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery rule exception. Id. at 1407.

Regarding Lopes' §§1981, 1983, 1985, and malicious prosecution claims, defendants argue that the limitations period could not have begun any later than October 12, 2005, the date the criminal charges against Lopes were dismissed. Since the present action was filed on November 2, 2007, defendants assert that Lopes' claims are time-barred.

In opposition, Lopes contends that the limitations period should be tolled because he

did not learn of the injury until July 2007, when Officer Wren testified in the negligence suit. Lopes asserts that it was at that point that he learned of a conspiracy between Officer Wren, the bicycle race organizers, and the race participants. Lopes therefore maintains that the limitations period should be tolled since he did not know of, and could not have known of, the alleged injury until July 2007.

The court finds that Lopes' claims against defendants are time-barred. Since all of Lopes' allegations are based on the events that led to the filing of the criminal proceedings against him, the alleged injury could not have occurred any later than October 12, 2005. Accordingly, the claims in the present action, which was filed on November 7, 2007, are barred by the two-year statute of limitations unless the period is tolled under the discovery rule.

Lopes has failed, however, to allege facts establishing the applicability of the discovery rule exception. In his opposition, Lopes states:

> When Defendant Wren took the stand in 2007 as a witness for the Defendants in a civil claim it was then that the depravation [sic] occurred. That's when Plaintiff found out no Miranda warning was given to him by the NPD; also Defendants Sage, Brockie, Buffetti and others had been given the task to perform an investigation and turn it over to the NPD and Defendant Wren.

Pl.'s Opp'n p. 15.

Lopes further states:

> The depravation [sic] the Defendants caused the Plaintiff began when officer Wren testified in 2007 the Plaintiff was not given the Miranda rule. Also, the officer testified the Plaintiff was a suspect that day, and there was no investigation as alleged in the police report. The statutes [sic] of limitations began July of 2007 when the officer opened his mouth and couldn't remember the lie he wrote in the police report dated June 2004.

Pl.'s Opp'n p. 18. [citations omitted].

At the hearing, Lopes again argued that the conspiratorial investigation "wasn't brought to anyone's attention until 2007." Transcript of Oral Argument at 6, Lopes v. Fremont Freewheelers, No. C 07-6312 PJH (Unofficial Transcript of Hearing July 9, 2008). He further argued that in 2007 he learned "that the investigation was conducted under the auspices of the cyclist and not [Officer Wren]." Id. The court construes Lopes' comments

6

at the hearing and in his opposition as an attempt to invoke the discovery rule exception to the statute of limitations.

However, Lopes' discovery rule arguments are contradicted by his statements in the first federal suit. In the June 6, 2006 complaint from the first federal suit, Lopes stated that "[he] now know[s] according to the officers testimony at trial there was no investigation and he relied on third party information to draw his conclusion." Complaint at 2, Lopes v. Wren, 2006 WL 3707886 (N.D. Cal. Dec. 14, 2006) (No. C 06-03705 CRB). This statement directly contradicts his current contention that he did not learn of the alleged conspiratorial investigation until 2007.

Moreover, Lopes has failed to show why he was not put on inquiry notice of the alleged conspiratorial investigation at the time, or shortly after the time, the alleged conspiracy actually took place. Lopes was the subject of a police investigation involving a collision at a bicycle race. The investigation was conducted, at least in part, by Officer Wren and the Newark Police Department. Lopes could not have been unaware of the fact that members of the Newark Police Department would be gathering information from the race participants and the race organizers. Plaintiff thus had "reason to at least suspect" that this investigation had injured him. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008) (citing V.C. v. Los Angeles Unified Sch. Dist., 139 Cal. App. 4th 499, 516 (2006) (noting that under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period).

Lopes has failed to show why he did not have reason to suspect that his rights had been violated by a conspiratorial investigation. See Cal. Sansome Co., 55 F.3d at 1407. Accordingly, the discovery rule does not apply, and the statute of limitations bars Lopes' §§1981, 1983, 1985 and malicious prosecution claims against Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch, Nolan, USA Cycling, and Buffetti.

To the extent that Lopes also raises civil claims alleging that USA Cycling, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan violated 42 U.S.C §2000b -2000d of Title VI and

committed an assault and battery, such claims are also time-barred. While Nolan is the only defendant that directly addresses these claims, Lopes is clearly precluded from bringing these causes of action because Title VI and assault and battery claims are also governed by a two-year statute of limitations.

Claims brought under Title VI are governed by the same state limitations period applicable to claims brought under §1983. Taylor, 993 F.2d at 712 (9th Cir. 1993). As stated above, §1983 claims are subject to the forum state's personal injury limitations period. Id. at 711. Thus, a plaintiff alleging a Title VI claim must bring suit within two years of the date of injury. The limitations period for the tort of assault and battery is also two years. See Pugliese v. Super. Ct., 146 Cal. App. 4th 1444, 1450 (2007).

The incident giving rise to Lopes' Title VI and assault and battery claims occurred on June 12, 2004, when he was involved in the collision at Technology Park. This was the date that he knew or had reason to know of the injury that was the basis of the present action. See TwoRivers, 174 F.3d at 991. The present action was filed on November 7, 2007, well after the two-year statute of limitations had run on his Title VI and assault and battery claims. Thus, Lopes is barred from pursuing these claims against USA Cycling, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan.

To the extent that Lopes argues his Title VI claim is based on discriminatory conduct in connection with the criminal investigation and/or criminal trial, the statute of limitations would have begun to run, at the latest, on the date his criminal case was dismissed; on October 12, 2005. Thus, Lopes' Title VI claim is still time-barred because he filed this action after the requisite two-year period. As mentioned above, Lopes' discovery rule arguments do not provide a basis for application of that exception.

