UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES,

    Plaintiff,

    v.

FREMONT FREEWHEELERS, et al.,

    Defendants.

_____/

No. C 07-6213 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

The motions of defendants Joseph Dale Wren, Jim Davis, and the Newark Police Department ("the Newark defendants"), and defendants Lisa Faria, Shara Mesic Beltrano, and Stacey Pettigrew ("the Prosecutors" – all employed by the office of the Alameda County District Attorney) to dismiss the claims asserted against them came on for hearing before this court on July 9, 2008. Plaintiff Cornelius Lopes appeared in propria persona; the Newark defendants appeared by their counsel Corel Ruke; and the Prosecutors appeared by their counsel Jasper Rasmussen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions.

**BACKGROUND**

A.    Factual Background[1]

At approximately 8:20 a.m. on June 12, 2004, Newark Police Officer Joseph Wren ("Officer Wren") was dispatched to investigate an accident involving a pedestrian and a bicyclist in Newark, California. When Officer Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race. Officer Wren noticed that plaintiff had a mangled face and was sitting on the curb. Plaintiff told Officer Wren that he was confused

---

[1] Portions of this section are based on the order granting summary judgment in Lopes v. Wren, C 06-3705 CRB (N.D. Cal. June 25, 2007).

about what had happened, but confirmed that he had been running in the roadway in the opposite direction of the bicycle racers. Plaintiff made no other statements to Officer Wren and was eventually transported by ambulance to Washington Hospital. Officer Wren spoke to various witnesses at the scene, and the next day he spoke with plaintiff.

On June 14, 2004, Officer Wren prepared a police report and concluded that the report should be sent to the Alameda County District Attorney ("ACDA") for review. After additional investigation, Assistant District Attorney Lisa Faria ("Faria") asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" to accompany the District Attorney's criminal complaint for an arrest warrant against plaintiff. On July 16, 2004, a criminal complaint and arrest warrant were issued charging plaintiff with misdemeanor battery arising from the June 12, 2004 collision.

B.     Procedural Background

On October 12, 2005, following a mistrial, the Alameda County Superior Court dismissed the criminal case brought against plaintiff.

On March 16, 2006, plaintiff filed a civil action ("the negligence suit") in Alameda County Superior Court against, among others, the race organizers and participants. The jury found in favor of plaintiff. On July 24, 2007, the court entered judgment on the verdict and awarded plaintiff $72,750.

On June 9, 2006, plaintiff filed suit in the Northern District of California (Lopes v. Wren, C-06-3705 CRB – "the first federal suit") against, among others, two of the present Newark defendants (Officer Wren and the Newark Police Department), and two of the present Prosecutors (Lisa Faria and Shara Mesic Beltrano). The first federal suit did not name the third Newark defendant (Jim Davis) or the third Prosecutor defendant (Stacy Pettigrew).

On December 14, 2006, the claim against Faria was dismissed for failure to state a claim, and the claim against Shara Mesic Beltrano ("Beltrano"),[2] for allegedly withholding exculpatory evidence, was dismissed based on absolute prosecutorial immunity.

---

[2] In the first federal suit, the court referred to Shara Mesic Beltrano as Shara Mesic.

2

On June 25, 2007, the court granted summary judgment in favor of the Newark Police Department ("NPD") and Officer Wren.

On November 2, 2007, plaintiff filed the present action in Alameda County Superior Court against, among others, the Newark defendants and the Prosecutors. The present action was removed to the Northern District of California on December 7, 2007.

The first amended complaint ("FAC") alleges 18 causes of action against 31 defendants including the six movants on this motion. Plaintiff alleges claims under 42 U.S.C. § 1981, for deprivation of civil rights; claims under 42 U.S.C. § 1983, for violation of his First, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights; claims under 42 U.S.C. § 1985, for conspiracy to interfere with civil rights; claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d); claims under California Penal Code §§ 241 and 242; and various state law claims including negligence, premises liability, and malicious prosecution.

The Newark defendants and the Prosecutors filed motions to dismiss all the claims alleged against them pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). The relevant causes of action alleged against these defendants are as follows:

Fifth Cause of Action:  claims under California Penal Code ("CPC") § 242 and 42 U.S.C. § 1983, alleged against Davis.

