UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Cornelius Lopes

v.

Fremont freewheelers, et,al.

APPELLANT'S INFORMAL BRIEF

1. Jurisdiction

   Date of entry of judgment – August 7, 2008

   Date of service of any motion made after judgment – none

   Date of entry of order deciding motion – August 7, 2008

   Date notice of appeal filed – August 8, 2008 (Sunday was the 7th)

Plaintiff was unfairly deprived of liberty a constitutional provision and denied legal proceedings; deprived of equal protection of the laws, 42 U.S.C. ss1985 (3) and right to a fair trial.

Facts of case and all the claims in my case:

This case is about constitutional deprivations by state agents and state actors who violated the Plaintiff's Constitutional rights. On June 12, 2004 the Plaintiff was jogging in the City of Newark for 1-1/2 hours before he was struck by three cyclists head on. These cyclists became state actors when the Defendant, Newark Police officer Joseph Wren allowed the cyclists to perform an investigation as to how the accident happened. They were not an injured party but they had a financial responsibility in its outcome, should they be found liable. The cyclists are a non-profit organization known as the Fremont Freewheelers Bike Club and Race Team are Defendants in this claim. In 2007 Defendant Wren took the stand as a witness in a civil action I bought against the cyclist, at this time Plaintiff asserts deprivation began. At that time the Defendant stated, he did not Miranda the Plaintiff, also he allowed the cyclist to perform an investigation. This investigation was from June 12' 2004 to the 17th and on June 18, the bike promoter and spokesperson for the Fremont freewheelers Jason Sage turned over his investigation to Defendant Wren. Defendant Wren was off duty from June 14th through the 17th and returning to work on June 18' 2004 and received Defendants Sage and the Fremont Freewheelers ' investigation report. That same day on the 18th Defendant Wren wrote a report to the Alameda County District Attorney's Office asking that charges of a hate crime and two counts of 242 be charged against the Plaintiff then a defendant. There would be more investigative paperwork turned over the Newark Police Department and Defendant Joseph Dale Wren, they also would be turned over to the DA's Office.

IN 2007, depositions were taken by many defendants in this claim, at that time the Plaintiff found out more information which are outlined in the claims, the conspiracy the cyclist, insurance companies and others went to, too assure the Plaintiff would be found liable for the accident and sent to jail. Here, Plaintiff asserts depravation also began. Plaintiff did receive email traffic by subpoenaing these emails in 2005 and reviewed them for the first time in 2006. At which the cyclist outline their conspiracy push the DA to charge the jogger with various crimes.

Plaintiff 's address the endorsement of religion in the claim by the Defendants whose investigation injected the Plaintiff had used anti-Semitic viol language, they were going to , "teach him a lesson", this was in email traffic mentioned above. By the Defendants, the Newark Police Department, office Wren and the City of Newark for allowing a third party to pretext a criminal complaint and then send it on official city police letterhead and submit it to the courts as official documents . The Plaintiff asserts the Newark Police Department and Defendant Officer Joseph Dale Wren have run afoul the establishment Clause. The Unconstitutional endorsements of the use of religious symbolisms were within the context of the court documents and police report number 209109.

Plaintiff seeks to invalidate the States proceedings in the criminal action case number 209109 in the Fremont Superior Court in Alameda County. Plaintiff is challenging the way jurors are selected, the current scheme segregates by race which denies all citizens the right to equal privileges. It denied the Plaintiff his equal protection under the law in his criminal trial.

Plaintiff has malicious prosecution claims, there was no probable cause for the cyclist make up acts that did not occur, and the DA's had no probable cause to charge any crime especially a hate crime. As an enterprise the enterprise of cyclists, for purposes of illegally committing fraud utilized email to defraud an insurance company, corruptly influenced and corruptly influenced the outcome of a state court proceeding, for their acts there are racketeering claims.

What did I ask the District Court to do?