2.      Whether Lopes can state a claim under "§242"

Lopes alleges that USA Cycling, Fremont Freewheelers, Wilson, O'Hara, Brockie, Sage, Birch, and Nolan violated California Penal Code §242 when he states in his FAC that he seeks to have these defendants "charged with §242." California Penal Code §242 defines the elements of a criminal battery. A private right of action under a criminal statute

8

has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U .S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

The court has reviewed California Penal Code §242 and there is no indication that civil enforcement of this statute is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Nor is it the court's responsibility to "charge" people with crimes or to direct charging by local prosecutors. Accordingly, Lopes cannot "seek to have the individuals charged with '§242'" of the California Penal Code in this law suit. Lopes is permitted to bring a civil claim for the tort of battery, and, in fact, he has done so in his eighth cause of action. However, as noted above, any civil claim for battery alleged against defendants is time-barred. Accordingly, this claim must be dismissed.

3.     Whether Lopes can state a RICO claim

Lopes alleges that Fremont Freewheelers, Sage, Birch, Wilson, O'Hara, and Buffetti violated, 18 U.S.C. §1962(d), by "committing fraud by utilizing email to defraud the insurance company, [and] corruptly influencing and attempting to corruptly influence the outcome of a state court preceding." FAC at 2, 5. In response, defendants claim Lopes has failed to state a claim.

In general, RICO makes it unlawful to conduct an enterprise's affairs or obtain benefits through a pattern of "racketeering activity," which is defined as behavior that violates specific federal statutes or state laws that address specified topics and bear specified penalties. Rotella v. Wood, 528 U.S. 549, 552 (2000). Section 1961 sets forth the specific "predicate acts" that may constitute "racketeering activity" for a RICO violation. 18 U.S.C. §1961(1).

The Act includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit. Rotella, 528 U.S. at 552 (quoting 18 U.S.C. §1964(c)). Thus, in order to state a claim

1  under RICO, a plaintiff must allege facts that establish a pattern of racketeering activity
2  based on a minimum of two predicate acts, a criminal enterprise in which the defendants
3  participated, and a causal relationship between the predicate acts and the harm suffered by
4  the plaintiff. See 18 U.S.C. §§1961-68, 2314, 2315; Sedima, S.P.R.L. v. Imrex Co., 473
5  U.S. 479, 496-97 (1985). The compensable harm that must be alleged is "the harm caused
6  by predicate acts sufficiently related to constitute a pattern." Sedima, 473 U.S. at 497. The
7  plaintiff must allege injury to his property or injury to a business or property interest of legal
8  value to plaintiff under state law. Diaz v. Gates, 420 F.3d 897, 899 (9th Cir. 2005).

9  Here, Lopes' allegation that certain defendants influenced a state court proceeding
10 does not constitute "racketeering activity" under RICO. The "influencing" allegation
11 appears to be a reference to a conspiracy between the bicycle race organizers and the
12 race participants to induce the filing of criminal charges against Lopes. This type of alleged
13 conduct simply does not comprise a predicate act under §1961 of RICO. See 18 U.S.C.
14 §1961(1). Thus, Lopes cannot base his RICO claim on allegations of "influencing a state
15 court proceeding."

16 With respect to his claim of "utilizing email to defraud an insurance company," the
17 court construes his claim as an allegation that the above-mentioned defendants committed
18 wire fraud. Lopes contends that defendants illegally induced an insurance company, by
19 email, to pay the medical expenses incurred by certain cyclists that were injured when they
20 collided with him at the bike race.

21 A "pattern" of racketeering activity requires "at least two acts of racketeering activity."
22 18 U.S.C. §1961(5). Predicate acts extending over a few weeks or months and threatening
23 no future criminal activity do not demonstrate a pattern of racketeering activity. River City
24 Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir. 1992) (citing H.J.,
25 Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)); see also Turner v. Cook, 362
26 F.3d 1219, 1229 (9th Cir. 2004). While wire fraud is a cognizable RICO predicate, see 18
27 U.S.C. §1961(1), Lopes alleges no additional predicate act. Moreover, to constitute a
28 "pattern," a defendant's conduct must be both related and continuous. H.J., Inc., 492 U.S.

at 239. Lopes alleges neither "a series of related predicates" nor "past conduct that . . . projects into the future with a threat of repetition." Id. at 241-42. Accordingly, Lopes has failed to allege the pattern necessary to state a RICO claim.

The RICO claim also fails because Lopes has not alleged facts demonstrating that he suffered from harm compensable under RICO. Lopes asserts that the alleged RICO violations caused him to suffer from Post Traumatic Stress Disorder, disfigurement, and emotional distress. To allege a RICO violation, a plaintiff must allege injury to his property or injury to a business or property interest of legal value under state law. Diaz 420 F.3d at 899. Personal injuries are not compensable under RICO. Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001). Here, Lopes has alleged no injury to a business or property interest. Thus, his alleged harm is not compensable under RICO.

Because the FAC does not allege facts sufficient to state a claim under RICO, the RICO causes of action must be dismissed. See Howard v. America Online, Inc., 208 F.3d 741, 751 (9th Cir. 2000).

## CONCLUSION

In accordance with the foregoing, the court GRANTS defendants' motions to dismiss. The court finds that Lopes' claims suffer from multiple defects that cannot be cured by amendment. Accordingly, Lopes' claims are dismissed with prejudice.[2]

**IT IS SO ORDERED.**

Dated: August 7, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Because the court finds that Lopes has failed to state a claim against the moving defendants, the court does not reach defendants Fremont Freewheelers' and Jason Sage's res judicata argument and defendants USA Cycling's, Fremont Freewheelers', Timothy O'Hara's, Richard Brockie's, and Sally Wilson's improper service arguments.

11