Eighth Cause of Action:  claims under 42 U.S.C. § 1985 (1), (2), (3) and CPC § 242 alleged against Davis.

Ninth Cause of Action:  claim under 42 U.S.C. § 1985 (3), alleged against Officer Wren.

Eleventh Cause of Action:  claim under 42 U.S.C. § 1983, alleged against the NPD and Officer Wren.

Twelfth Cause of Action:  claims under CPC § 242; 42 U.S.C. § 1985 (3); 42 U.S.C. § 1981; and 42 U.S.C. § 1983 alleged against Davis.

Thirteenth Cause of Action:  claim under 42 U.S.C § 1983, alleged against the NPD, Officer Wren, and the ACDA's office.

Fourteenth Cause of Action:  claim under 42 U.S.C. § 1983, alleged against the ACDA.

Fifteenth Cause of Action:  claim under 42 U.S.C. § 1983, alleged against the ACDA.

3

1  Seventeenth Cause of Action: tort claim of malicious prosecution, and claim under CPC § 242, alleged against Faria, Beltrano and Pettigrew.

Eighteenth Cause of Action: tort claim of malicious prosecution alleged against Davis and Officer Wren.

Defendants argue that the FAC fails to state a claim because the claims are barred by the applicable statutes of limitations and by the doctrine of res judicata.

**DISCUSSION**

A.   Legal Standard

In evaluating a motion to dismiss pursuant to FRCP 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

   1.   Whether the claims are time-barred

The Newark defendants and the Prosecutors contend that all claims against them are barred by a two-year statute of limitations. To determine the proper statute of limitations for actions brought under 28 U.S.C. §§ 1981, 1983 and 1985, the court looks to the statute of limitations for personal injury actions in the forum state. See Taylor v. Regents of U. of Cal., 993 F.2d 710, 711 (9th Cir. 1993). Because California law provides that a personal injury plaintiff must bring suit within two years of the date of injury, Cal. Code. Civ. P. § 335.1, the statute of limitations for §§ 1981, 1983 and 1985 claims is two years. The limitations period for the state tort of malicious prosecution is also two years. See Stravropoulos v. Super. Ct., 141 Cal. App. 4th 190, 197 (2006).

4

The accrual date for a plaintiff's federal claims is not necessarily the date of injury, but rather the date when he or she knew or had reason to know of the injury which is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, the "discovery rule" tolls the statute of limitations until the plaintiff is on inquiry notice of his or her injury. Cal. Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir. 1995). However, California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery rule exception. Id. at 1407.

The Newark defendants argue that the limitations period began on June 12, 2004, the date of the collision. The Prosecutors argue that the limitations period could not have begun any later than October 12, 2005, the date the criminal charges against plaintiff were dismissed. Both groups of defendants assert that all of plaintiff's claims are time-barred, as the present action was filed on November 2, 2007.

In opposition, plaintiff contends that the limitations period should be tolled because he did not learn of the injury until July 2007, when Officer Wren testified in the negligence suit. Plaintiff asserts that it was at this point that he learned of a conspiracy between Officer Wren, the bicycle race organizers, and the race participants. Plaintiff therefore maintains that the limitations period should be tolled since he did not know of, and could not have known of, the alleged injury until July 2007.

The court finds that plaintiff's claims against the Newark defendants and the Prosecutors are time-barred. Since all of plaintiff's allegations are based on the events that led to the filing fo the criminal proceedings against him, the alleged injury could not have occurred any later than October 12, 2005. Accordingly, the claims in the present action are barred by the two-year statute of limitations unless the period is tolled under the discovery rule.

Plaintiff has failed, however, to allege specific facts establishing the applicability of the discovery rule exception. Cal. Sansome Co., 55 F.3d at 1407. In his opposition, plaintiff states:

> When Defendant Wren took the stand in 2007 as a witness for the Defendants in a civil claim it was then that the depravation [sic] occurred.

5

> That's when Plaintiff found out no Miranda warning was given to him by the NPD; also Defendants Sage, Brockie, Buffetti and others had been given the task to perform an investigation and turn it over to the NPD and Defendant Wren.