I asked where federal rights have been invaded by the Defendants the Court should grant necessary relief upon the demonstration the 2007 deprivation injury violated the Plaintiff's Due Process Rights of the Fourteenth Amendment. I wanted the Defendants charged with ss242 and make the Plaintiff whole by returning to him his freedom from bondage by having the Plaintiff's name in the Department of Justice records the Alameda County criminal records as one who was tried for a hate crime and two counts of battery. As is it shows the Plaintiff was tried, convicted for two counts of domestic spousal abuse.

Claims raised at the district court?

The Defendants illegally seized Plaintiffs identity and deprived him of equal protection.
The Defendants conspired as a group and violated 18U.S.C. ss1962 (d).
As agents acting under color of law, the Defendants pretext falsehoods in a criminal proceeding and the Plaintiff was forced to disprove them.
The Defendants published false information in court records and gave repeated it in 2007, through the characterization of the Plaintiff as anti-Semitic.
Invalidate the criminal proceeding and clear the Plaintiff's name from criminal records.
Establishment Clause, in the context the Defendants used religious symbols in Court documents and the police report.
The Defendants conspired while under color of law which deprived the Plaintiff of his Fourteenth Amendment Rights.
Plaintiff is challenging California's and the Alameda County jury selection process, the current scheme of selecting jurors deprived the Plaintiff of his Constitutionally guaranteed due process rights.
There were malicious prosecution claims against the Defendants.

Issues raising on appeal?

What constitutes a deprivation under the Due process Clause by requiring the government to follow appropriate procedures when its agents decide to deprive any person of life and liberty?
What process is due and when, is the fundamental right of due process. The timing requirement of due process is the opportunity must be made available before the deprivation occurs.
The intentional acts when deprivations are through conduct of a state employee of a protected interest results from some established state procedure rather from a state employee's random or unauthorized act.

Did I present all these issues to the district court?
Yes

What law supports these issues on appeal?
Parratt v. Taylor, 451 U.S. 527 1981
Husdon v. Palmer, 468 U.S. 517 1984
Daniel v. Williams, 474 U.S. 106 S.Ct 622 1886 p1008
Hurtado V. California 110 U.S. 516 1884
Murry's Lessee v. Hoboken Land Management Co. 18 How 59 U.S. 272, 1856
Logan v. Zimmerman Brush Co. 455 U.S. 422 1982

9/9/08
Cornelius J. Lopez



**FILED**

AUG 0 7 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES,

    Plaintiff,

    v.

FREMONT FREEWHEELERS, et al.,

    Defendants.

No. C 07-6213 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

The motions of defendants Joseph Dale Wren, Jim Davis, and the Newark Police Department ("the Newark defendants"), and defendants Lisa Faria, Shara Mesic Beltrano, and Stacey Pettigrew ("the Prosecutors" – all employed by the office of the Alameda County District Attorney) to dismiss the claims asserted against them came on for hearing before this court on July 9, 2008. Plaintiff Cornelius Lopes appeared in propria persona; the Newark defendants appeared by their counsel Corel Ruke; and the Prosecutors appeared by their counsel Jasper Rasmussen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions.

**BACKGROUND**

A.  Factual Background[1]

At approximately 8:20 a.m. on June 12, 2004, Newark Police Officer Joseph Wren ("Officer Wren") was dispatched to investigate an accident involving a pedestrian and a bicyclist in Newark, California. When Officer Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race. Officer Wren noticed that plaintiff had a mangled face and was sitting on the curb. Plaintiff told Officer Wren that he was confused

---

[1] Portions of this section are based on the order granting summary judgment in Lopes v. Wren, C 06-3705 CRB (N.D. Cal. June 25, 2007).

1 about what had happened, but confirmed that he had been running in the roadway in the
2 opposite direction of the bicycle racers. Plaintiff made no other statements to Officer Wren
3 and was eventually transported by ambulance to Washington Hospital. Officer Wren
4 spoke to various witnesses at the scene, and the next day he spoke with plaintiff.

On June 14, 2004, Officer Wren prepared a police report and concluded that the report should be sent to the Alameda County District Attorney ("ACDA") for review. After additional investigation, Assistant District Attorney Lisa Faria ("Faria") asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" to accompany the District Attorney's criminal complaint for an arrest warrant against plaintiff. On July 16, 2004, a criminal complaint and arrest warrant were issued charging plaintiff with misdemeanor battery arising from the June 12, 2004 collision.