Pl.'s Opp'n p. 15.

Lopes further states:

> The depravation [sic] the Defendants caused the Plaintiff began when officer Wren testified in 2007 the Plaintiff was not given the Miranda rule. Also, the officer testified the Plaintiff was a suspect that day, and there was no investigation as alleged in the police report. The statutes [sic] of limitations began July of 2007 when the officer opened his mouth and couldn't remember the lie he wrote in the police report dated June 2004.

Pl.'s Opp'n p. 18. [citations omitted].

At the hearing, plaintiff again argued that the conspiratorial investigation "wasn't brought to anyone's attention until 2007." Transcript of Oral Argument at 6, Lopes v. Fremont Freewheelers, No. C 07-6312 PJH (Unofficial Transcript of Hearing July 9, 2008). He further argued that in 2007 he learned "that the investigation was conducted under the auspices of the cyclist and not [Officer Wren]." Id. The court construes plaintiff's comments at the hearing and in his opposition as an attempt to invoke the discovery rule exception to the statute of limitations.

However, plaintiff's discovery rule arguments are contradicted by his statements in the first federal suit. In the first federal action, plaintiff alleged that "[he] now know[s] according to the officers [sic] testimony at trial there was no investigation and he relied on third party information to draw his conclusion." Complaint at 2, Lopes v. Wren, CRB, 2006 WL 3707886 (N.D. Cal. Dec. 14, 2006) (No. C 06-3705 CRB). This statement directly contradicts his current contention that he did not learn of the alleged conspiratorial investigation until 2007.

Moreover, plaintiff has failed to show why he was not put on inquiry notice of the alleged conspiratorial investigation at the time, or shortly after the time, the alleged conspiracy actually took place. Plaintiff was the subject of a police investigation involving a collision at a bicycle race. The investigation was conducted, at least in part, by Officer Wren and the NPD. Plaintiff could not have been unaware of the fact that members of the

6

NPD would be gathering information from the race participants and the race organizers. Plaintiff thus had "reason to at least suspect" that this investigation had injured him. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008) (citing V.C. v. Los Angeles Unified Sch. Dist., 139 Cal. App. 4th 499, 516 (2006) (noting that under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period).

Plaintiff has failed to show why he did not have reason to suspect that his rights had been violated by a conspiratorial investigation. See Cal. Sansome Co., 55 F.3d at 1407. Accordingly, the discovery rule does not apply, and the statute of limitations bars plaintiff's claims against the Newark defendants and the Prosecutors.

  2.  Whether plaintiff can state a claim under CPC § 242

Plaintiff alleges that Davis and the Prosecutors violated CPC § 242 when he states in his FAC that he seeks to have these defendants "charged with §242." CPC § 242 defines the elements of a criminal battery. Cal. Penal Code § 242. However, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

The court has reviewed the penal statute in question and there is no indication that civil enforcement of this criminal statute is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir.1984). Nor is it this court's responsibility to "charge" people with crimes or to direct such charging by local prosecutors. Accordingly, Lopes cannot "seek to have the individuals charged with §242" of the California Penal Code in this action.

Lopes is permitted to bring a civil claim for the tort of battery and has done so in his eighth cause of action. However, any civil claim for battery alleged against defendants is time-barred. See Pugliese v. Super. Ct., 146 Cal. App. 4th 1444, 1450 (2007) (limitations