B.     Procedural Background

On October 12, 2005, following a mistrial, the Alameda County Superior Court dismissed the criminal case brought against plaintiff.

On March 16, 2006, plaintiff filed a civil action ("the negligence suit") in Alameda County Superior Court against, among others, the race organizers and participants. The jury found in favor of plaintiff. On July 24, 2007, the court entered judgment on the verdict and awarded plaintiff $72,750.

On June 9, 2006, plaintiff filed suit in the Northern District of California (Lopes v. Wren, C-06-3705 CRB – "the first federal suit") against, among others, two of the present Newark defendants (Officer Wren and the Newark Police Department), and two of the present Prosecutors (Lisa Faria and Shara Mesic Beltrano). The first federal suit did not name the third Newark defendant (Jim Davis) or the third Prosecutor defendant (Stacy Pettigrew).

On December 14, 2006, the claim against Faria was dismissed for failure to state a claim, and the claim against Shara Mesic Beltrano ("Beltrano"),[2] for allegedly withholding exculpatory evidence, was dismissed based on absolute prosecutorial immunity.

---

[2] In the first federal suit, the court referred to Shara Mesic Beltrano as Shara Mesic.

2

On June 25, 2007, the court granted summary judgment in favor of the Newark Police Department ("NPD") and Officer Wren.

On November 2, 2007, plaintiff filed the present action in Alameda County Superior Court against, among others, the Newark defendants and the Prosecutors. The present action was removed to the Northern District of California on December 7, 2007.

The first amended complaint ("FAC") alleges 18 causes of action against 31 defendants including the six movants on this motion. Plaintiff alleges claims under 42 U.S.C. § 1981, for deprivation of civil rights; claims under 42 U.S.C. § 1983, for violation of his First, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights; claims under 42 U.S.C. § 1985, for conspiracy to interfere with civil rights; claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d); claims under California Penal Code §§ 241 and 242; and various state law claims including negligence, premises liability, and malicious prosecution.

The Newark defendants and the Prosecutors filed motions to dismiss all the claims alleged against them pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). The relevant causes of action alleged against these defendants are as follows:

Fifth Cause of Action: claims under California Penal Code ("CPC") § 242 and 42 U.S.C. § 1983, alleged against Davis.

Eighth Cause of Action: claims under 42 U.S.C. § 1985 (1), (2), (3) and CPC § 242 alleged against Davis.

Ninth Cause of Action: claim under 42 U.S.C. § 1985 (3), alleged against Officer Wren.

Eleventh Cause of Action: claim under 42 U.S.C. § 1983, alleged against the NPD and Officer Wren.

Twelfth Cause of Action: claims under CPC § 242; 42 U.S.C. § 1985 (3); 42 U.S.C. § 1981; and 42 U.S.C. § 1983 alleged against Davis.

Thirteenth Cause of Action: claim under 42 U.S.C § 1983, alleged against the NPD, Officer Wren, and the ACDA's office.

Fourteenth Cause of Action: claim under 42 U.S.C. § 1983, alleged against the ACDA.

Fifteenth Cause of Action: claim under 42 U.S.C. § 1983, alleged against the

3

1  ACDA.

2  Seventeenth Cause of Action: tort claim of malicious prosecution, and claim under CPC § 242, alleged against Faria, Beltrano and Pettigrew.

3  Eighteenth Cause of Action: tort claim of malicious prosecution alleged against Davis and Officer Wren.

Defendants argue that the FAC fails to state a claim because the claims are barred by the applicable statutes of limitations and by the doctrine of res judicata.

## DISCUSSION

A.  Legal Standard

In evaluating a motion to dismiss pursuant to FRCP 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

  1.  Whether the claims are time-barred

The Newark defendants and the Prosecutors contend that all claims against them are barred by a two-year statute of limitations. To determine the proper statute of limitations for actions brought under 28 U.S.C. §§ 1981, 1983 and 1985, the court looks to the statute of limitations for personal injury actions in the forum state. See Taylor v. Regents of U. of Cal., 993 F.2d 710, 711 (9th Cir. 1993). Because California law provides that a personal injury plaintiff must bring suit within two years of the date of injury, Cal. Code. Civ. P. § 335.1, the statute of limitations for §§ 1981, 1983 and 1985 claims is two years. The limitations period for the state tort of malicious prosecution is also two years.