1  period for the tort of assault and battery is two years).  Accordingly, this claim must be
2  dismissed.
3        3.      Whether the claims are barred by res judicata
4       The Newark defendants and the Prosecutors contend that plaintiff's claims, as to all
5  but two defendants, are also barred by res judicata.  The doctrine of res judicata, or claim
6  preclusion, "bars all grounds for recovery which could have been asserted, whether they
7  were or not, in a prior suit between the same parties . . . on the same cause of action."
8  McLain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986).  The doctrine is applicable
9  whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3)
10  identity or privity between the parties."  W. Radio Servs. Co. v. Glickman, 123 F.3d 1189,
11  1192 (9th Cir. 1997).
12       As to the first element, "the central criterion in determining whether there is an
13  identity of claims . . . is whether the two suits arise out of the same transactional nucleus of
14  facts."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).  As to
15  the second element, a judgment pursuant to a motion to dismiss for failure to state a claim
16  or for summary judgment is considered a final judgment on the merits.  Federated Dept.
17  Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state a claim is a
18  judgment on the merits); Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 988 (9th
19  Cir. 2005) (summary judgment dismissal is considered a decision on the merits).  Finally,
20  as to the third element, privity exists when a person is so identified in interest with another
21  that he represents the same legal right.  See Trujillo v. County of Santa Clara, 775 F.2d
22  1359, 1367 (9th Cir. 1985).
23       Both the Newark defendants and the Prosecutors contend that plaintiff's first federal
24  suit and this action arise out of the investigation and subsequent prosecution of the plaintiff
25  in connection with the bicycle collision, and that the judgments in the first federal suit –
26  summary judgment in favor of the Newark defendants and the grant of a motion to dismiss
27  in favor of the Prosecutors – constitute final judgments on the merits.  In addition, the
28  Newark defendants note that Officer Wren and the NPD were named defendants in the first

1  federal suit, and the Prosecutors note that Faria and Beltrano were also named defendants
2  in the first federal suit.  Accordingly, both sets of defendants assert that the three elements
3  of res judicata – identical claims, a final judgment on the merits, and identical parties –
4  have been satisfied as to all defendants except Davis and Pettigrew.

5        Plaintiff does not rebut the res judicata defense in his opposition, nor did he do so at
6  the hearing.

7        The court finds that all of plaintiff's claims against the Newark defendants and
8  Prosecutors, with the exception of those against Davis and Pettigrew, are barred by res
9  judicata.  The claims in both suits are identical for res judicata purposes because they
10  "arise out of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.  In the first
11  federal suit, plaintiff raised several claims arising out of the investigation of the bicycle
12  collision and the subsequent battery prosecution.  See Complaint, Lopes v. Wren, 2006 WL
13  3707886 (N.D. Cal. Dec. 14, 2006) (No. C 06-3705 CRB).  In this case, the claims arise out
14  of the same collision and subsequent prosecution.  Accordingly, the claims in this suit were
15  either brought, or could have been brought, in the first federal suit.  McLain, 793 F.2d at
16  1033 ("res judicata bars all grounds for recovery which could have been asserted, whether
17  they were or not, in a prior suit between the same parties . . . on the same cause of
18  action").

19        With regard to the second prong of res judicata, the claims against the Newark
20  defendants and the Prosecutors were disposed of pursuant to a final judgment on the
21  merits.  The claims against the Newark defendants were dismissed by way of a summary
22  judgment motion.  See Memorandum and Order, Lopes v. Wren, C-06-3705 CRB (N.D.
23  Cal. June 25, 2007).  The claims against the Prosecutors were dismissed by way of a
24  motion to dismiss for failure to state a claim.  See Lopes v. Wren, C-06-3705 CRB, 2006
25  WL 3707886, at *1 (N.D. Cal. Dec. 14, 2006).  These dismissals are considered final
26  judgments on the merits.  Federated Dept. Stores, 452 U.S. at 399 n.3 (regarding failure to
27  state a claim); Mpoyo, 430 F.3d at 988 (regarding summary judgment).  Finally, with regard
28  to the third prong of res judicata, there is identity between the defendants of the first federal

suit and those of this suit, with the exception of Davis and Pettigrew. Accordingly, res judicata bars all claims against every Newark defendant and Prosecutor except Davis and Pettigrew. However, as discussed above, the statute of limitations bars the claims against Davis and Pettigrew.

## CONCLUSION

In accordance with the foregoing, the court GRANTS the Newark defendants' and the Prosecutors' motions to dismiss. The court finds that plaintiff's claims suffer from multiple defects that cannot be cured by amendment. Accordingly, plaintiff's claims are dismissed with prejudice.[3]

**IT IS SO ORDERED.**

Dated: August 7, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[3] Because the court finds that plaintiff has failed to state a claim against the moving defendants, the court does not reach the Prosecutors' arguments under the California Tort Claims Act or under FRCP 12(e).

10