4

1  See Stravropoulos v. Super. Ct., 141 Cal. App. 4th 190, 197 (2006).

2  The accrual date for a plaintiff's federal claims is not necessarily the date of injury, but rather the date when he or she knew or had reason to know of the injury which is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, the "discovery rule" tolls the statute of limitations until the plaintiff is on inquiry notice of his or her injury. Cal. Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir. 1995). However, California law makes clear that a plaintiff must allege specific facts establishing the applicability of the discovery rule exception. Id. at 1407.

The Newark defendants argue that the limitations period began on June 12, 2004, the date of the collision. The Prosecutors argue that the limitations period could not have begun any later than October 12, 2005, the date the criminal charges against plaintiff were dismissed. Both groups of defendants assert that all of plaintiff's claims are time-barred, as the present action was filed on November 2, 2007.

In opposition, plaintiff contends that the limitations period should be tolled because he did not learn of the injury until July 2007, when Officer Wren testified in the negligence suit. Plaintiff asserts that it was at this point that he learned of a conspiracy between Officer Wren, the bicycle race organizers, and the race participants. Plaintiff therefore maintains that the limitations period should be tolled since he did not know of, and could not have known of, the alleged injury until July 2007.

The court finds that plaintiff's claims against the Newark defendants and the Prosecutors are time-barred. Since all of plaintiff's allegations are based on the events that led to the filing fo the criminal proceedings against him, the alleged injury could not have occurred any later than October 12, 2005. Accordingly, the claims in the present action are barred by the two-year statute of limitations unless the period is tolled under the discovery rule.

Plaintiff has failed, however, to allege specific facts establishing the applicability of the discovery rule exception. Cal. Sansome Co., 55 F.3d at 1407. In his opposition, plaintiff states:

5

> When Defendant Wren took the stand in 2007 as a witness for the Defendants in a civil claim it was then that the depravation [sic] occurred. That's when Plaintiff found out no Miranda warning was given to him by the NPD; also Defendants Sage, Brockie, Buffetti and others had been given the task to perform an investigation and turn it over to the NPD and Defendant Wren.

Pl.'s Opp'n p. 15.

> Lopes further states:
>
> The depravation [sic] the Defendants caused the Plaintiff began when officer Wren testified in 2007 the Plaintiff was not given the Miranda rule. Also, the officer testified the Plaintiff was a suspect that day, and there was no investigation as alleged in the police report. The statutes [sic] of limitations began July of 2007 when the officer opened his mouth and couldn't remember the lie he wrote in the police report dated June 2004.

Pl.'s Opp'n p. 18. [citations omitted].

At the hearing, plaintiff again argued that the conspiratorial investigation "wasn't brought to anyone's attention until 2007." Transcript of Oral Argument at 6, Lopes v. Fremont Freewheelers, No. C 07-6312 PJH (Unofficial Transcript of Hearing July 9, 2008). He further argued that in 2007 he learned "that the investigation was conducted under the auspices of the cyclist and not [Officer Wren]." Id. The court construes plaintiff's comments at the hearing and in his opposition as an attempt to invoke the discovery rule exception to the statute of limitations.

However, plaintiff's discovery rule arguments are contradicted by his statements in the first federal suit. In the first federal action, plaintiff alleged that "[he] now know[s] according to the officers [sic] testimony at trial there was no investigation and he relied on third party information to draw his conclusion." Complaint at 2, Lopes v. Wren, CRB, 2006 WL 3707886 (N.D. Cal. Dec. 14, 2006) (No. C 06-3705 CRB). This statement directly contradicts his current contention that he did not learn of the alleged conspiratorial investigation until 2007.

Moreover, plaintiff has failed to show why he was not put on inquiry notice of the alleged conspiratorial investigation at the time, or shortly after the time, the alleged conspiracy actually took place. Plaintiff was the subject of a police investigation involving a collision at a bicycle race. The investigation was conducted, at least in part, by Officer

6

Wren and the NPD. Plaintiff could not have been unaware of the fact that members of the NPD would be gathering information from the race participants and the race organizers. Plaintiff thus had "reason to at least suspect" that this investigation had injured him. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008) (citing V.C. v. Los Angeles Unified Sch. Dist., 139 Cal. App. 4th 499, 516 (2006) (noting that under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period).

Plaintiff has failed to show why he did not have reason to suspect that his rights had been violated by a conspiratorial investigation. See Cal. Sansome Co., 55 F.3d at 1407. Accordingly, the discovery rule does not apply, and the statute of limitations bars plaintiff's claims against the Newark defendants and the Prosecutors.

    2.  Whether plaintiff can state a claim under CPC § 242

Plaintiff alleges that Davis and the Prosecutors violated CPC § 242 when he states in his FAC that he seeks to have these defendants "charged with §242." CPC § 242 defines the elements of a criminal battery. Cal. Penal Code § 242. However, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

The court has reviewed the penal statute in question and there is no indication that civil enforcement of this criminal statute is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir.1984). Nor is it this court's responsibility to "charge" people with crimes or to direct such charging by local prosecutors. Accordingly, Lopes cannot "seek to have the individuals charged with §242" of the California Penal Code in this action.

Lopes is permitted to bring a civil claim for the tort of battery and has done so in his eighth cause of action. However, any civil claim for battery alleged against defendants is

7

time-barred. See Pugliese v. Super. Ct., 146 Cal. App. 4th 1444, 1450 (2007) (limitations period for the tort of assault and battery is two years). Accordingly, this claim must be dismissed.

       3.     Whether the claims are barred by res judicata

The Newark defendants and the Prosecutors contend that plaintiff's claims, as to all but two defendants, are also barred by res judicata. The doctrine of res judicata, or claim preclusion, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." McLain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).

As to the first element, "the central criterion in determining whether there is an identity of claims . . . is whether the two suits arise out of the same transactional nucleus of facts." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001). As to the second element, a judgment pursuant to a motion to dismiss for failure to state a claim or for summary judgment is considered a final judgment on the merits. Federated Dept. Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state a claim is a judgment on the merits); Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 988 (9th Cir. 2005) (summary judgment dismissal is considered a decision on the merits). Finally, as to the third element, privity exists when a person is so identified in interest with another that he represents the same legal right. See Trujillo v. County of Santa Clara, 775 F.2d 1359, 1367 (9th Cir. 1985).

Both the Newark defendants and the Prosecutors contend that plaintiff's first federal suit and this action arise out of the investigation and subsequent prosecution of the plaintiff in connection with the bicycle collision, and that the judgments in the first federal suit – summary judgment in favor of the Newark defendants and the grant of a motion to dismiss in favor of the Prosecutors – constitute final judgments on the merits. In addition, the

1 | Newark defendants note that Officer Wren and the NPD were named defendants in the
2 | first federal suit, and the Prosecutors note that Faria and Beltrano were also named
3 | defendants in the first federal suit. Accordingly, both sets of defendants assert that the
4 | three elements of res judicata – identical claims, a final judgment on the merits, and
5 | identical parties – have been satisfied as to all defendants except Davis and Pettigrew.

6 | Plaintiff does not rebut the res judicata defense in his opposition, nor did he do so at
7 | the hearing.

8 | The court finds that all of plaintiff's claims against the Newark defendants and
9 | Prosecutors, with the exception of those against Davis and Pettigrew, are barred by res
10 | judicata. The claims in both suits are identical for res judicata purposes because they
11 | "arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714. In the first
12 | federal suit, plaintiff raised several claims arising out of the investigation of the bicycle
13 | collision and the subsequent battery prosecution. See Complaint, Lopes v. Wren, 2006
14 | WL 3707886 (N.D. Cal. Dec. 14, 2006) (No. C 06-3705 CRB). In this case, the claims
15 | arise out of the same collision and subsequent prosecution. Accordingly, the claims in this
16 | suit were either brought, or could have been brought, in the first federal suit. McLain, 793
17 | F.2d at 1033 ("res judicata bars all grounds for recovery which could have been asserted,
18 | whether they were or not, in a prior suit between the same parties . . . on the same cause
19 | of action").

20 | With regard to the second prong of res judicata, the claims against the Newark
21 | defendants and the Prosecutors were disposed of pursuant to a final judgment on the
22 | merits. The claims against the Newark defendants were dismissed by way of a summary
23 | judgment motion. See Memorandum and Order, Lopes v. Wren, C-06-3705 CRB (N.D.
24 | Cal. June 25, 2007). The claims against the Prosecutors were dismissed by way of a
25 | motion to dismiss for failure to state a claim. See Lopes v. Wren, C-06-3705 CRB, 2006
26 | WL 3707886, at *1 (N.D. Cal. Dec. 14, 2006). These dismissals are considered final
27 | judgments on the merits. Federated Dept. Stores, 452 U.S. at 399 n.3 (regarding failure to
28 | state a claim); Mpoyo, 430 F.3d at 988 (regarding summary judgment). Finally, with regard

9

to the third prong of res judicata, there is identity between the defendants of the first federal suit and those of this suit, with the exception of Davis and Pettigrew. Accordingly, res judicata bars all claims against every Newark defendant and Prosecutor except Davis and Pettigrew. However, as discussed above, the statute of limitations bars the claims against Davis and Pettigrew.

## CONCLUSION

In accordance with the foregoing, the court GRANTS the Newark defendants' and the Prosecutors' motions to dismiss. The court finds that plaintiff's claims suffer from multiple defects that cannot be cured by amendment. Accordingly, plaintiff's claims are dismissed with prejudice.[3]

**IT IS SO ORDERED.**

Dated: August 7, 2008

PHYLLIS J. HAMILTON
United States District Judge

---

[3] Because the court finds that plaintiff has failed to state a claim against the moving defendants, the court does not reach the Prosecutors' arguments under the California Tort Claims Act or under FRCP 12(e).

10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CORNEALIUS LOPES,

    Plaintiff,

v.

FREMONT FREEWHEELERS et al,

    Defendant.

Case Number: CV07-06213 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cornelius Lopes
6251 Quartz Place
Newark, CA 94560

Dated: August 8, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

**FILED**
AUG 0 7 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS LOPES

    Plaintiff,

v.

FREMONT FREEWHEELERS, et al.,

    Defendants.

No. C 07-6213 PJH

**JUDGMENT**

This matter having been fully heard, and the court having granted the motions to dismiss of defendants CB Richard Ellis (sued as C.B. Ellison); Fremont Freewheelers; USA Cycling; Richard Brockie; Gary Birch; Sally Wilson; Jason Sage; Tim O'Hara; Joseph Dale Wren; Larry Nolan; Linda Buffetti; Newark Police Department; Jim Davis; Deputy District Attorney Shara Mesic; Deputy District Attorney Lisa Faria; and Deputy District Attorney D.A. Petagrew;

and the court having dismissed defendants K&K Insurance; Northern California and Nevada Cycling Association (NCNCA); Robert Parker; Lawrence Upthegrove; Lloyd Rath; Jeff Wrong [or Wong]; Bryan [or Byron] Sheppard; Steve Grusis; Larry Rosa; Joe Baughman; Peter Allen; Fremont Freewheelers Race Team; FFBC Race Team; Alameda County District Attorney (as distinct from the defendant Deputy District Attorneys); and Casey Carrington for lack of proper service,

It is Ordered and Adjudged

that plaintiff Cornelius Lopes take nothing, and that the action be dismissed.

Dated: August 7, 2008

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CORNEALIUS LOPES,

    Plaintiff,

v.

FREMONT FREEWHEELERS et al,

    Defendant.

Case Number: CV07-06213 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cornelius Lopes
6251 Quartz Place
Newark, CA 94560

Dated: August 8, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk